UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL PARGA, RICHARD FELTZ, TARA O'DONLEY, and CHRISTOPHER WOOD, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 18-CV-0298-CVE-JFJ |
| BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF TULSA; VIC REGALADO, Tulsa County Sheriff, in his official capacity; TERRY H. BITTING, TAMMY BRUCE, MARTHA RUPP CARTER, STEPHEN R. CLARK, THERESA DREILING, OWEN EVENS, JAMES W. KEELEY, DEBORAH LUDI LEITCH, J. ANTHONY MILLER, DAWN MOODY, MILLIE OTEY, KIRSTEN PACE, APRIL SEIBERT, CLIFFORD SMITH, and SARAH SMITH, in their capacities as Tulsa County Special Judges; and WILLIAM MUSSEMAN, in his capacity as Tulsa County District Court Judge, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Now before the Court is the motion (Dkt. # 55) to stay proceedings until the end of the current legislative session or until Senate Bill 252 is signed into law, whichever occurs first, filed by defendants Tulsa County District Judge William Musseman and Tulsa County Special Judges Terry H. Bitting, Tammy Bruce, Owen Evens, James W. Keeley, J. Anthony Miller, Dawn Moody, Kirsten Pace, April Seibert, Sarah Smith, Martha Rupp Carter, Stephen R. Clark, Theresa Dreiling, Deborah Ludi Leitch, Millie Otey, and Clifford Smith. Plaintiffs Michael Parga, Richard Feltz, Tara

O'Donley, and Christopher Wood filed a response (Dkt. # 59) in opposition to the motion to stay, arguing that the passage of the bill as currently written is highly doubtful and, in any event, would not moot plaintiffs' claims or alter the scope of initial discovery. Id. at 1.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936). The Court finds that a stay is warranted because, by May 31, 2019 or sooner, the Oklahoma legislature could sign into law a bill that moots some or all of plaintiffs' claims. Even if the Court ultimately finds that the bill does not moot any of plaintiffs' claims, the passage of such a bill would nonetheless require the Court to address its impact on the litigation. Moreover, the requested stay would be of relatively short duration. At most, the stay would last for approximately three weeks, until the end of the Oklahoma legislative session on May 31, 2019. However, if the bill passes prior to that date, the stay would be of lesser duration. The Court need not attempt to ascertain the likelihood that Senate Bill 252 will pass in its current form. Further, there is no need for the Court to determine at this time whether the passage of such a bill would moot any of plaintiffs' claims, because there is no way of knowing which version of Senate Bill 252, if any, will pass. In light of the moderate scope of the requested stay, as well as the uncertainty surrounding the impact of Senate Bill 252, if passed, on plaintiffs' claims, the Court finds that it should exercise its discretion and stay proceedings at this time.

**IT IS THEREFORE ORDERED** that defendants' motion (Dkt. # 55) to stay proceedings until the end of the current legislative session or until Senate Bill 252 is signed into law, whichever occurs first, is **granted**, and this matter is **stayed**.

**IT IS FURTHER ORDERED** that the parties shall file a notice in this Court within three (3) days of the end of the Oklahoma legislative session, or the signing into law of Senate Bill 252, whichever occurs first. The Court will enter a scheduling order when the stay is lifted.

**DATED** this 9th day of May, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE