# United States District Court
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL PARGA, RICHARD FELTZ, TARA O'DONLEY and CHRISTOPHER WOOD, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>vs.<br><br>BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF TULSA; VIC REGALADO, Tulsa County Sheriff, in his official capacity; TERRY H. BITTING, TAMMY BRUCE, MARTHA RUPP CARTER, STEPHEN R. CLARK, THERESA DREILING, OWEN EVENS, JAMES W. KEELEY, DEBORAH LUDI-LEITCH, J. ANTHONY MILLER, DAWN MOODY, MILLIE OTEY, KIRSTEN PACE, APRIL SEIBERT, CLIFFORD SMITH and SARAH SMITH, in their capacity as Tulsa County Special Judges; WILLIAM MUSSEMAN, in his capacity as Tulsa County District Court Judge,<br><br>    Defendants. | Case No. 18-cv-00298-CVE-JFJ |

## MOTION TO CONTINUE HEARING ON PENDING DISCOVERY MOTIONS

Come now the Defendants BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF TULSA ("BOCC") and VIC REGALADO, in his official capacity as Tulsa County Sheriff ("Tulsa County Sheriff") (collectively, "Defendants"), and move this Court to continue the hearing on pending discovery motions scheduled to take place on Friday, April 3, 2020 on the ground that the corporate depositions of Defendants sought by Plaintiff are currently not possible due to the Shelter in Place Order recently entered by Mayor G.T. Bynum and due to other difficulties caused by the current COVID-19 national, state and local emergency. Plaintiff objects to the relief sought herein. In support of this Motion, Defendants state as follows:

1. On March 10, 2020 this Court entered an Order which lifted the Stay of Discovery that had been entered in this case pending settlement conference, and set "a hearing on the pending discovery motions [for] Friday, April 3, 2020 at 10:00 a.m." Doc. #149, p. 2.

2. On March 11, 2020, the World Health Organization declared the coronavirus COVID-19 disease to be a pandemic.

3. On March 14, 2020, the President of the United States declared a National Health Emergency due to the pandemic.

4. On March 15, 2020 the Governor of the State of Oklahoma declared a statewide emergency caused by the impending threat of COVID-19. *See* Exhibit "1."

5. On March 16, 2020 this Court entered an Order which reset the hearing on the pending discovery motions "as a telephone conference." Doc. #150.

6. On March 17, 2020 the Governor of the State of Oklahoma, due to the national health emergency caused by the national spread of COVID-19, recommended by Executive Order that older persons and persons with a serious underlying health condition stay home and away from other people. *See* Exhibit "2."

7. On March 25, 2020 the Oklahoma State Board of Education voted to close Oklahoma public schools statewide for the remainder of the school year due to the global pandemic. *See* Exhibit "3."

8. On March 27, 2020 the Board of County Commissioners of Tulsa County, due to the threat from COVID-19, entered a resolution authorizing its Officers and Division Directors to reduce their on-site staff to essential personnel, and requiring remaining staff to work from home or to stay at home. *See* Exhibit "4."

9. On March 27, 2020 the Supreme Court of the State of Oklahoma issued an Order closing all courthouses in all 77 counties to the public in response to the growing threat of COVID-19. *See* Exhibit "5."

10. On March 28, 2020 the Mayor of the City of Tulsa entered a Shelter in Place Order proclaiming a civil emergency, requiring vulnerable individuals to stay at home except for essential errands, requiring all non-essential businesses within the City to cease all activities and prohibiting all public or private events or social gatherings under threat of criminal prosecution for noncompliance. *See* Exhibit "6."

11. The only discovery issues between Defendants and Plaintiff is whether Plaintiff should be permitted to take the corporate depositions of Defendants, and if so, whether the noticed deposition topics are delineated with reasonable particularity, relevant and proportional to the needs of the case.

12. In light of the legal burden imposed on defense counsel to adequately prepare a corporate representative, such adequate preparation is not possible under the circumstances because county IT resources are currently being redirected to assist employees with a secured connection to work from home; many county employees have been directed to work at home or to stay at home, and are without access to work-related documents; a number of county employees are reasonably anticipated to become sick and unable to work and/or to be on leave to care for school-aged children unable to attend school; those county employees deemed essential are working on skeletal crews and have little to no time to spare; and many of the county employees and former employees with knowledge of relevant matters are vulnerable individuals required at this time to stay at home.

13. Plaintiff's counsel has suggested the depositions proceed by video, while she remains in New York. *See* Exhibit "7."

14. Even if the depositions were limited to fact witnesses who could just show up and testify without county-wide preparation of a corporate witness, it would require the witness, counsel for the witness, a stenographer and a videographer to be in attendance – which would violate the Mayor of Tulsa's Shelter in Place Order under penalty of criminal prosecution.

15. Undersigned counsel, who has represented Defendants in this case from the beginning, is over sixty years old and diabetic.

16. Sheriff Regalado has implemented mandatory temperature scanning of all persons entering the jail, and has established a "secure pod" to secure new persons booked into the jail for 14 days before allowing them into other areas of the jail. The district court has reduced the jail population to approximately 1000, the lowest it has been in decades. Should anyone test positive for COVID-19, the jail has a negative airflow room in its medical unit for quarantine purposes. *See* Exhibit "8."

17. The judicial procedures employed by the District Court with respect to setting bail and conducting initial appearance hearings have significantly changed since this lawsuit was filed. *See* AO-2019-10 and its revised Local Rule CR 2, Exhibit "9."

18. Because the corporate depositions of Defendants are not possible at this time, the telephonic hearing scheduled for Friday, April 3, 2020 on

- Sheriff Vic Regalado's Motion for Protective Order and Motion to Quash, Docs. #98 & 100;

- Board of County Commissioners' Motion for Protective Order and Motion to Quash, Docs. #99 & 101; and

- Motion to Stay 30(B)(6) Depositions, Doc. #105,

is premature and should be scheduled to a later date.

WHEREFORE, Defendants respectfully request this Court to enter an Order continuing the telephonic hearing scheduled for Friday, April 3, 2020 at 10:00 a.m. to a date and time that will permit preparation for the depositions, and the depositions, if ordered, to proceed.

Respectfully submitted,

s/ *Douglas A. Wilson*
Douglas A. Wilson, OBA No. 13128
Assistant District Attorney
Tulsa County District Attorney's Office
500 S. Denver Ave., Suite 832
Tulsa, OK  74103
(918) 596-8795
douglas.wilson@tulsacounty.org

ATTORNEYS FOR THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF TULSA, AND VIC REGALADO, TULSA COUNTY SHERIFF, IN HIS OFFICIAL CAPACITY

CERTIFICATE OF MAILING & ELECTRONIC NOTICE

I hereby certify that on March 30, 2020, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Alexander Karakatsanis | Kristina Michelle Saleh |
| Charles Lewis Gerstein | Laura Gaztambide Arandes |
| Devan A. Pederson | Ryan Downer |
| Erin Morgan Moore | Stefanie Erin Lawson |
| Hayley Elizabeth Horowitz | |

s/ *Douglas A. Wilson*
Douglas A. Wilson