# United States District Court
### NORTHERN DISTRICT OF OKLAHOMA

Exhibit "K"

MICHAEL PARGA, et al., )
)
    Plaintiffs, )
)
vs. )   Case No. 18-cv-00298-CVE-JFJ
)
BOARD OF COUNTY COMMISSIONERS OF )
THE COUNTY OF TULSA, et al. )
)
    Defendants. )

## AFFIDAVIT

STATE OF OKLAHOMA )
                     ) ss.
COUNTY OF TULSA )

The undersigned, of lawful age, being first duly sworn upon oath, deposes and states as follows:

1. I am the District Attorney for the District Attorney's Office, 14th District.

2. Since the on-set of concerns related to the COVID-19 pandemic the Tulsa County Public Defender's Office has frequently engaged with my office as well as the Tulsa County District Courts to address pre-trial detention concerns and bond settings related to their clients.

3. As recently as April 6, 2020 the Tulsa County Public Defender's Office provided the names and case numbers of some of their clients to the District Attorney's Office in a reconsideration related to the COVID-19 pandemic for further reduction of bonds previously set. (See attached Exhibit A)

4. The alleged offenders listed in Exhibit A were put on a docket scheduled for April 7, 2020 so that the Tulsa County Public Defender could advocate on behalf of their clients for lower bonds. The listed explanation for the re-consideration of bond was "Change of condition – COVID".

5. Similar requests by the Public Defender's Office to schedule bond reduction hearings for bonds previously set have been regularly accommodated since the COVID-19 crisis began.

6. As of August 2019, and new Tulsa County District Court Criminal Rule 2, the Tulsa County District Court is conducting bond docket hearings 365 days a year.

Assistant district attorneys on behalf of the State of Oklahoma are provided advanced notification of the setting of these individualized bond hearings. Any unrepresented pretrial detainee is appointed counsel from the Tulsa County Public Defender's Office for purposes of this bond hearing. Their representation encompasses requests for bond reduction, requests for PR bonds and other relief from pretrial detention they think appropriate. Specifically, the Public Defender's Office has been routinely requesting bond reductions based on concerns about COVID-19. This factor, and indeed all individual factors surrounding a suspect's case and circumstances, is currently being considered when assessing bond.

7. Separate from all these endeavors, a majority of the District Court criminal judges are individually reviewing in-custody defendants on their respective District Court Arraignment dockets. While I do not have specific documentation for these efforts, I have been informed that virtually all criminal judges are making this effort in conjunction with their assigned assistant district attorney and assistant public defender.

_____
Stephen Andrew Kunzweiler, Affiant
District Attorney, 14th District

Subscribed and sworn to before me this _8TH_ day of April, 2020.

_____
Notary Public

My Commission Expires: _____

[Notary Seal: PATTY G. BEASTON, NOTARY, #01017626, EXP 11/20/21, STATE OF OKLAHOMA]

From: Lollman, Jason [mailto:Jason.Lollman@oscn.net]
Sent: Sunday, April 5, 2020 1:52 PM
To: Erik Grayless <egrayless@tulsacounty.org>; Kevin Keller <kkeller@tulsacounty.org>
Subject: Bond reduction requests

Erik,

Per our conversation on Friday, I am emailing you the list of bond reduction requests I intend to make on Tuesday's docket. This is the same list I am forwarding to judge Miller.

I understand you will probably be objecting to most of not all of these requests. I would ask you to look at Keenan Anderson though. It appears he is being held on a count of KCSP that wasn't filed. That would probably be an easy $3,000 reduction that we could agree to.

Anyway, let me know what you think. I have added Kevin Keller to this email as you requested.

Thanks!




# Exhibit A

| Defendant's Name | Case No. | Charges | Bond Request | Reason | Docket |
|---|---|---|---|---|---|
| Greg Lamont Dumas | CF-2020-1188 | Maiming | $20,000 >> $10,000 | Change of condition--COVID | A |
| Keenan Anderson | CF-2020-1277 | Poss. Of F/A AFCF | $3,000 reduction | COVID; KCSP count not filed | B |
| Antyon Custard | CF-2019-5179 | Murder 1 | 50% reduction | Change of condition--COVID | B |
| Alan Hunter | CF-2020-1518 | PSV; Forged Inst. | $7,500 >> $2,000 or PR | Change of condition--COVID | B |
| Brianna Walker | YO-2020-15 | Robbery 1 | $50,000 >> $15,000 or PR | Change of condition--COVID | B |
| Gerran Childress | CF-20-586; CF-20-1209 | Burg3; Remove Mon | Agg bond of $10,000 | Change of condition--COVID | C |
| Tamara Crook | CF-2020-1263 | Conjoint Rob; ABPO | $124,000 > $50,000 | Change of condition--COVID | C |
| Derrick McBee | CF-2020-1280 | A&B-ST; Larc of Auto | $7,000 >> $3,500 | Change of condition--COVID | C |
| Devan Whitehead | CF-2020-1275 | Eluding; Poss F/A | $16,000 >> $7,500 | Change of condition--COVID | C |