UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

RICHARD FELTZ,[1] TARA O'DONLEY, AND  )
CHRISTOPHER WOOD, on behalf of        )
themselves and all others similarly situated,  )
                                      )
        Plaintiffs,                   )
                                      )
v.                                    )   Case No. 18-CV-0298-CVE-JFJ
                                      )
BOARD OF COUNTY COMMISSIONERS OF      )
THE COUNTY OF TULSA; VIC REGALADO,    )
Tulsa County Sheriff, in his official capacity;  )
TERRY H. BITTING, TAMMY BRUCE,        )
MARTHA RUPP CARTER, STEPHEN R.        )
CLARK, THERESA DREILING, OWEN         )
EVENS, JAMES W. KEELEY, DEBORAH       )
LUDI LEITCH, J. ANTHONY MILLER,       )
DAWN MOODY, MILLIE OTEY, KIRSTEN      )
PACE, APRIL SEIBERT, CLIFFORD SMITH,  )
AND SARAH SMITH, in their capacities as  )
Tulsa County Special Judges; AND WILLIAM  )
MUSSEMAN, in his capacity as Tulsa County  )
District Court Judge,                 )
                                      )
        Defendants.                   )

## OPINION AND ORDER

Before the Court is defendant state judges' motion to dismiss plaintiffs O'Donley and Wood's claims (Dkt. # 76). Plaintiffs have not filed a response, and their time to do so has expired. Defendants argue that O'Donley and Wood should be dismissed because they are appearing pro se and are thus unable to represent the putative class members.

I.

---

[1] On November 20, 2019, defendants filed a joint suggestion of death (Dkt. # 87) as to plaintiff Michael Parga, giving notice that he died on or about October 26, 2019. No one has moved to be substituted on his behalf. Pursuant to Federal Rule of Civil Procedure 25(a), the Court terminates Parga as a party, and Feltz is now the first named plaintiff.

On August 15, 2019, the Court entered an order granting the withdrawal of O'Donley's and Wood's previous attorneys. Dkt. ## 74, 75. Since then, these plaintiffs have appeared pro se in this matter. Prior to these orders, discovery was allegedly issued to O'Donley and Wood through their counsel on June 26, 2019. Dkt. # 76, at 1. The discovery requests allegedly included interrogatories, requests for production, and requests for admission. Id. O'Donley and Wood allegedly did not respond to these discovery requests prior to appearing pro se in this matter. Id. After Dkt. ## 74 and 75 were entered, counsel for the state judges sent the copies of the previously served discovery requests and letters to the last known addresses of O'Donley and Wood. Dkt. # 76-1. O'Donley and Wood have allegedly not responded to the discovery requests or the letters. Dkt. # 76, at 1-2. O'Donley and Wood have not entered pro se appearances in this case, nor have they apprised the parties of their current addresses. Id. at 2.

## II.

Defendants argue that O'Donley and Wood, by virtue of their pro se claims, are not adequate class representatives in this matter. Id. They ask that O'Donley's and Wood's claims be dismissed without prejudice. Id.

Plaintiffs must show that they have met all four prerequisite for class certification under Federal Rule of Civil Procedure 23(a). Shook v. El Paso Cty., 386 F.3d 963, 971 (10th Cir. 2004). The prerequisites are:

(1) the class is so numerous that joinder of all members is impracticable;

(2) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Defendants argue that O'Donley and Wood have not complied with Rule 23(a)(4), also known as the adequacy requirement. Dkt. # 76, at 2. The Tenth Circuit has framed the adequacy inquiry as follows: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Rutter & Wilbanks Corp. v. Shell Oil Co., 314 F.3d 1180, 1187-88 (10th Cir. 2002) (quotation marks and citations omitted). "A litigant may bring his own claims to federal court without counsel, but not the claims of others . . . because the competence of a layman is clearly too limited to allow him to risk the rights of others." Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) (internal quotation marks and citations omitted).

In this case, plaintiffs O'Donley and Wood are not represented by counsel. Dkt. ## 74, 75. As a result, their claims are currently pro se, although neither has entered a pro se appearance. The Tenth Circuit is clear that pro se representation is not allowed in the context of a class-wide lawsuit. Therefore, the Court finds that O'Donley's and Wood's claims should be dismissed without prejudice.[2]

**IT IS THEREFORE ORDERED** that defendant state judges' motion to dismiss plaintiffs O'Donley and Wood's claims (Dkt. # 76) is **granted**, and plaintiff O'Donley's and Wood's claims are **dismissed without prejudice**.

---

[2] Defendants appear to ask for sanctions against O'Donley and Wood, because they have not complied with discovery requests. See Dkt. # 76, at 3. The Court does not find that sanctions are appropriate in this case because O'Donley and Wood are in effect pro se, and, further, their whereabouts are unknown.

**IT IS FURTHER ORDERED** that Michael Parga is terminated as a party plaintiff.

**IT IS FURTHER ORDERED** that O'Donley and Wood are terminated as parties unless and until they enter an appearance through counsel. Richard Feltz remains as the only named plaintiff. The parties are directed to modify the case caption in future pleadings to comply with this Opinion and Order.

**DATED** this 24th day of April, 2020.

                                                *[signature]*
                                                CLAIRE V. EAGAN
                                                UNITED STATES DISTRICT JUDGE