**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

RICHARD FELTZ, on behalf of himself and
others similarly situated,

               Plaintiffs,

     v.                                 Case No. 18-cv-0298-CVE-JFJ

BOARD OF COUNTY COMMISSIONERS
OF TULSA COUNTY, et al.,

               Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO FILE AN
AMENDED COMPLAINT AND ASHTON DENNIS'S MOTION TO INTERVENE**

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

PRELIMINARY STATEMENT ..................................................................................1

NEWLY ALLEGED FACTS ....................................................................................3

ARGUMENT ............................................................................................................4

I.     An Additional Plaintiff Should Be Added by Amendment or Intervention .......................4

      A.     Courts Routinely Allow an Additional Class Representative to Be Named When Original Named Plaintiffs' Fitness Is Challenged ....................................................4

            1.     Naming an Additional Representative Is a Technical Change ...................7

            2.     Naming an Additional Representative Advances Judicial Economy ..........8

      B.     Liberal Amendment Standards Permit the Naming of an Additional Representative .............................................................................................9

      C.     The Additional Class Representative Is Entitled to Intervene ...............................12

II.    Amendments to Reflect Factual and Litigation Developments Should Be Permitted.......14

CONCLUSION.......................................................................................................15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Archuleta v. City of Sante Fe*,
  13-CV-363, 2014 WL 12782788 (D.N.M. Dec. 22, 2014)............................................5, 8, 12

*Bohne v. Closing of Tulsa L.L.C.*,
  No. 05-CV-197-TCK-SAJ, 2006 WL 965382 (N.D. Ok. Apr. 12, 2006) ........................13, 14

*Bylin v. Billings*,
  568 F.3d 1224 (10th Cir. 2009) ......................................................................................10, 12

*Coalition of Az./N.M. Cntys. for Stable Econ. Growth v. Dep't of Interior*,
  100 F.3d 837 (10th Cir. 1996) ...............................................................................................13

*Curley v. Perry*,
  246 F.3d 1278 (10th Cir. 2001) ................................................................................................6

*Edmisten v. Wayne Baldwin Const., Inc.*,
  No. 08-CV-0453-CVE-TLW, 2009 WL 69330 (N.D. Okla. Jan. 8, 2009) .............................11

*Foman v. Davis*,
  371 U.S. 178 (1962)................................................................................................................10

*Franks v. Bowman Transp. Co.*,
  424 U.S. 747 (1976).................................................................................................................7

*Haas v. Pittsburgh Nat. Bank*,
  526 F/2d 1083, 1097 (3d Cir. 1975) ........................................................................................7

*Harvey v. Glanz*,
  No. 09-CV-118-TCKTLW, 2010 WL 2471686 (N.D. Okla. June 16, 2010)...........................8

*Heartland Commc'ns, Inc. v. Sprint Corp.*,
  161 F.R.D. 111 (D.Kan.1995)...................................................................................................5

*Joseph v. Wiles*,
  23 F.3d 1155 (10th Cir. 2000) ..................................................................................................7

*Lindley v. Life Investors Ins. Co. of Am.*,
  Nos. 08–0379 & 09–1429, 2009 WL 2601949 (N.D. Okla. Aug. 20, 2009).......................8, 9

*Lucero v. Bureau of Collection Recovery, Inc.*,
  639 F.3d 1239 (10th Cir. 2011) ........................................................................................4, 7, 9

i

*Lynch v. Baxley*,
  651 F.2d 387 (5th Cir .1981) ...............................................................................5

*Minter v. Prime Equip. Co.*,
  451 F.3d 1196 (10th Cir. 2006) ...............................................................10, 11, 12

*Patton v. Guyer*,
  443 F.2d 79 (10th Cir.1971) ...............................................................................10

*Quazilbash v. Wells Fargo & Co.*,
  No. 09-CV-0652-CVE-FHM, 2010 WL 2868189 (N.D. Okla. July 16, 2010) .....................11

*Roco, Inc. v. EOG Res., Inc..*,
  No. 14-1065-JAR-KMH, 2014 WL 5430251 (D. Kan. Oct. 24, 2014) ...............................5, 6

