# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD FELTZ, on behalf of himself and others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY, et al.,<br><br>       Defendants. | Case No. 18-cv-0298-CVE-JFJ |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT AND NON-PARTY ASHTON DENNIS'S MOTION TO INTERVENE**

Plaintiff Richard Feltz and non-party Ashton Dennis file this reply in support of their respective motions to amend the complaint and to intervene. ECF Nos. 224, 225.

## PRELIMINARY STATEMENT

Movants' proposed edits to the complaint will have no impact on the way this case is litigated. They ask to: (1) add as a named plaintiff a man who is already a putative class member; (2) update the allegations to reflect facts as they have developed and been revealed in discovery; and (3) update judicial defendants' designation in the caption, so that when prospective relief issues, it is directed at the persons who exercise relevant authority. The proposed complaint does not add any new claims or introduce facts or theories that have not been explored in discovery and addressed in prior briefing.

The proposed complaint's only impact will be to ensure that the case is not dismissed in if Mr. Feltz is found to be an inadequate representative to challenge defendants' bail practices on behalf of the putative class. In all other respects, it will have no effect on the case's scope or progress. No new discovery will be needed. No deadlines will be affected. No new legal arguments will arise. Indeed, even defendants' arguments in opposition to these motions have all been made in earlier briefing—each having been resolved in plaintiff's favor, or made in connection with a motion still under advisement, awaiting resolution on a complete evidentiary record. Without prejudice to either party, the proposed complaint will guarantee that, after two years of litigation, the case can be resolved on the merits. The motions should be granted.

## ARGUMENT

**I.    Granting the Motions Will Cause No Delays or Prejudice.**

Defendants insist that filing a new complaint and adding a named plaintiff will delay the case, but they identify no deadline that will be affected. *See* ECF No. 236 at 3-4. The motions

1

were filed with over a month left in discovery. Mr. Dennis was disclosed as a witness, and has already been deposed. If the motions are granted, plaintiffs will not seek any extensions or request further discovery.[1] Defendants do not argue that they require any additional discovery.

The proposed complaint requires no further discovery because its claims are identical to those currently being litigated on behalf of putative class members, including Mr. Dennis. This continuity means that defendants will suffer no prejudice. Defendants acknowledge that "undue prejudice is the most important factor in deciding a motion to amend." ECF No. 236 at 5 (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207-08 (10th Cir. 2006)). Prejudice occurs when "amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues"; conversely, a district court errs if it denies leave to amend where "there is a significant overlap in the factual underpinnings and defenses" of a proposed amended complaint and the ongoing litigation. *Minter*, 451 F.3d at 1208. Plaintiff's due process and equal protection claims in the operative and proposed complaints are identical, *see* EFC 226-1, at 35-36, and whether the present motions are granted, the parties will litigate them based on the facts as they currently exist and have been revealed in discovery. The proposed complaint's impact is limited to the effects of any finding that Mr. Feltz's personal claims are moot, or his respresentativeness inadequate.[2]

---

[1] Defendants note that plaintiff served written discovery requests several days after the motions to amend and intervene were filed. *See* ECF No. 236 at 3-4. The two events were not related, *see generally* ECF No. 235 (describing the requests), and accordingly defendants do not argue that the proposed amendment has occasioned an expansion of discovery. *Id*.

[22] Defendants cite the alleged mootness of Mr. Feltz's claims as a reason to deny him leave to amend. ECF No. 236 at 11-12. This has it backwards. Defendants' mootness arguments are precisely the reason Mr. Feltz's motion should be granted. *See* ECF No. 226 at 5-7 (citing case law affirming propriety of amending a complaint to cure an allegation that a class representative's claims are moot). The motion to amend could not be denied on the basis of mootness in any event, because whether the case is moot turns on many questions of disputed

