UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD FELTZ, on behalf of himself and all other similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF TULSA, *et al.*, <br><br> *Defendants*. | <br><br><br><br><br><br><br><br> Case No. 18-CV-0298-CVE-JFJ |

## **PLAINTIFF'S MOTION TO EXTEND DISCOVERY**

Plaintiff respectfully requests that the Court schedule a telephonic status conference to address case management and scheduling in light of several pending motions and their impact on upcoming expert discovery deadlines. In the alternative, Plaintiff requests a 60-day extension of the expert discovery and motions schedule to allow for resolution of various discovery motions concerning plaintiffs' efforts to obtain court data, and for the production of any data ordered to be produced. The judicial defendants do not consent to the motion, while defendants Tulsa County Commissioners and Sheriff take no position.

In support of this motion, Plaintiff states the following:

1. On June 1, 2020, the Court entered a Joint Discovery Scheduling Order, ECF. No. 196. Fact discovery was extended three times without objection from any party to accommodate deposition scheduling complications arising from COVID-19, deposition scheduling conflicts for one of the judicial witnesses, additional time needed for defendants to produce documents and for

plaintiff to review those documents, and disputes regarding a third-party subpoena pursued by Plaintiff. *See* ECF Nos. 199, 207, 215.

2. Under the schedule currently in effect, fact discovery was completed on January 25, 2021, and plaintiff's expert reports are due on February 26, 2021. However, plaintiff is not yet in possession of certain data necessary for the preparation of expert reports. Plaintiff's entitlement to that data is the subject of several motions presently pending before the court.

3. On June 2, 2020, plaintiff requested that judicial defendants produce data necessary to show the ways in which money bail is used in Tulsa County and its impact on arrestees and their criminal cases. On July 1, 2020, judicial defendants responded with multiple objections to producing the data, including relevance, proportionality and burden. From July through September, counsel for plaintiff and the judicial defendants negotiated the request, and plaintiff obtained information about the type of data stored by the court system and the manner in which it is stored. Based on that information, by the end of September, plaintiff was able to narrow his requests to relevant fields of data maintained in the court's database. By letter dated September 28, 2020, plaintiff demanded that judicial defendants produce data from those specific fields in response to his June 2 document request. In response, on October 6, 2020, judicial defendants represented for the first time that they could not produce the data because it was maintained by, and would have to be requested from, the Oklahoma Administrative Office of the Courts.

4. Plaintiff immediately prepared a subpoena, dated October 9, 2020, requesting the data from the Director of Court Administration. Personal service on the Director was complicated by COVID-19 restrictions on access to government buildings and remote work schedules, but was completed on October 15, 2020. Plaintiff then began an in-depth and informative conversation with counsel for the Director, in which Plaintiff obtained new information about the available data,

possible methods of extraction, and possible impediments to production. Following continuous telephone and email communications between October 30 and November 20, in which counsel for plaintiff and the Director attempted to reach a resolution without court intervention, plaintiff concluded that the data he had requested was available and could reasonably be produced, and determined that such intervention was necessary. On November 25, 2020, plaintiff filed a motion to compel the Director's production of data in compliance with the October 9 subpoena. *See* ECF No. 210. Briefing on the motion was stayed to allow resolution of a competing motion to quash filed by the Director in the Western District of Oklahoma, but was resumed after the competing motion was dismissed, *see* ECF Nos. 219, 232. Briefing was completed on January 11, 2021, with the filing of plaintiff's reply brief. *see* ECF No. 237.

5. Meanwhile, plaintiff has sought discovery from judicial defendants concerning their claimed inability to access the requested data, so that plaintiff can be in a position to evaluate, and if necessary, challenge their asserted inability to comply with plaintiff's document request should plaintiff not be permitted to obtain the data from the Director. Plaintiff's request for information about the judicial defendants' access to the data is the subject of a motion for a protective order filed by the judicial defendants on January 11, 2021. Briefing on that motion is ongoing. Plaintiff filed his opposition on February 1, 2021, and judicial defendants' reply is expected to be filed on February 8.

6. The data at issue in these disputes is needed for plaintiff's expert report preparation. Among plaintiff's anticipated experts is a data analyst who will use the data to report on, among other things: (1) when and how bond is imposed and changes over the course of criminal cases; (2) the relative criminal case outcomes for defendants who are and are not detained due to an inability to afford money bail; (3) how many defendants are detained because they are unable to afford bail

and how long they spend in jail; (4) the impact of money bail and other pretrial release conditions on failure to appear and re-offense rates; and (5) the degree to which defendants' adoption of new pretrial detention procedures has or has not constituted a meaningful change in any of these respects. *See also* ECF No. 237 at 2-4 (identifying some of the ways in which plaintiff intends to use the data).

7. Plaintiff cannot complete his expert reports without knowing whether he will have access to the data, and, if so, without having obtained it. Because they are the subject of pending motions, Plaintiff does not know at this time how long it will take for these matters to be resolved, and all relevant data to be produced.

8. Plaintiff therefore respectfully requests a status conference with the court to address these matters and determine the best way to proceed.

9. In the alternative, plaintiff requests a sixty-day extension of outstanding deadlines to allow time for resolution of the discovery disputes that have been presented to the court. Plaintiff proposes as follows:

- The deadline for Plaintiff's expert reports and disclosures would be extended from February 26, 2021 to April 27, 2021

- The deadline for Defendants' expert reports and disclosures would be extended from March 29, 2021 to May 28, 2021.

- The deadline for all discovery would be extended from May 3, 2021 to July 2, 2021.

- The deadline for dispositive and *Daubert* motions would be extended from June 11, 2021 to August 10, 2021.

The Court has not yet set a trial date for this case. Thus, if the proposed schedule for discovery and motions set out above is adopted by the Court, it would not have any impact on the trial.

10. Plaintiff respectfully requests that the Court enter the attached order, directing the parties to appear for a telephonic conference at the Court's convenience. In the alternative, plaintiff requests that the Court enter an order imposing the deadlines set forth above.

Date: February 3, 2021

/s/ Hayley Horowitz
Hayley Horowitz
STILL SHE RISES, INC.
567 E. 36th Street North
Tulsa, OK 74106
Telephone: (918) 392-0867
hayleyh@stillsherises.org

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of February 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. I further certify that a true and correct copy of the foregoing document was sent via the Court's ECF System to all registered parties.

/s/ Hayley Horowitz
Hayley Horowitz