IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD FELTZ, et al., on behalf of himself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF TULSA, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 18-CV-0298-CVE-JFJ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Before the Court are Plaintiff's Second Motion to Amend the Complaint (ECF No. 224); Ashton Dennis's Motion to Intervene (ECF No. 225); and the brief supporting both motions (ECF No. 226). The motions were referred to the undersigned.

**I.     Background**

The remaining named Plaintiff is Richard Feltz ("Feltz"). Currently named Defendants are Board of County Commissioners of Tulsa County ("County"); Vic Regalaldo, Tulsa County Sheriff, in his official capacity ("Sheriff"); William Lafortune, in his official capacity as Tulsa County District Court Judge ("Presiding Judge"); and current and former Tulsa County Special Judges, in their official capacities, who were special judges at the time the Complaint was filed in June 2018 ("Special Judges") (collectively "State Judges").

Relevant to the Court's analysis are the following facts.[1]  Feltz was allegedly subjected to unconstitutional bail-setting procedures in Tulsa County District Court in June 2018. Feltz seeks

---

[1] The district judge summarized the factual allegations in the First Amended Complaint ("FAC") in an Opinion and Order dated March 15, 2019, ECF No. 48, and summarized factual developments in an Opinion and Order dated May 11, 2020, ECF No. 191. This Order assumes familiarity with such facts, and the Orders are incorporated herein by reference.

certification of a class defined as "[a]ll people who are or will be detained in the Tulsa County Jail because they are unable to pay a secured financial condition of release." FAC, ECF No. 32 at ¶ 112.

Based on prior rulings in the case, Feltz's remaining claims are: (1) Presiding Judge, Sheriff, and County violate his equal protection and due process rights against wealth-based detention by jailing him because he cannot afford a monetary payment ("count 1"); and (2) all Defendants violate his right to pretrial liberty by jailing him without providing procedural due process ("count 2"). Feltz seeks prospective injunctive and declaratory relief against Presiding Judge, Sheriff, and County. Feltz seeks only prospective declaratory relief against Special Judges. *See* ECF No. 48.

After the case was filed, the "bond docket" was created in October 2018. Creation of the bond docket altered the challenged policies and procedures. In August 2019, Local Criminal Rule 2 was passed, which contains the current procedures. *See* ECF No. 191. The FAC does not reflect these changes, and there is currently no named plaintiff who appeared on the bond docket created in October 2018.

With respect to scheduling, the district judge set a schedule with deadlines for joinder of parties, written discovery, deposition discovery, and dispositive motions. ECF No. 69, 70.[2] The deadline for joinder of additional parties expired July 15, 2019 and has not been extended. ECF No. 69. After resolution of discovery disputes and a motion for preliminary injunction, the parties agreed to a new scheduling order governing combined class certification and merits discovery, which set deadlines for fact discovery, expert discovery, and dispositive motions. ECF No. 196.[3]

---

[2] The class certification motion was already pending, and the parties were to move for a class certification hearing after reaching stipulations and/or conducting adequate class certification discovery. The parties failed to reach stipulations and are now completing class certification and merits discovery.

[3] This schedule has been extended by joint request of the parties, and recently over State Judges' objection.

The parties have engaged in discovery regarding relevant policies and procedures in place from June 2018 to the present, including written and deposition discovery. State Judges filed two pending Rule 12(b)(1) motions raising *factual* challenges to subject matter jurisdiction. ECF No. 104 (challenging Feltz's standing to assert claims against certain Special Judges); ECF No. 157 (challenging whether Feltz's claim is moot due to policy changes after lawsuit filed).

According to the proposed Second Amended Complaint ("SAC"), on December 16, 2020, proposed plaintiff Ashton Dennis ("Dennis") was jailed after a bond hearing before Special Judge Tanya Wilson. ECF No. 226-1 at ¶¶ 28-34. On December 20, 2020, approximately one month prior to the fact discovery deadline of January 25, 2021, Feltz filed the current motion to amend under Rule 15(a). Dennis filed the current motion to intervene under Federal Rule of Civil Procedure 24(a) and (b). The Court grants the motion to amend, including adding Dennis as a plaintiff, with modifications explained below. The Court does not reach Dennis' motion to intervene.[4]

## II. Motion to Amend

Feltz seeks to amend the FAC pursuant to Federal Rule of Civil Procedure 15(a)(2) or Rule 15(d), for the purposes of: (1) adding Dennis as a named plaintiff and class representative; and (2) updating factual allegations. Feltz submitted a redlined version of the SAC, showing all proposed changes. ECF No. 226-1. State Judges filed an objection to amendment, arguing undue delay, undue prejudice, and futility.

