IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD FELTZ and ASHTON DENNIS, on behalf of themselves and all others similarly situated,<br><br>　　Plaintiffs,<br><br>vs.<br><br>BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF TULSA; et al.,<br><br>　　Defendants. | Case No. 18-cv-00298-CVE-JFJ |

**DEFENDANT STATE JUDGES'**
**NOTICE REGARDING SCHEDULING ORDER**

Pursuant to the Court's ruling on March 26, 2021, Defendant State Judges hereby submit their suggestions regarding the scheduling of deadlines in this matter and advise the Court as follows:

On March 31, 2021, all Defendants in this matter filed motions to dismiss the Second Amended Complaint. See Docs. 269, 270, 272 & 273. Under the standard briefing schedule for motions, briefing on these four motions will be complete by May 5, 2021. Plaintiffs have indicated that they would like additional time to respond to the motions and suggest filing their responses by May 5, 2021. Defendant State Judges have no objection to this request; however, all Defendants request an additional 7 days for filing their replies to the responses such that the reply deadline would be May 26, 2021.

Because the motions to dismiss affect the scope of any proposed class by Plaintiffs and the briefing of class issues, Defendant State Judges propose that Plaintiffs' motion for class certification be filed no later than fifteen (15) days after orders on the motions to dismiss are issued. As for a hearing on any motion for class certification, the scope of the hearing is relevant to any

scheduling. A hearing on argument only (as an evidentiary hearing is not always necessary, *see* 1 McLaughlin on Class Actions § 3:13 (17th ed.)) could be scheduled after the briefing cycle is closed and before expert discovery closes unless Plaintiffs desire to use any expert report in support of their motion. Defendant State Judges do not believe an evidentiary hearing is necessary as the briefing should contain all the evidence needed for the Court to consider the appropriateness of class certification. Defendant State Judges further believe that expert testimony or reports are not necessary to determine the issues for class certification and would only potentially present their own expert (or report) if Plaintiffs present expert evidence. Therefore, Defendant State Judges believe that a hearing with argument only about the briefs and evidence contained therein is all that is necessary and can be scheduled after the briefing is complete and should not take more than a half day at most. However, Plaintiffs have indicated that they plan to use expert testimony in their motion for class certification; therefore, any briefing on class certification should be after expert discovery closes.

As for the remaining expert discovery, Defendant State Judges believe it would be prudent to complete this discovery after rulings on the motions to dismiss are made as it will prevent the wasting of resources. By waiting, any expert reports will be tailored to comport with the claims allowed, if any. By proceeding with expert discovery at this time, reports may need to be modified or may be rendered superfluous depending on the Court's rulings on the Motions. However, should Plaintiffs wish to proceed, Defendant State Judges believe that reports should be produced as follows: Plaintiffs' expert reports should be produced 90 days after they receive the AOC data and any reports on expert disclosures by Defendants should be 90 days after Plaintiffs' reports and disclosures. Expert discovery should then close 90 days after Defendants' disclosures and reports are due so that the parties have sufficient time to schedule any expert depositions.

As for *Daubert* and dispositive motions, Defendant State Judges believe that any deadline for those motions should be 90 days after the expert discovery period closes.

Defendant State Judges further believe any trial on the merits would be a bench trial. However, in the initial Joint Status Report to the Court, Plaintiffs requested a jury trial, Doc. 54. Plaintiffs have not withdrawn this request and it has not been briefed to the Court and decided. Defendant State Judges believe any scheduling of a trial is premature at this time such that all related deadlines for trial (i.e. witness and exhibit lists, deposition designations, etc.) and a trial setting should not be made.

Dated April 15, 2021.                                  Respectfully submitted,

                                                    s/ Devan A. Pederson
STEFANIE E. LAWSON, OBA #22422
ERIN M. MOORE, OBA #20787
DEVAN A. PEDERSON, OBA # 16576
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, OK 73105
Telephone:    (405) 521-3921
Facsimile:    (405) 521-4518
Email: stefanie.lawson@oag.ok.gov
erin.moore@oag.ok.gov
devan.pederson@oag.ok.gov
Attorneys for Defendant State Judges

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of April, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and I further certify that on this date a true and correct copy of the foregoing was served on following who are ECF registrants:

| | |
|---|---|
| Kristina Saleh | Alexandria Twinem |
| Hayley Horowitz | Ryan Downer |
| Phoebe Kasdin | Civil Rights Corps |

Still She Rises, Tulsa
567 E. 36th Street North
Tulsa, OK 74106
kristinas@stillsherises.org
hayleyh@stillsherises.org
phoebek@stillsherises.org
*Attorneys for Plaintiff*

1601 Connecticut Ave. NW, Suite 800
Washington, DC 20009
alexandria@civilrightscorps.org
ryan@civilrightscorps.org
alexandria@civilrightscorps.org
*Attorneys for Plaintiff*

Allison Holt Ryan
Michelle Kisloff
Gary Yeung
Hogan Lovells US LLP
555 Thirteenth Street, NW
Washington, DC 20004
allison.holt-ryan@hoganlovells.com
michelle.kisloff@hoganlovells.com
gary.yeung@hoganlovells.com
*Attorneys for Plaintiff*

Vassi Iliadis
Hogan Lovells US LLP
1999 Avenue or the Arts, Suite 1400
Los Angeles, CA 90067
vassi.iliadis@hoganlovells.com
*Attorney for Plaintiff*

Douglas Allen Wilson
DA Office Tulsa-900
500 S Denver Ave Ste 900
Tulsa, OK 74103-3832
*Attorney for Defendant Regaldo and Board of County Comm of County of Tulsa*

Jeb Joseph
Oklahoma Attorney General's Office
313 NE 21st Street
Oklahoma City, OK 73105
Jeb.Joseph@oag.ok.gov
*Attorney for Non-party Jari Askins*

Mike Shouse
Tulsa County District Attorney's Office
218 W. 6th Street., Suite 935
Tulsa, OK 74119
mshouse@tulsacounty.org
*Attorney for Defendants Regalado and BOCC*

                                             s/ Devan A. Pederson
                                             **Devan A. Pederson**