**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RICHARD FELTZ and ASHTON DENNIS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY, et al.,<br><br>Defendants. | Case No. 18-cv-0298-CVE-JFJ |

**PLAINTIFFS' NOTICE REGARDING SCHEDULING ORDER**

As directed, Plaintiffs are providing this notice to propose a schedule for remaining discovery and motions. We have attempted to confer with Defendants but did not reach a consensus. We therefore outline our proposals as well as our objections to Judicial Defendants' alternative proposals. Additionally, Plaintiffs request a two-week extension to respond to the four motions to dismiss that were filed by Defendants on March 31, 2021. Defendants do not object to this request on condition that they be granted an extension for their reply.

**I.      Plaintiffs' Proposed Schedule**

Third-party Jari Askins has requested an approximately one-month extension, from April 16, 2021 until May 14, 2021, to produce data in response to plaintiffs' subpoena, and no party has objected to the extension. We have therefore proposed dates presuming that the production will be made on May 14. Plaintiffs propose the following deadlines, and have emailed to the Court a proposed order that sets forth our requested deadlines as follows:

1

*Expert Discovery*:

- Plaintiffs' expert reports and disclosures to be made by July 14, 2021.
- Defendants' expert reports and disclosures to be made by September 14, 2021.
- Expert discovery to close on October 14, 2021

*Class Certification Motion*

- Class certification motion to be filed by November 9, 2021
- Class certification oppositions to be filed by November 30, 2021
- Class certification replies to be filed by December 14, 2021

*Summary Judgment Motion*

- Summary judgment motions to be filed by December 22, 2021
- Summary judgment oppositions to be filed by filed by January 21, 2022
- Summary judgment replies to be filed by February 11, 2022

**II.     Judicial Defendants' Request to Stay the Discovery Schedule:**

Judicial Defendants have proposed that expert discovery and motions deadlines be suspended in light of the motions to dismiss that they filed on March 31, 2021. Judicial Defendants claim that their motions have the potential to affect the scope of expert discovery, but they have not articulated how, despite Plaintiffs' attempts to seek clarity in advance of today's filings. The new motions do not provide grounds for entering another indefinite stay. The judges' motions to dismiss are their fourth and fifth such motions since the case was filed. See ECF Nos. 24, 104, 157, 269, 270. While these most recent motions are directed at Plaintiffs' amended complaint, the Court has already recognized that the amendments do not "substantially change the issues already being litigated" or "expand the scope of discovery." Opinion & Order Granting Leave to Amend, ECF No. 256, at 6. The amendments updated the caption to reflect a change in judicial office

holders, added a plaintiff who was already a putative class member and whose rights were therefore already at issue, and updated the factual allegations to reflect the matters that were already being litigated. Because the amendments did not change plaintiffs' claims or theories, any arguments to dismiss could have been made at any time during the course of litigation. Indeed, all of the arguments made in Judicial Defendants' present motions have been previously presented to the court and have either been denied or left unresolved; their resolution turns on factual disputes, requiring completion of discovery.

The Sheriff and Board of County Commissioners have also moved to dismiss the claims against them. These motions to dismiss are their first, but even if either of their motions were to be granted, only the nature of the remedy would be affected, not the scope of plaintiffs' claims or the parties' factual disputes.

Plaintiffs oppose Defendants' request to indefinitely stay discovery deadlines pending resolution of motions to dismiss that cannot be resolved until discovery is completed.

### III. The Parties' Disputed Discovery and Motions Deadlines

Regardless of whether a stay is imposed, Defendants have proposed much longer periods of time for each remaining phase of litigation. In our effort to confer with Defendants, Plaintiffs have extended some of our proposed deadlines but generally do not agree that as much time is required at various stages as Defendants have proposed.