*In re Thornburg Morg., Inc. Sec. Litig.*,
  265 F.R.D. 571 (D.N.M. 2010)...............................................................................6

*Western Energy Alliance v. Zinke*,
  877 F.3d 1157 (10th Cir. 2017) ...............................................................................12

**Other Authorities**

Fed. R. Civ. P. 15(a)(2)...............................................................................1, 9

Fed. R. Civ. P. 24(a) ...............................................................................1, 12

Fed. R. Civ. P. 24(b) ...............................................................................1, 13

Plaintiff Richard Feltz moves to amend his complaint under Fed. R. Civ. P. 15(a)(2) or Fed. R. Civ. P. 15(d) to: (1) add one named plaintiff, and (2) update the factual allegations, parties, and claims to reflect factual and litigation developments since the operative First Amended Complaint was filed. Simultaneously, Ashton Dennis moves to intervene as a matter of right under Fed. R. Civ. P. 24(a) or, in the alternative, for permissive intervention under Rule 24(b). Both motions should be granted.  A redlined version of Plaintiff's proposed Amended Complaint, showing changes from the operative complaint, is attached as Exhibit A.[1]

## **PRELIMINARY STATEMENT**

Mr. Feltz and Mr. Dennis seek to ensure that this putative class action, which has been litigated for over two years, is not ultimately resolved without a ruling on the merits. Mr. Feltz, the named plaintiff, [2] was arrested in June 2018, and, in accordance with Defendants' policies, was jailed because he could not afford a secured money bail amount that had been assigned to him without any individualized determination that his incarceration served a compelling governmental interest. While he was incarcerated, Mr. Feltz filed a class action complaint, alleging that Defendants' practice of detaining people for no reason other than their inability to pay, and without individualized findings of necessity, violated both Due Process and Equal

---

[1] Plaintiff and Mr. Dennis's counsel emailed all defense counsel of his intent to file this motion on the afternoon of Sunday, December 20, 2020, approximately six hours before filing, and as soon as the proposed amended complaint was drafted. Plaintiff and Mr. Dennis's counsel inquired at that time as to whether defense counsel objected to the filing but has not yet received a response.  Plaintiff and Mr. Dennis file the motion without awaiting a response because of the transitory nature of Mr. Dennis's claims, which will be mooted if he and Plaintiff delay their filing.

[2] Three other named plaintiffs filed suit along with Mr. Feltz, but he is the sole remaining plaintiff.  Michael Parga died in October 2019.  Tara ODonley and Christopher Wood were dismissed without objection after their attorneys withdrew from their representation after losing contact with each of them.

Protection.[3]   In response to this lawsuit, Defendants have continuously amended their pretrial detention procedures in ways that fail to correct the constitutional violations complained of. But people arrested in Tulsa County, including Mr. Dennis, continue to be detained based on whether they can afford monetary bond amounts that are imposed without findings that their detention serves a compelling purpose.

In April 2020, defendants moved to dismiss, arguing that judicial defendants' adoption of a bail docket in October 2018 mooted Mr. Feltz's claims. That motion turns, in part, on the mistaken proposition that Mr. Feltz cannot properly challenge current pre-trial detention proceedings in Tulsa County because they have been changed since his arrest, and he has never been subjected to them.   The argument is wrong for at least two reasons: First, because defendants' continuous alterations to their processes are neither permanent nor complete, mootness doctrine allows Mr. Feltz to challenge the procedures that were in place at the time of his arrest, regardless of any subsequent changes. *See* ECF No. 58 at 2-6. And second, the changes to defendants' procedures have not meaningfully affected the putative class claims because defendants continue to jail people pre-trial, based only on their access to money, and without due process-compliant judicial findings that detention is necessary.