2

Defendants identify three supposed differences between the proposed complaint and the present litigation that they claim will cause prejudice: (1) the reassertion of dismissed claims, (2) the addition of a "failure to train" claim, and (3) a "shift" in claims "from bail procedures at the time the complaint was filed to attacking procedures in place following adoption of LC2." ECF No. 236 at 4-5; *see also id.* at 13-14. None of these is accurate. First, movants do not aim to revive dismissed claims. They included previously dismissed claims in their proposed complaint to preserve them for appeal, not to litigate them here. See ECF No. 226 at 2 n.3.[3]

Second, movants have not added a new "failure to train claim." From the case's inception, named plaintiffs have alleged that putative class members' due process rights are and will continue to be violated in part because of the presiding judge's exercise of his supervisory authority over the scheduling, scope, and conduct of arrestees' initial appearances. *See, e.g.*, ECF No. 48 at 10 (reinstating due process claim against presiding judge because of his supervisory authority over the conduct of first appearances). The presiding judge's training practices have been a clear and consistent aspect of this claim and a subject of discovery from the outset.[4] The

---

fact, pertaining to the constitutionality of defendants' current bail practices. *See generally* ECF No. 173 (Pls.' Opp, to Defendants' Third Mot. to Dismiss). The Court has already held that it requires a complete factual record to evaluate those practices' constitutionality. *See* ECF 191 at 25 ("The Court lacks a full record . . . it would be imprudent for the Court to decide the constitutionality of the bail system at this time.").

[3] Movants' opening brief addressed this issue only with respect to the Sixth Amendment claim, overlooking this Court's dismissal of the equal protection claim against the special judges. Movants now clarify that that claim is likewise included in the proposed complaint for purposes of preservation, and that movants will not pursue the claim further in this court in light of the Court's having dismissed it. *See* ECF No. 236 at 13; *see also* ECF No. 48 at 20. Should the court direct them to do so, movants will remove the two previously dismissed claims and related prayers for relief from the complaint before filing, while preserving their objections.

[4] *See*, ECF No. 25 ("Plaintiffs seek an injunction governing [the] actions . . . of [the court's] chief administrative officer, which include . . . training"); ECF No. 235-1 ¶¶ 7, 9, 18 (Pls.' First Discovery Reqs., including demands for training documents); ECF No. 183, at 18-19 (authorizing deposition of Presiding Judge Musseman, where plaintiffs sought to testimony on

proposed complaint includes more specific allegations learned over the course of discovery. Defendants do not explain how movants' effort to elucidate the facts supporting claims that have always been part of the litigation will cause them prejudice.[5] *See U.S. v. Item 1: A 1990 Jeep Cherokee*, 147 F. App'x 775, 777 (10th Cir. 2005) (leave to amend properly granted, two years into litigation, to clarify "basis for the theory [plaintiff] has asserted all along"). "[W]here the facts on which [even] a previously unasserted claim is based are all known or available to all parties, there is no prejudice in allowing an amended complaint." *Buder v. Merrill Lynch, Pierce. Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981).

Finally, the proposed complaint's allegations that address the legality of current bail practices under Local Rule 2 do not effect a "shift" in the litigation; they are updates made to reflect a shift that has already occurred in both defendants' real-world detention policies and the matters that have been and will remain the lawsuit's focus, regardless of whether a new

---

topics including "the court's general policies and practices for training, disciplining, and overseeing special judges[,] . . . the legal authorities that special judges are trained and required to rely on, and the procedures and substantive standards that they are trained and required to use in imposing pretrial release conditions").