### A. Legal Standards

After a scheduling order deadline, a party seeking leave to amend must demonstrate: (1) good cause for seeking modification under Federal Rule of Civil Procedure 16(b)(4), and (2) satisfaction

---

[4] Because the Court grants the motion to amend seeking the same relief as the motion to intervene, the Court denies the motion to intervene as moot. *See Archuleta v. City of Santa Fe*, No. CV 13-363 JAP/SCY, 2014 WL 12782788, at *1 n.2 (D.N.M. Dec. 22, 2014) (denying motion to intervene as moot, where court granted motion to amend seeking same result).

3

of the Rule 15(a) standard. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Rule 16(b)(4) provides that a schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4).[5] Rule 15(a)(2) provides that "the court should freely give leave when justice so requires." *Id.* Denial of leave to amend is appropriate in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 83 S. Ct. 227, 230 (1962). Whether a nonmovant will suffer undue prejudice is the most important factor in the Rule 15(a)(2) analysis. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).

With respect to futility, a proposed amendment is futile if the amended complaint would be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). *Fields v. City of Tulsa*, 753 F.3d 1000, 1012-13 (10th Cir. 2014). Because a futility analysis relies upon a Rule 12(b)(6) standard, a court may not consider evidence outside the pleadings. *Jeter v. Wild W. Gas, LLC*, No. 12-CV-411-TCK-PJC, 2015 WL 5970992, at *4 (N.D. Okla. Oct. 14, 2015).

**B.     Analysis**

Considering relevant legal standards and all facts and circumstances surrounding this proceeding, the Court grants the motion to amend as explained below.

**1.     Judicial Economy/Interests of Justice**

Amendment serves the interest of judicial economy. The case has proceeded against Defendants since 2018, including discovery on the procedures to which Feltz was subjected and the current procedures to which proposed plaintiff Dennis was subjected. It serves judicial economy to permit putative class members who are or will be detained under the current procedures to assert

---

[5] Due to overlapping considerations, the Court addresses good cause/undue delay together below in Part II.B.3.

their claims in the current litigation, rather than require them to file a separate class action to protect their rights. *See Archuleta v. City of Santa Fe*, No. CV 13-363 JAP/SCY, 2014 WL 12782788, at *5 (D.N.M. Dec. 22, 2014) (permitting amendment to add new plaintiff to putative class action where proposed amendment arises out of same subject matter and involves same defendant, because amendment "promotes efficiency and reduces costs by allowing Plaintiffs to bring related claims in one proceeding rather than requiring . . . a separate class action"). Adding Dennis as a plaintiff and updating the factual allegations to include current procedures is the most practical way to proceed, considering how this litigation has evolved after filing. All issues presented by the FAC and the proposed SAC should be resolved in this single action rather than piecemeal litigation.

Amendment serves the interest of justice. While Feltz maintains his claims are not moot (as he has throughout the case), he now desires to add a plaintiff who has been subjected to the current procedures and update his allegations to reflect these procedures. This is a permissible basis for adding named plaintiffs in putative class actions prior to or during the class certification process. *See id.* (explaining that courts in the Tenth Circuit have taken liberal approach to permit substitution of new class representatives at various stages in the proceeding); *In re Thornburg Mortg., Inc. Sec. Litig.*, 265 F.R.D. 571, 581 (D.N.M. 2010) (permitting amendment where class allegations already existed, and plaintiffs requested to add a representative plaintiff to address standing concerns); *Lindley v. Life Inv'rs Ins. Co. of Am.*, No. 08-CV-0379-CVE-PJC, 2009 WL 2601949, at *4 (N.D. Okla. Aug. 20, 2009) (reasoning that, "if it becomes clear that class certification is appropriate but plaintiff is not a suitable class representative, plaintiff may pursue his individual claims to completion and a new class representative may be substituted"). Amendment avoids injustice to putative class members who were allegedly unlawfully detained based on the current policies.