    a. <u>Expert Discovery</u>

After consulting with our experts and conferring with Defendants, Plaintiffs propose that our expert reports be due two months after Ms. Askin's production of data, that Defendants then be given two months to produce their reports, and that the parties be given one additional month to complete expert discovery. Plaintiffs originally proposed a shorter expert discovery schedule,

but have extended it in light of Judicial Defendants' preference for more time.  However, the amount of time that Judicial Defendants request is excessive. Judicial Defendants propose 90 days for Plaintiffs' reports, 90 days for Defendants' reports, and a further 90 days for depositions; that would mean a nine-month period of expert discovery.  Two months each should be sufficient time for the parties to produce their respective reports, and we see no reason why it should take longer than 30 days to complete expert depositions.

      b.  Class Certification

Plaintiffs anticipate relying on the data and expert reports in our class certification briefing. We therefore propose that class certification motions be filed after the close of expert discovery. Defendants do not appear to object.  Plaintiffs propose that we be given approximately three-and-a-half weeks to file our class certification motion after the close of expert discovery, that Defendants be given three weeks to file their oppositions, and that Plaintiffs receive two weeks to reply.  In our email exchanges with Defendants, Plaintiffs shared this proposed schedule and asked for their position on those deadlines; Defendants have not offered an alternate proposal to us or to the Court.

      c.  Summary Judgment Motions

Plaintiffs propose that summary judgment motions be filed approximately ten weeks after the close of discovery (and approximately one week after the completion of class certification briefing); that oppositions be filed approximately one month later; and that the parties have three weeks to file replies. As with the expert discovery deadlines, Plaintiffs have substantially extended their proposed deadlines since conferring with Judicial Defendants to accommodate their preference for additional time, but believe the time requested by Judicial Defendants is excessive. Judicial Defendants have again requested 90 days for filing summary judgment motions. Plaintiffs

do not believe that the parties require three months to prepare their motion papers. Defendants have not proposed deadlines for opposition or reply briefs, despite Plaintiffs' request for clarification.

### IV. The Parties' Consensus that No Trial Date Should Be Set

Plaintiffs agree with Judicial Defendants' position that a trial date need not be set at this time, but do not object should the Court wish to schedule one.

### V. Plaintiffs' Request for Additional Time to Respond to Defendants' Motions to Dismiss

Finally, Plaintiffs respectfully request a two-week extension to respond to the four motions to dismiss that were filed by Defendants on March 31, 2021. Plaintiffs' time to respond would be moved from April 21, 2021 until May 5, 2021. The additional two weeks will allow Plaintiffs time to respond to all four briefs. Defendants have indicated that they do not object to the extension but request that their deadline to reply be extended by three weeks, from May 5, 2021 until May 26, 2021. Should the Court reject Judicial Defendants' request for a stay and enter a scheduling order, extension of the motion to dismiss briefing schedule will not affect any other deadlines in the case.

### VI. Conclusion

For the forgoing reasons, we request that the Court grant our proposed scheduling order. We appreciate the Court's attention to this matter and are available at Your Honor's convenience if any questions arise.

Dated: April 16, 2021

                                               Respectfully submitted,

                                               /s/ Hayley Horowitz
                                               Hayley Horowitz
                                               Phoebe Kasdin

STILL SHE RISES, TULSA
567 E. 36th Street North
Tulsa, OK 74106
hayleyh@stillsherises.org
(918) 392-0867

Alexandria Twinem*
Ryan Downer*
CIVIL RIGHTS CORPS
1601 Connecticut Avenue NW
Suite 800
Washington, DC 20009
charlie@civilrightscorps.org
alexandria@civilrightscorps.org
ryan@civilrightscorps.org
(202) 844-4975

Allison Holt Ryan*
Michelle Kisloff*
Stevie DeGroff*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
allison.holt-ryan@hoganlovells.com
michelle.kisloff@hoganlovells.com
stevie.degroff@hoganlovells.com
(202) 637-5600

Vassi Iliadis*
HOGAN LOVELLS US LLP
1999 Avenue of the Arts, Suite 1400
Los Angeles, CA 90067
vassi.iliadis@hoganlovells.com
(310) 785-4600

Gary L. Yeung*
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
gary.yeung@hoganlovells.com

*Attorneys for Plaintiff*

*\*Admitted to practice pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of April 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. I further certify that a true and correct copy of the foregoing document was sent via the Court's ECF System to all registered parties.

/s/ Hayley Horowitz
Hayley Horowitz