Yet judicial defendants' motion to dismiss remains pending, and it raises the possibility that the case could be dismissed, not because putative class members' rights have ceased to be violated, but because they have been violated by procedures that are somewhat different from those applied at the time of Mr. Feltz's arrest.   The motion appears unlikely to be decided before trial; the court has reserved decision likely because the merits of and facts relevant to judicial

---

[3] Mr. Feltz's complaint also asserts a claim under the Sixth Amendment. The Court has dismissed that claim over Plaintiffs' objection, *see* ECF No. 48 at 8-9, and it is therefore not addressed here. Plaintiff's proposed Second Amended Complaint includes a Sixth Amendment claim in order to preserve it for appeal.

2

defendants' argument—the nature, degree and permanence of defendants' adopted changes, and the degree to which the current system remains unconstitutional—are deeply entwined with the merits of and facts relevant to the parties' claims and defenses.  If defendants were ultimately to prevail on this argument, the Court and parties would find themselves having spent enormous resources determining the constitutionality of Tulsa's bail practices since 2018—and, specifically examining whether Defendants have cured any constitutional violations or continue to detain people illegally—only to conclude that Mr. Feltz is not the right person to pursue the inquiry.

Mr. Dennis has appeared on the newly created bond docket, and yet remains jailed in violation of equal protection and due process for the same reasons as Mr. Feltz, but under the precise procedures presently in place. Judicial economy, and the interests of putative class members, require that people who are subjected to the pre-trial procedures as they currently exist be permitted to add their names as plaintiffs, through either amendment or intervention, to ensure against the possible outcome of dismissal based on a finding that Mr. Feltz's claims are not representative.

**<u>NEWLY ALLEGED FACTS</u>**

Mr. Dennis was arrested on Tuesday, December 15, 2020, for alleged felony offenses.  Upon arrest, he was taken to the Tulsa County Jail.  At the jail, a sheriff's officer told him his bond would be $51,000.  No one asked him if he could afford to pay that amount; he could not. Ex. A, ¶ 28. Mr. Dennis appeared on the bond docket on the morning of Tuesday 16, 2020. *Id.*, ¶¶ 30-31. Mr. Dennis did not know in advance of the hearing what its purpose was, and he was not given an opportunity to consult with an attorney. *Id.*, ¶¶ 30-31. Mr. Dennis appeared on bond docket by video feed from the jail.  The judge informed him that a public

defense attorney was in the courtroom to represent him, but Mr. Dennis could not see or clearly hear the attorney over the video and audio feeds; Mr. Dennis was not given any opportunity to speak with the attorney privately.  Mr. Dennis knew that the judge was speaking with others in the courtroom during his appearance, whom he assumed to be an assistant public defender and an assistant district attorney but he could not clearly discern their conversation and did not understand what was being said. *Id.*, ¶¶ 30-31.  Mr. Dennis was not invited to provide evidence or witnesses, and could not have done so even if he knew he was allowed, because he did not know what evidence would be relevant, and would have had no way of contacting witnesses or obtaining evidence from jail. *Id.* ¶ 32.  At the conclusion of his bond docket appearance, the judge informed Mr. Dennis that two of the offenses that the officer who arrested him believed he had committed would be "dropped," and his bond would be adjusted to $4,000. *Id.* ¶ 31.  No one asked Mr. Dennis if he could afford to pay $4,000.  No one provided Mr. Dennis with any explanation for setting that amount of bond. Mr. Dennis did not hear anyone mention the risk of his not returning to court, or the risk of him presenting a safety risk if released. Mr. Dennis does not know what evidence was considered against him and was not invited to address that evidence. *Id.* ¶ 32.   Mr. Dennis cannot afford to post a $4,000 bond. He therefore remains in jail as of the filing of this complaint.  *Id.,* ¶ 34.  He is not represented by an attorney and cannot afford to hire one.  *Id.* ¶¶ 29, 34.

## ARGUMENT

### I.  An Additional Plaintiff Should Be Added by Amendment or Intervention

Either Plaintiff's motion to amend to name an additional class representative, or Mr. Dennis's motion to intervene should be granted to ensure that the litigation is resolved on its

merits. Mr. Dennis is entitled to protect his interests in this litigation, and his addition will not cause defendants to suffer prejudice.