[5] Defendants argue that the claim against the presiding judge fails on the merits, but that cannot be resolved as a matter of law. It is appropriately addressed on a full record, and not shoehorned into an argument concerning Rule 15. *See, e.g.*, *Lariviere, Grubman & Payne, LLP v. Phillips*, No. 07-cv-1723, 2010 WL 2844361, at *13 (D. Colo. Jul. 15, 2010); *Pearl Brewing Co. v. Joseph Schlitz Brewing Co.*, 415 F.Supp. 1122, 1125 (S.D. Tex. 1976) (factual disputes "are improperly inquired into" at the amendment stage). Defendants cite *Connick v. Thompson*, 563 U.S.51 (2011), to argue that evidence of a failure to train can never be used to support a claim against a defendant who supervises lawyers. But that is not what *Connick* held. In *Connick*, plaintiff sought to recover damages from a District Attorney based on a single incident of subordinate misconduct. *Id*. at 63. The Court held that a supervisor's failure to train prosecutors in *Brady* obligations did not establish the District Attorney's liability where the plaintiff did not "prove a pattern of similar violations." *Id*. at 63-64, 72. Here, movants have alleged a pattern of constitutional violations; whether one exists is a question of fact. *See Strickland v. Yarbrough*, No. 08-cv-74, 2011 WL 6009628, at *17 (N.D. Okla. Dec. 1, 2011) (official is liable for due process violation for "acquiescence in a long-standing practice or custom which constitutes the 'standard operating procedure' of the [government entity]")).

complaint is filed. Defendants' pretrial detention practices have constantly evolved over the course of this suit, and at every stage, the constitutionality of the most recent practices has been the subject of discovery and motion practice. *See, e.g.*, ECF No. 58 at 3-4 (arguing that newly adopted bond docket did not cure constitutional violations alleged in operative complaint); ECF No. 157 (arguing that pretrial release practices under Local Rule 2 are constitutional); ECF No. 173 (arguing that class members' rights continue to be violated under Local Rule 2); ECF No. 191, at 25 (considering, but reserving judgment on, the constitutionality of defendants' ongoing bail practices until a full record is developed). Defendants will not plausibly suffer prejudice if the complaint is updated to reflect the facts and theories that are already being litigated. Defendants do not show that this or any other aspect of the proposed complaint will cause them to litigate the case any differently than they already have been.

## II.     Defendants' Jurisdictional Arguments Have Already Been Rejected

Defendants try to resurrect two jurisdictional arguments that have already been rejected. First, they urge abstention under *Younger v. Harris*, 401 U.S. 37 (1971). *See* ECF No. 236 at 8-9. This Court has held that *Younger* does not apply. ECF No. 48, at 13, 15. *Younger* requires that "state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Id.* (quoting *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003)); *see also Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) ("*Younger* requires . . . the availability of an *adequate* state-court forum"); *Ogala Sioux Tribe v. Fleming*, 904 F.3d 603, 613 (8th Cir. 2018) (applying *Younger* where "[t]he best evidence about South Dakota is that state procedures provide an adequate remedy for alleged violations of federal law"). This lawsuit challenges putative class members' detention between arrest and arraignment *without access to an adequate judicial forum* to litigate its constitutionality.

5

Defendants counter that arrestees can "fil[e] a motion to reduce bond at any time after the appearance on the bond docket, or a writ to the Oklahoma Court of Criminal Appeals." ECF No. 236 at 11. This ignores plaintiff's allegations that, "[f]or anyone who is jailed because she cannot afford to pay for her release, and who cannot afford to hire an attorney, the first opportunity to file a bail-reduction motion comes six or more days after arrest when attorneys are first appointed." ECF No. 226-1 at ¶ 104. A forum that is inaccessible until after arraignment is not an available for litigating the legality of pre-arraignment detention. "[L]ater plenary review on direct appeal" after prosecution may be available to challenge conduct of criminal proceedings themselves, *Winn*, 945 F.3d at 1258, but that cannot help putative class members retroactively avoid the unconstitutional loss of their fundamental right to liberty in the days following arrest. *See* ECF No. 48, at 13 (holding that *Younger* does not apply in this case because illegal pretrial detention "cannot be raised in defense of any plaintiff's criminal prosecution"). *Younger* does not bar this action and offers no basis for denying leave to file the proposed complaint.