### 2. Undue Prejudice

State Judges will not suffer undue prejudice from the permitted amendments. The proposed SAC contains new factual allegations regarding creation of the bond docket, *see* proposed SAC ¶¶ 5, 21, 41, 42, 66, 88-92, and the current procedures to which Dennis was subjected in December 2020, *id.* ¶¶ 27-34. The proposed SAC shifts wording in key respects to reflect policy changes after the case was filed, such as alleging that putative class members are not offered "constitutional" process, rather than alleging putative class members are not offered "any" process. *See, e.g.,* Proposed SAC, ECF No. 226-1 at ¶ 135. The proposed SAC does not alter the class definition, the alleged common questions of fact and law related to counts 1 and 2, or the wording of counts 1 and 2. The proposed SAC contains only minor changes to the injunctive and declaratory relief requested. *See, e.g., id.* at ¶ 148(a) (seeking injunction against "using secured financial conditions of release to detain Plaintiffs and class members without ensuring a *due-process compliant* inquiry," where language used to allege "without ensuring *an* inquiry") (emphasis added).

State Judges have been on notice of the need to defend and litigate the constitutionality of current policies based on Feltz's mootness defense. The constitutionality of current procedures are already presented in pending motions. *See* ECF No. 157. The updated factual allegations and addition of Dennis as a named plaintiff arise out of the same subject matter and will not prejudice State Judges in preparing their defense. *See Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (stating that courts typically find prejudice when amendment unfairly affects the defendants in terms of preparing their case). Nor will the permitted amendments substantially change the issues already being litigated. Nor will the permitted amendments delay the proceedings or expand the scope of discovery. Feltz represents he will not seek additional discovery, Dennis was already deposed (out of an abundance of caution), and State Judges have not stated they will need to

pursue additional discovery based on amendment. The Court finds no undue prejudice.[6]

### 3. Failure to Meet Deadline/Undue Delay

With respect to delay, Feltz argues that: (1) the challenged policies have evolved post-suit, and State Judges first filed their Rule 12(b)(1) motion to dismiss on mootness grounds on April 2, 2020; and (2) while Feltz has consistently maintained (and still maintains) that his claims are not moot, he now seeks to avoid waste of a "substantial amount of litigation effort that would be lost in the unlikely event that the court adopts [State Judge's] mootness arguments." ECF No. 226 at 12. Feltz also urges the Court to exercise its broad discretion to amend deadlines and control the pretrial phase of litigation. *Id.* State Judges argue Feltz has been aware of potential mootness problems since October 2018, and specifically aware of mootness problems posed by Local Criminal Rule 2 at least by April 2020, but failed to diligently pursue amendment.[7]

Exercising its discretion over deadlines and amendment of pleadings, the Court: (1) finds good cause for extending the amendment deadline under Rule 16(b)(4), and (2) finds that Feltz's delay in seeking amendment does not warrant denial of amendment, considering all Rule 15(a)(2) considerations. State Judges first filed a Rule 12(b)(1) mootness challenge in April 2020, which was premised in part on Local Criminal Rule 2's constitutionality. *See* ECF No. 157. Although Feltz was certainly aware of potential mootness problems before that time, these intervening events, which made the policy changes more permanent, provide good cause for Feltz electing not to seek amendment by the July 15, 2019, deadline. The closer question is whether the additional delay until

---

[6] State Judges will suffer some prejudice based on addition of Dennis. State Judges asserted two Rule 12(b)(1) factual attacks on the FAC related to mootness and standing, which will be moot if the Court permits filing of the SAC. This prejudice does not warrant denial of amendment in this case. *See In re Thornburg Mortg., Inc. Sec. Litig.*, 265 F.R.D. 571, 582–83 (D.N.M. 2010) (payment of fees to litigate issues that might eventually become moot does not weigh heavily against permitting amendment).

[7] State Judges do not argue Feltz or his counsel acted with a bad-faith motive in delaying amendment.