### A. Courts Routinely Allow an Additional Class Representative to Be Named When Original Named Plaintiffs' Fitness Is Challenged

"[T]hat a named plaintiff's substantive claims [may be] mooted due to an occurrence other than a judgment on the merits does not mean that all the other issues in the case are [properly] mooted." *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1247 (10th Cir. 2011) (internal quotation marks omitted). Naming additional plaintiffs to allow a putative class action to proceed in the event that a representative's claim is mooted is therefore a standard cautionary measure routinely adopted by courts in the Tenth Circuit.  These courts have "taken a rather liberal approach in permitting the substitution of class representatives at various stages in the proceedings." *Archuleta v. City of Santa Fe*, No. CV 13-363 JAP/SCY, 2014 WL 12782788, at *5 (D.N.M. Dec. 22, 2014) (citing *In re Motor Fuel Temperature Sales Practices Litig.*, Nos. 17–MD–1840–KHV, 07–2348–KHV, 2009 WL 3122501, at *2 n. 17 (D. Kan. Sept. 24, 2009); *Lindley v. Life Investors Ins. Co. of Am.*, Nos. 08-CV-0379-CVE-PJC, 09-CV-0429, 2009 WL 2601949, at *4 (N.D. Okla. Aug. 20, 2009) ("If it becomes clear that class certification is appropriate but plaintiff is not a suitable class representative, ... a new class representative may be substituted."); *In re Aluminum Phosphide Antitrust Litig.*, 160 F.R.D. 609, 613 (D. Kan. 1995) ("If it later becomes apparent that certain types of purchasers are not adequately represented by the named representatives, the court may require substitution or addition of a class representative...."); *Heartland Commc'ns, Inc. v. Sprint Corp.*, 161 F.R.D. 111, 115 (D. Kan. 1995) ("if it later becomes apparent that Partners selling certain types of services are not adequately represented by the named representatives, the court may require substitution or addition of a class representative"); *see also Lynch v. Baxley*, 651 F.2d 387, 388 (5th Cir. 1981)

(after intervening circumstances deprived class representatives of standing, "the district court erred in dismissing the case without giving members of the original class with live claims an opportunity to become plaintiffs by amendment of the complaint or by intervention and thereby save the subclass action" (internal quotation marks omitted)).

For example, the District of Kansas recently allowed for the addition of new plaintiffs in a putative class action alleging unlawful conduct by a defendant across multiple states. *Roco, Inc. v. EOG Res., Inc.*, No. 14-1065-JAR-KMH, 2014 WL 5430251, at *5 (D. Kan. Oct. 24, 2014). The defendant argued that the existing named plaintiffs lacked standing to complain of misconduct in Oklahoma, a claim that the plaintiff disputed but nonetheless successfully moved to ensure against by adding additional plaintiffs whose standing was unassailable. *Id*. Similarly the District of New Mexico allowed the identification of new named plaintiffs where the complaint "already makes class allegations that the Court finds to be at least colorable, and the Plaintiffs request only to add a representative plaintiff to address the Defendants' concern that the Plaintiffs might lack standing to bring [certain class] claims." *In re Thornburg Morg., Inc. Sec. Litig.*, 265 F.R.D. 571, 581 (D.N.M. 2010); *see also id*. at 573 ("because the amendment is a response to a perceived deficiency to which the Defendants objected, and because it is too soon to argue in great detail about whether the proposed class will contain members with opposing interests, the Court will grant the motion [to amend] and allow the Plaintiffs to add the new representative plaintiff").

A similar approach is called for here, where Plaintiff is confident that defendants' motion to dismiss is meritless but recognizes that, absent the naming of an additional plaintiff, if the Court disagrees, the motion could result in the dismissal of this case after years of litigation because of the factual circumstances of Mr. Feltz's own arrest, even if the present-day pre-trial

detention practices continue to violate the constitutional rights of putative class members. Amendment in similar circumstances is consistently granted for at least two reasons: (1) the proposed amendment is merely a technical one that does not change the substantive scope of the lawsuit, and "the district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim," *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001); and (2) judicial economy calls for resolution of the parties' dispute over the constitutionality of defendants' pretrial procedures in a single action rather than piecemeal litigation.