Similarly, the Court has already rejected the argument that a person in Mr. Dennis's position lacks standing to sue due to a lack of "nexus" between his injury and the respective judicial defendants. ECF No. 236 at 16. Defendants moved to dismiss Mr. Feltz's original complaint on the same grounds—that named plaintiffs had "not actually alleged that they . . . had any contact with any of the Defendant Judges." ECF No. 24 at 5-6; *see also* ECF No. 236 at 8 (arguing that plaintiffs cannot sue judges whom they have not personally appeared before). The Court rejected the argument, holding that plaintiffs properly alleged *future* injuries that were traceable to policies established and maintained by the presiding judge, and likely to be adhered to by special judges who would preside over arrestees' first appearances. ECF No. 48 at 8-12.

6

### III.  Mr. Dennis Has the Right to Intervene.

Defendants challenge Mr. Dennis's right to intervene with two puzzling arguments. First, they argue he should have sought intervention earlier, although he filed six days after he was arrested and first subjected to the challenged bail practices. *See* ECF No. 226 at 14. Defendants emphasize the time that has passed since the case was filed, but the time from filing to intervention is not a significant factor in determining an intervention motion's timeliness. Important factors instead "includ[e] the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Sanguine, Ltd. v. U.S. Dep't of the Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984). Defendants cite *Sanguine* for the proposition that "[c]ourts are normally reluctant to grant a motion to intervene at a late stage in the proceedings or after entry of judgment," *id*. at 1419, but the present motions were not filed at a late stage. They were filed with more than a month of fact discovery remaining.[6] Moreover, *Sanguine* affirmed an order granting leave to intervene *after entry of judgment*, because the movants had not learned of their interest in the action until that time. *Id*. at 1419. Here, given the speed with which Mr. Dennis moved to intervene following his arrest and the lack of prejudice to any parties, his motion is timely.[7]

Defendants next acknowledge that Mr. Dennis must satisfy a "minimal" burden of showing that Mr. Feltz's "representation of his interest *may be* inadequate," yet they go on to

---

[6] This case's duration is a not a reliable indicator of its progress. It has been pending since June 2018, but a discovery schedule was not entered until June 1, 2020, ECF No. 196, and fact discovery is only now ending. *See* ECF No. 215. The case involved long periods of inactivity due to the dismissal and reinstatement of the original complaint and multiple stays, *see* ECF No. 63 (describing delays).

[7] Defendants seem to imply that someone *else* might have intervened sooner, *see* ECF No. 236, at 18-19. The relevance to Mr. Dennis's right to intervene is hard to discern.

7

argue that that he fails to meet this burden because he shows only that Mr. Feltz *may be* dismissed as an inadequate lead plaintiff. ECF No. 19-20 (internal quotation marks omitted; emphasis added). Defendants do not believe that Mr. Feltz should be allowed to pursue the class relief sought; in motions that remain pending, they have advocated for the case's dismissal and against class certification based on his alleged non-representativeness and the supposed mootness of his claims. *See* ECF No. 157; ECF No. 51. Movants dispute defendants' arguments but recognize that the Court may rule in their favor, creating sufficient doubt" that the court will allow Mr. Feltz to pursue the their joint objectives. *Trivovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 (1972) (reversing denial of intervention motion without determining adequacy given *risk* of inadequacy). Mr. Dennis has a right to intervene in light of this doubt.

### IV.     The Caption Should be Updated to Reflect Substituted Parties.

Plaintiff sued, in their official capacities, the presiding judge, who administers the court, and the special judges who make bail determinations and conduct proceedings between arrest and arraignment. ECF No. 32 at ¶¶ 20-22. As judges have been replaced, and dockets and duties reassigned, the originally named judicial defendants have been automatically and continuously substituted by operation of Rule 25(d) with new officials who have come to carry out relevant duties.[8]

It would be easy to list the names of the people carrying out those duties today: the current presiding judge, and all special judges, who oversee pre-arraignment proceedings on a

---

[8] Defendants object that this substitution allows for litigation against officials who, personally, are not specifically alleged to have engaged in unlawful conduct. Because the relief sought by an official-capacity claim "is only nominally against the official and in fact is against the official's office and thus the sovereign itself," *Lewis v. Clarke*, ---- U.S. -----, 137 S. Ct. 1285 (2017), it does not matter whether the persons holding the relevant authority at any given time have ever personally engaged in the complained-of conduct, or even whether their title is the same as anyone else who has. ECF No. 121, at 2-4.