December 2020 warrants denial of amendment under Rule 15(a)(2). While the Court would likely be within its discretion to deny amendment based on this period of delay, the Court declines to do so based on other factors. In this case, Feltz maintains his claims are not moot and that he may serve as a named class representative for purposes of seeking the prospective injunctive relief requested in both the FAC and the proposed SAC. There was not a defining event that triggered the motion to amend, except Feltz's counsel's litigation decision as to timing. Feltz risked his claim being deemed moot for some time but has now elected to seek amendment to add a plaintiff subjected to the current procedures. The Court finds that some original delay was reasonable while policies evolved post-suit, and finds that the remaining delay does not outweigh other Rule 15(a)(2) factors favoring amendment. Specifically, there is no undue prejudice to State Judges, and the interests of justice to putative class members and judicial economy weigh strongly in favor of allowing amendment.

### 4. Paragraph 91 – Failure to Train

Although the Court permits amendment, one allegation in the proposed SAC is untimely and unduly prejudicial. Specifically, the proposed SAC alleges that Presiding Judge "has prepared and provided no formal, regular training or evaluation for Special Judges overseeing the bond docket." Proposed SAC, ECF No. 226-1 at ¶ 91. State Judges argue this is an attempt to assert a new constitutional claim or theory of relief against Presiding Judge, independent of counts 1 and 2. In their reply brief, Feltz did not deny that this allegation is a separate claim for relief against Presiding Judge. Instead, Feltz argued that his "failure to train" theory of liability is not "new," and that it survives a Rule 12(b)(6) analysis. *See* ECF No. 245 at n.5.

The Court finds that proposed ¶ 91 is an attempt by Feltz to assert a new claim or theory of liability based on Presiding Judge's actions of failing to train Special Judges. This is untimely and unduly prejudicial, because State Judges were not on adequate notice they were defending a "failure to train" claim during the discovery process. The Court rejects Feltz's argument that any

independent "failure to train" claim was subsumed in the FAC's general assertion that Presiding Judge exercises supervisory authority over the bond docket and initial appearances. The Court also rejects Feltz's argument that, because Feltz conducted discovery on training of Special Judges, amendment should be permitted. Although Special Judges' training is relevant to the factual question of how they conduct the bond docket and whether they follow any uniform set of rules or policies at the direction of Presiding Judge, this does not equate to adequate notice that Feltz intended to assert an independent "failure to train" claim against Presiding Judge. In contrast to updated allegations relevant to existing constitutional claims, the updated "allegations" in ¶ 91 seek to create a new method of holding Presiding Judge liable for constitutional violations.

Further, as the parties' futility arguments indicate, Feltz intends to treat this as an independent "claim" for relief that would be subject to a Rule 12(b)(6) motion or dispositive motion. These issues were not raised by State Judges in the first round of Rule 12(b)(6) briefing, because the claim was not clearly asserted or at issue in the FAC. "Failure to train" is a term of art in 42 U.S.C. § 1983 litigation that triggers a host of constitutional questions and legal doctrines. It is unduly prejudicial to force State Judges to newly defend this claim. This ruling does not intend to limit evidence that may be presented regarding how Special Judges conduct the bond docket, including any training they did or did not receive.

### 5. Futility

State Judges appear to assert five futility arguments: (1) the proposed SAC asserts previously dismissed claims; (2) the proposed SAC names only "Presiding Judge" and "Special Judges" rather than individual names of judges, which contravenes *Ex Parte Young*; (3) *Younger* abstention applies;

(4) neither Feltz nor Dennis have a live case or controversy; and (5) any "failure to train" claim fails to state a claim for relief.[8]

### a. Dismissed Claims

The Court will not permit Feltz to assert any previously dismissed claims or related prayers for relief, and these shall be excluded from the SAC. Feltz contends that he included dismissed claims only for purposes of preservation, and he agrees to remove dismissed claims from the SAC if directed to do so. *See* ECF No. 245 at 3 n.3. This futility argument is moot.