### 1.   Naming an Additional Representative Is a Technical Change

The amendment is technical because absent class members have had an interest in the case from its inception, whether or not they have previously been specifically named in the caption. Adding one of their names to the caption does not substantively change the nature of the putative class action.  As explained by the Tenth Circuit in *Lucero v. Bureau of Collection Recovery Inc.*, the newly identified class members have always had "a legal status in the case or controversy . . . apart from that of the class representative," because even "in a proposed class action the non-named class members have an unyielding interest that could precede the moment of class certification—the premise appearing to be that a live Article III interest a class may or may not have in a case is or is not present from its inception." *Lucero*, 639 F.3d at 1239 (citing *Sosa v. Iowa,* 419 U.S. 393, 399-402, n.11 (1975); *see id*. at 1249-50 ("the personal stake of the class inheres prior to certification" (citing *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388,  406 n.11 (1980); *Franks v. Bowman Transp. Co.*, 424 U.S. 747, 756 n.8 (1976); *Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper,* 45 U.S. 326, 341 (1980) (Rehnquist, J., concurring).  In an pre-

certified class, the court has not yet ruled on the nature of class members' interest, but the question must be decided whether or not they are individually named.

A newly substituted lead plaintiff "has effectively been a party to an action against these defendants since a class again covering him was requested but never denied." *Joseph v. Wiles*, 223 F.3d 1155, 1168 (10th Cir. 2000).  Mr. Dennis and other similarly situated individuals "were in existence at the time the action was originally brought and were described as claimants in the complaint" when it was filed as a class action.  *Haas v. Pittsburgh Nat. Bank*, 526 F.2d 1083, 1097 (3d Cir. 1975).  Adding his name to the caption now does not represent a change in the case's substance, only its form.

### 2.   Naming an Additional Representative Advances Judicial Economy

Putative class members who are or will be detained under current procedures cannot be required to sit by for months longer to see how this case resolves, knowing that their claims may not be protected, but judicial economy would not be served by requiring them to file a separate lawsuit to ensure their equal protection and due process claims will be resolved. "[I]t makes little practical sense to force the newly named Plaintiffs to file a separate class action where the underlying allegations . . . and the parties are essentially the same." *Archuleta v. City of Santa Fe*, 13-CV-363 JAP/SCY, 2014 WL 12782788, at *8 (D.N.M. Dec. 22, 2014). "[B]y allowing the [current claims] to proceed with new class representatives, the Court averts the need for filing a separate class action and thereby avoids the potential for waste of judicial resources." *Id.*

In *Lindley v. Life Investors, Insurance Company of America*, which granted a motion to consolidate two separately filed cases, this Court recognized that where multiple potential suits involve the same substantive claims against the same defendants, judicial economy must be weighted heavily even where the possibility of delay or prejudice exists in one or more of the

individual cases. *Lindley v. Life Investors Ins. Co. of Am.,* Nos. 08–CV–0379–CVE–PJC, 09–CV–0429, 2009 WL 2601949, at *5 (N.D. Okla. Aug. 20, 2009); *see also Harvey v. Glanz*, No. 09-CV-118-TCK-TLW, 2010 WL 2471686, at *2 (N.D. Okla. June 16, 2010) (when deciding whether plaintiffs' claims should be tried together, "the court should always balance the benefits gained by consolidation with the risks of jury confusion, inconsistent adjudications, and unnecessary expense and delay to the parties."). The Court held in *Lindley* that where the prospect of "separate cases before separate judges would create a substantial risk of inconsistent or multiple adjudications on the same set of facts," the "proper course of action would have been for plaintiff to await a ruling on [a] motion to amend, rather than to . . . file a separate lawsuit seeking the same relief." *Lindley*, 2009 WL 2601949, at *5.  In *Lindley*, as here, the viability of a class certification motion and the suitableness of a putative class representative were contested, but, the Court found, the claims and parties were so closely related that "the benefits of trying the cases together still outweighs the expense of duplicative discovery and motion practice and the risk of inconsistent judgments if the cases were tried separately."  *Id*.