8

rotating basis. ECF No. 226-1 at ¶¶ 20, 21. "At this point in time," however, "it is not possible to state with certainty who those officials will be" when relief issues. *Air Line Pilots Ass'n, Int'l v. C.A.B.*, 750 F.2d 81, 87 (D.C. Cir. 1984). That does not render the people sued any less individual state actors under § 1983; it just means that their specific identities are presently unknown and subject to automatic substitution. *See Air Line Pilots Ass'n*, 750 F.2d at 87.

Defendants complain that this automatic substitution does not follow a one-to-one correspondence with judges named in the original complaint. That is simply how Rule 25(d) operates. "[S]ubstitution under Rule 25(d) is not limited to the technical successor of the original officer in the action[; it] extends to persons to whom the duties and responsibilities of the original officer have been transferred." *Cintron v. Vaughn*, No. 69-cv-13578, 2007 WL 4240856, at *14 (D. Conn. Nov. 29, 2007); *see also Porter v. Am. Distilling Co.*, 71 F. Supp. 483, 489 (S.D.N.Y. 1947) (under Rule 25(d), "it is not necessary that one individual succeed another in the same office; they are equally applicable where the duties of one are transferred to another").

The caption should be updated to reflect the persons who hold, or will hold, the relevant positions of authority. Plaintiffs' request to name them by their titles is ministerial. If the Court prefers, Plaintiff can identify by name the current presiding judge and every special judge, based on allegations that they all rotate to oversee pre-arraignment proceedings. ECF No. 226-1 at ¶¶ 20, 21.  Plaintiff will file the proposed complaint with its caption styled however the Court directs.

9

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court grant his motion to amend, and Ashton Dennis respectfully requests that the Court grant his motion to intervene.

Dated: January 25, 2021

                                          Respectfully Submitted,

                                        /s/ Hayley Horowitz
                                        Hayley Horowitz
                                        Phoebe Kasdin
                                        Still She Rises, Tulsa
                                        567 E. 36th Street
                                        North Tulsa, OK 74106
                                        hayleyh@stillsherises.org
                                        phoebek@stillsherises.org
                                        918-392-0867

                                        Civil Rights Corps
                                        Charles Gerstein*
                                        Alexandria Twinem*
                                        Ryan Downer*
                                        D.C. Bar No. 1033346
                                        Civil Rights Corps
                                        1601 Connecticut Avenue NW
                                        Suite 800
                                        Washington, DC 20009
                                        202-844-4975
                                        charlie@civilrightscorps.org
                                        ryan@civilrightscorps.org
                                        alexandria@civilrightscorps.org

                                        Hogan Lovells US LLP
                                        Allison Holt Ryan*
                                        Michelle Kisloff*
                                        555 13th Street NW
                                        Washington, DC 20004
                                        202-637-5600
                                        allison.holt-ryan@hoganlovells.com
                                        michelle.kisloff@hoganlovells.com

Vassi Iliadis*
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
310-785-4600
vassi.iliadis@hoganlovells.com

*Admitted to practice pro hac vice*

*Attorneys for Plaintiffs*

**Certificate of Service**

I hereby certify that on the 25th day of January, 2021, I caused a copy of the foregoing document to be served on all parties by the Electronic Case Filing System for the United States District Court for the Northern District of Oklahoma.

/s/ Hayley Horowitz
Hayley Horowitz