### b. *Ex Parte Young* Compliance

The Court agrees with State Judges that actual state officials must be named for purposes of the *Ex Parte Young* doctrine, rather than official titles such as "Presiding Judge." *See Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007) (explaining that *Ex Parte Young* permits suits "aimed against state officers acting in their official capacities" under "admitted fiction" that injunction against state employee in official capacity is distinct from suit against state itself). Feltz does not dispute that Presiding Judges and Special Judges are sued in their official capacities, or that "the originally named judicial defendants have been automatically and continuously substituted by operation of Rule 25(d) with new officials who have come to carry out relevant duties." ECF No. 245 at 8. Feltz also does not object to individually naming the current Presiding Judge and the current Special Judges on the bond docket rotation, recognizing that substitution will be necessary in the event these state officials change prior to the issuance of any relief. *Id.* at 8-9. The SAC shall name William LaFortune, as the current Presiding Judge, and shall name all Special Judges currently on the bond docket rotation.[9] When and if the names of the Presiding Judge change, or the names of

---

[8] State Judges' "futility" arguments are not delineated by headings or clearly outlined. The Court has endeavored to address all points raised.

[9] The parties shall confer to ensure names of Special Judges are correct on the case caption.

10

Special Judges conducting the bond docket change, State Judges shall notify the Court of the need for omission or substitution under Rule 25(d).

### c. *Younger* Abstention

The district judge has already addressed *Younger* abstention. The court held that "Plaintiffs challenged the alleged wealth-based detention system and the legality of pretrial detention procedures and practices," and that this challenge "cannot be raised in defense of any plaintiff's criminal prosecution." ECF No. 48 at 13. The proposed SAC continues to challenge the wealth-based detention system and the legality of pretrial detention procedures and practices. The same *Younger* analysis applies to a Rule 12(b)(6) challenge to the SAC.

### d. Live Case or Controversy

State Judges argue that Feltz and Dennis "lack a live actual case or controversy for different reasons, mootness for [Feltz] and lack of standing for [Dennis]." ECF No. 236 at 12. Upon consideration of State Judge's limited arguments, the Court cannot conclude that Feltz's claim fails a Rule 12(b)(6) "mootness" analysis. State Judges did not cite to or challenge specific jurisdictional allegations in the proposed SAC. They appear to rely instead on their own factual assertions regarding the dissimilarities between the June 2018 policies and the current policies, and factual assertions regarding which judges are capable of providing a remedy. *See* ECF No. 26 at 13. Consistent with these arguments, State Judges previously filed a Rule 12(b)(1) *factual* attack on subject matter jurisdiction on grounds of mootness of Feltz's claim. *See* ECF Nos. 157, 173, 188 (briefing on mootness). These issues will likely require resolution, but they cannot be resolved based on the limited futility arguments asserted in response to the motion to amend.

With respect to Dennis' standing, State Judges refer the Court to their arguments on the motion to intervene. These arguments are limited to Dennis' lack of standing to pursue a Sixth Amendment claim. *See* ECF No. 236 at 16. The Sixth Amendment claim has previously been

11

dismissed by the district judge, and the Court will not permit these dismissed claims to be included in the SAC. This standing argument is therefore moot.

### e. Failure to Train

The Court found this proposed amendment untimely and unduly prejudicial, and it will not be permitted. This futility argument is therefore moot.

### III. Conclusion

The Court Orders as follows:

1. Plaintiff's Second Motion to Amend the Complaint (ECF No. 224) is GRANTED in part and DENIED in part as set forth herein.[10] Dennis' Motion to Intervene (ECF No. 225) is DENIED as moot.

2. By March 3, 2021, Feltz may file a Second Amended Complaint in the form attached as Exhibit 1 to the motion to amend, with the following modifications:

   a. Feltz shall individually name William LaFortune, in his official capacity as Presiding Judge of the District Court for Tulsa County;

   b. Feltz shall individually name all Special Judges who conduct the bond docket on rotation, in their official capacities as Special Judges of the District Court for Tulsa County;

   c. Feltz shall exclude proposed ¶ 91;

   d. Feltz shall exclude previously dismissed claims and related prayers for relief.

3. Plaintiff's Motion to Compel Compliance with Subpoena (ECF No. 210) and State Judges' Motion for Protective Order (ECF No. 235) are set for telephone conference on Wednesday, March 10, 2021, at 10:00 am. The parties should also be prepared to discuss deadlines for filing new

---

[10] Upon Feltz's filing of the SAC, the district judge will moot the following motions, without prejudice to refiling: ECF Nos. 3, 104, and 157.

class certification briefing and a proposed date for a class certification hearing, in relation to the current scheduling order.

**SO ORDERED** this 26th day of February, 2021.

*/s/ Jodi F. Jayne*
**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**