Judicial economy would likewise be undermined by leaving open the possibility that the defendants could avoid a ruling on the constitutionality of their new procedures upon a mere finding that those procedures are different from the ones applied to Mr. Feltz. Such a ruling would not only violate fundamental mootness doctrine, ECF No. 58 at 2-6, but would allow defendants to "pick off" named plaintiffs by making changes to their proceedings substantial enough to represent that facts have changed, without fully curing their unconstitutional system. This possibility "obviously would frustrate the objectives of class actions [and] would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement," *Lucero*, 639 F.3d at 1250 (internal quotation marks omitted) (addressing similar

problem in context of Rule 68 offers of judgment made to representatives of putative classes). A new named plaintiff must be added to the case to avoid the contingency of such an unjust and inefficient outcome.

### B. Liberal Amendment Standards Permit the Naming of an Additional Representative

Under Rule 15, leave of the court to amend pleadings "shall be freely given." Fed. R. Civ. P. 15 (a)(2); *see also Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (authorization "to serve a supplemental pleading setting forth post-complaint transactions, occurrences, and events" under Rule 15(d) "should be liberally granted" (internal quotation marks omitted)).[4] "If the underlying facts or circumstances relied on by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits," and it is an abuse of discretion to deny leave to amend "without any justifying reason." *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Tenth Circuit has emphasized that Rule 15's purpose "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). The identification of an additional named plaintiff would ensure the court's ability to reach the merits of the case at the end of a long and hard-fought litigation, without delaying the litigation or causing prejudice to any party.

---

[4] The Tenth Circuit has observed that "the standard used by courts in deciding to grant or deny leave to supplement is the same standard used in deciding whether to grant or deny leave to amend." *Carter v. Bigelow*, 787 F.3d 1269, 1278 (10th Cir. 2015) (internal quotation marks omitted). "Inasmuch as the discretion exercised by the court in deciding whether to grant leave to amend is similar to that exercised on a motion for leave to file a supplemental pleading, the court's inattention to the formal distinction between amendment and supplementation is of no consequence." 6A Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure § 1504 (3d ed. 2020).

Rule 15 "was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *United States v. Hougham*, 364 U.S. 310, 316 (1960)). Because adding a named plaintiff from among the putative class members does not change the lawsuit's substance, defendants will suffer no prejudice from the amendment. "[H]aving to litigate against another party does not constitute prejudice." *Roco, Inc. v. EOG Res., Inc..*, No. 14-1065-JAR-KMH,, 2014 WL 5430251, at *5 (D. Kan. Oct. 24, 2014). Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir. 1971). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues," which is not the case here. *Minter  v. Prime Equip. Co*., 451 F.3d 1196, 1208 (10th Cir. 2006). The constitutionality of defendants' current conduct is already squarely at issue and the subject of discovery, because it is relevant to determining whether Mr. Feltz's pending claims are moot, or defendants continue to violate the constitution.

Adding an additional named plaintiff will require minimal additional discovery. In a case with over 19,139 documents already produced in discovery, fewer than 100 pages have pertained to Mr. Feltz personally.  Depositions have not yet begun, and the newly named plaintiff's deposition can easily be scheduled should defendants wish to take it. No trial date is scheduled. Fact discovery continues until January 11, 2021, and all discovery is due April 19, 2021.  ECF No. 207.  Mr. Dennis will provide discovery on an expedited basis and will not seek an extension of the fact discovery deadline due to his addition to the case.  This Court has found no prejudice, and allowed amendment, in similar circumstances, where any additional discovery "would be

limited in scope," and there was "still plenty of time remaining for [defendants] to fully conduct discovery without resulting in undue prejudice." *Edmisten v. Wayne Baldwin Const., Inc.,* No. 08-CV-0453-CVE-TLW, 2009 WL 69330, at *2 (N.D. Okla. Jan. 8, 2009); *see also Quazilbash v. Wells Fargo & Co.*, No. 09-CV-0652-CVE-FHM, 2010 WL 2868189, at *2 (N.D. Okla. July 16, 2010) (nonmovant's argument that amendment might require extending discovery deadlines "is entirely speculative and does not demonstrate prejudice").

In short: "justice requires granting the Motion to Amend" where the new plaintiff's claims "are much like those" of the existing named defendant and "arise[] out of the same subject matter alleged in the [current c]omplaint and involve[] the same Defendant[s]"; "allowing the amendment promotes efficiency and reduces costs by allowing Plaintiffs to bring related claims in one proceeding rather than requiring the proposed new Plaintiffs to bring a separate class action," and "the proposed amendment does not unfairly affect Defendants in terms of preparing a defense." *Archuleta v. City of Santa Fe*, No. CV 13-363 JAP/SCY, 2014 WL 12782788, at *5 (D.N.M. Dec. 22, 2014).

Defendants did not move to dismiss Mr. Feltz's claim as moot until April of this year. As discussed, Plaintiff believed at the time of filing, and continues to believe now, that their arguments are meritless. However, recognizing the substantial amount of litigation effort that would be lost in the unlikely event that the court adopts judicial defendants' mootness arguments, a Plaintiff recognizes that a new named plaintiff should be in place to allow the case to proceed. *See Minter*, 451 F.3d at 1196 (no undue delay found where plaintiff waited to file motion to amend, because he believed the added claim "was already fairly encompassed by his pleadings," and "his assumption regarding the scope of his original pleading constitutes an excusable cause for [any] delay"). The Court has broad discretion to amend its own deadlines

12

and supervise the pretrial phase of litigation, *Bylin v. Billings*, 568 F.3d 1224, 1231-32 (10th Cir. 2009), and it should do so here to allow plaintiff to add a new named plaintiff to the caption.

### C.  The Additional Class Representative Is Entitled to Intervene

In the alternative, Mr. Dennis has the right to intervene as a Plaintiff. Under Rule 24(a), a motion to intervene must be granted as a matter of right if: "(1) the application is timely; (2) the applicants claim an interest relating to the property or transaction which is the subject of the action; (3) the applicants' interest may as a practical matter be impaired or impeded; and (4) the applicants' interest is not adequately represented by existing parties." *Western Energy Alliance v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (internal quotation marks and alterations omitted). Under Rule 24 (b), the court may exercise its discretion to grant any timely motion to intervene when the movant's claim shares a common question of law or fact with the pending action. *Bohne v. Closing of Tulsa L.L.C.*, No. 05-CV-0197-TCK-SAJ, 2006 WL 965382, at *1-*2 (N.D. Okla. Apr. 12, 2006). The Tenth Circuit "has historically taken a 'liberal' approach to intervention and thus favors the granting of motions to intervene." *Zinke*, 877 F.3d at 1164.

"[I]n the context of a class action, the prospective intervenors' claims are presumed to be the same as those of the named plaintiff," and "the burden of showing that the existing party or parties may represent their interests inadequately is 'minimal' and may be met when there is a possibility that the named plaintiff's personal claim may be dismissed. *Bohne*, 2006 WL 965382, at *3 (quoting *San Juan Cnty., UT v. United States*, 420 F.3d 1197, 1211 (10th Cir. 2005)). In such cases, intervention, at a minimum, should be permitted. Mr. Dennis's interest in the case is not in question.   He is a putative class member in the lawsuit, which challenges the constitutionality of the procedures that have resulted in his jailing, making his interest in its outcome "direct, substantial, and legally protectable." *Coalition of Az./N.M. Cntys. for Stable*

*Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840-41 (10th Cir. 1996). That the present named plaintiff's claims may be dismissed for reasons unrelated to the merits of the putative class claims is sufficient for Mr. Dennis to establish that his interests are not adequately represented without his intervention. *See Bohne*, 2006 WL 965382, at *3. Mr. Dennis's motion is timely; it could not have been filed sooner.  Mr. Dennis has been a member of the putative class of persons who would be detained on money bail in Tulsa County since the case was filed, but he did not know of his interest in the case until he was arrested and subjected to the pretrial detention procedures challenged in the litigation.  Mr. Dennis was arrested on December 14, 2020, six days before the filing of this motion. Even in the absence of such a showing, permissive intervention should be granted given its timeliness, and the lack of prejudice to defendants. *Id*.

## II.  Amendments to Reflect Factual and Litigation Developments Should Be Permitted

Plaintiff additionally seeks leave to amend the complaint to reflect case developments since filing. None of the proposed amendments would expand the scope of discovery or the claims.  They will not prejudice defendants in any way. They are proposed in the interests of accuracy and clarity, to reflect events that have already occurred.

First, the proposed amended complaint updates the caption and revises allegations describing the parties, whose identities have changed since filing.  Plaintiff proposes to remove the names and all alleged facts pertaining to three former named plaintiffs who have been dismissed from the lawsuit. Plaintiff also moves under Rules 25(d) and 17(d) to remove the names of the defendant judges and to replace them with their titles.

Plaintiff sued the presiding and special judges in their official capacities but identified them using the names of officials who were, at the time of filing, responsible for creating and

14

implementing pretrial detention-related procedures. Since then, the presiding judge has changed, and the name of the new judge, William LaFortune, has been substituted for that of his predecessor, William Musseman. ECF No. 135. Several of the special judges have retired from their positions, while other individuals, not specifically named in the caption, have been elected to the position or have been assigned to carry out relevant responsibilities. Accordingly, the complaint should be amended to reflect these changes under Rule 25 (d).  This amendment is purely ministerial.  Because the Judicial Defendants are sued in their official capacities, anyone who now holds any of the identified positions has already automatically be substituted as a defendant; while "[t]he court may order substitution at any time, . . . the absence of such an order does not affect the substitution." *See* Fed. R. Civ. P. 25 (d). Rule 17(d) permits the caption to designate the judicial defendants "by official title" rather than by name.

Finally, Plaintiff moves to update the factual allegations to reflect the changes made in defendants' pre-trial proceedings since filing of the lawsuit, in particular judicial defendants' creation of a bond docket.  Absent amendment, the operative complaint no longer describes all aspects of the relevant proceedings that are already the subject of discovery and litigation. The supplemental factual allegations proposed in the Second Amended Complaint, reflecting events after the initial complaint's filing, do not affect Plaintiff's claims or the conduct of the case. Plaintiff wishes to make the additions and edits describing the bond docket only so that, if a new complaint is filed, it will be accurate.

## <u>CONCLUSION</u>

For the foregoing reason, Plaintiff respectfully requests that this Court grant his motion to Amend.   Ashton Lee Dennis respectfully requests that the Court grant his motion to intervene.

Dated: December 20, 2020

Respectfully Submitted,

/s/ Hayley Horowitz
Hayley Horowitz
Phoebe Kasdin
Still She Rises, Tulsa
567 E. 36th Street
North Tulsa, OK 74106
hayleyh@stillsherises.org
phoebek@stillsherises.org
918-392-0867

Civil Rights Corps
Charles Gerstein*
Alexandria Twinem*
Ryan Downer*
D.C. Bar No. 1033346
Civil Rights Corps
1601 Connecticut Avenue NW
Suite 800
Washington, DC 20009
202-844-4975
charlie@civilrightscorps.org
ryan@civilrightscorps.org
Alexandria@civilrightscorps.org

Hogan Lovells US LLP
Allison Holt Ryan*
Michelle Kisloff*
555 13th Street NW
Washington, DC 20004
202-637-5600
allison.holt-ryan@hoganlovells.com
michelle.kisloff@hoganlovells.com

Vassi Iliadis*
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
310-785-4600
Vassi.iliadis@hoganlovells.com

*Admitted to practice pro hac vice

16

*Attorneys for Plaintiff Richard Feltz and for proposed
Intervenor-Plaintiff Ashton Dennis*

**Certificate of Service**

I hereby certify that on the 20th day of December, 2020, I caused a copy of the foregoing document to be served on all parties by the Electronic Case Filing System for the United States District Court for the Northern District of Oklahoma.

/s/ Hayley Horowitz
Hayley Horowitz