IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD FELTZ and ASHTON DENNIS, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF TULSA, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 18-cv-00298-SPF-JFJ |

**DEFENDANT SPECIAL JUDGES' REPLY TO PLAINTIFFS' CONSOLIDATED OPPOSITION TO DEFENDANT SPECIAL JUDGES' MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendant Special Judges Tammy Bruce, Stephen Clark, Julie Doss, Theresa Dreiling, Owen Evans, Mary Ann Godsby, David Guten, Bill Hiddle, Ann Keele, James Keeley, Deborah Ludi Leitch, Anthony J. Miller, Kevin C. Morrison, Kristen Pace, Wilma Palmer, April Seibert, Rodney B. Sparkman and Tanya Wilson, all in their official capacities (collectively "Special Judges"), by and through the undersigned counsel, hereby submit their Reply to Plaintiffs' Consolidated Opposition [Doc. 290] to Special Judges' Motion to Dismiss [Doc. 269] and requests that the Court grants their Motion. In support of their Motion, the Court is shown the following:

### A. *The posture of Special Judges' Motion and the procedural history of the case.*

Special Judges' Motion is a factual challenge to jurisdiction, not a facial challenge. As such, the allegations in the Second Amended Complaint are no longer accepted as true. *Holt v. U.S.*, 46 F.3d 1000, 1003 (10th Cir. 1995) ("When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations."). This distinction is important as Plaintiffs provide no factual evidence in support of their position that the

Court has jurisdiction over this matter. Rather, Plaintiffs primarily cite to the Second Amended Complaint in support of their argument in opposition to this Motion. Whereas, Special Judges have attached various excerpts of depositions and other evidence for the Court to consider when considering for the first time a factual challenge to subject matter jurisdiction.

Plaintiffs argue that the Special Judges are somehow asking the Court to reconsider a previous ruling. They are not. Again, this is a factual challenge, not a facial challenge. The Court's previous ruling, or rulings, on standing may have addressed the facial sufficiency of the operative pleading. They did not address the factual sufficiency of Plaintiffs' claims. Therefore, law of the case does not apply as this is not the same issue. In this case, the same issue for a law of the case issue would be whether the face of the operative pleading is sufficient to establish subject matter jurisdiction. Even then, the law of the case doctrine may not even apply as these were interlocutory rulings only.[1] Only final judgments qualify as law of the case. *In re Unioil, Inc.*, 962 F.2d 988, 993 (10th Cir. 1992).

The cases cited by Plaintiff support why the doctrine does not apply or is not applicable in this case. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1252 (10th Cir. 2011) (The "law of the case doctrine has no bearing on the revisiting of interlocutory orders."); *Grigsby v. Barnhart*, 294 F.3d 1215, 1218 (10th Cir. 2002) (Law of the case requires the lower court or administrative agency to conform its decisions on remand with the rulings made by the reviewing court; however, application of this doctrine is still discretionary.).[2]

---

[1] A new judge is not required to follow prior interlocutory rulings of the prior judge. *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011).

[2] Plaintiffs cite *O'Dowd v. Anthem, Inc.*, No. 14-CV-02787-KLM, 2016 WL 9735772 (D. Colo. Sept. 23, 2016) in addition to the other cases. This case was about successive Rule 12(b)(6) motions which is not the issue the Special Judges raise such that this case has no applicability to the Special Judges' Motion that is factually challenging subject matter jurisdiction.

Finally, Plaintiffs seek to obfuscate the jurisdictional issues by not actually addressing the different arguments raised by the different groups of Special Judges, or by individual Special Judges, and by lumping all the judicial defendants together. Therefore, the distinctions are reiterated here for the Court's convenience and for clarity.

### B. The named Plaintiffs' standing as to each Special Judge is what establishes Article III jurisdiction.

Standing of one party does not confer standing on another, and standing against one defendant does not confer standing against another defendant. This is the main problem faced by Plaintiffs and why they have failed to establish subject matter jurisdiction. The allegations of a class further add nothing to Plaintiffs' individual claims nor relax the standing analysis for each Plaintiff. In this case, the factual standing analysis must be conducted at least thirty-six (36) times in this case – i.e. Plaintiff Feltz's standing as to each of the eighteen (18) Special Judges for the one claim of declaratory relief and Plaintiff Dennis' standing as to each of the eighteen (18) Special Judges for one claim of declaratory relief. Plaintiffs cannot aggregate the individual Special Judges into "one defendant" by calling them a policy or one office or superimpose any claimed standing as to one Special Judge onto another Special Judge by making an official capacity claim. Each Special Judge is a distinct judicial officer under the Constitution of the State of Oklahoma and operates independent of other judicial officers in the State of Oklahoma. OKLA. CONST., art. 7, §§ 1 & 8; *Harper v. Dist. Ct. of Okla. Cty.*, 484 P.2d 891, 896-897 (Okla. Crim. App. 1971) (Presiding Judge has no ability to interfere with the judicial decisions being rendered by Magistrates or Judges as his directives are administrative only.).

Plaintiffs cite two cases for the proposition that "[t]he standing of one class representative is sufficient to sustain the entire action." *See* Opposition [Doc. 290] at p. 6. Plaintiffs' proposition and the cases cited by Plaintiffs do not relieve the Court of analyzing the standing of each Plaintiff as to each Special Judge. The Supreme Court has made clear that "standing is not dispensed in gross."

3

*Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017) (citations and internal quotations omitted); *see Lewis v. Casey*, 518 U.S. 343, 358, n. 6, 116 S. Ct. 2174 (1996). "To the contrary, a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester, N.Y.*, 137 S. Ct. at 1650 (citations and internal quotations omitted). "The same principle applies when there are multiple plaintiffs. At least one plaintiff must have standing to seek each form of relief requested in the complaint." *Id.* at 1651.

The *Arlington Heights* case cited by Plaintiffs only had the one defendant that each of the plaintiffs were suing for the same relief. Therefore, when the Supreme Court found that one plaintiff had standing, it declined to address standing as to the rest of the plaintiffs. The *Abercrombie* case likewise only had the one defendant and multiple plaintiffs seeking the same relief against it. Therefore, the Tenth Circuit declined to address the standing of other plaintiffs after it found that one of the plaintiffs had standing. The *Abercrombie* case was a class action but the standing analysis was applied individually to the named plaintiffs, not to the class. Again, unnamed putative class members cannot confer standing on the named plaintiffs. *See* 1 *Newberg on Class Actions* § 2:3. Individual standing of class representative as prerequisite; individual standing of absent class members not measured (5th ed).

Plaintiffs cite to *Hartmann v. Cal. Dep't of Corr. & Rehab.* as the test for standing analysis. *See* Opposition [Doc. 290] at p. 7. This reliance on this portion of the case is misplaced (and not precedential in this Circuit). The court in *Hartmann* actually dismissed several official capacity defendants from the case under the *Lujan* test as plaintiffs could not establish either the redressability or the causation prongs for those defendants. 707 F.3d 1114, 1127-1129 (9th Cir. 2013) ("Plaintiffs lack Article III standing with respect to the SPB Members[.] ….").

4

Further, "[r]elief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 107 (1998). Any declaration by this Court would not redress an injury alleged by Plaintiffs Feltz or Dennis as to the respective groups of seventeen Special Judges as none of the Special Judges harmed these two Plaintiffs.

Further, an official capacity claim is against the office and the policy and/or custom of that particular office. In this case, each special judge is a separate office, not one unified entity called the judiciary or "office of special judge." The independence of each office is borne out by the facts (and structure of the system). The evidences shows: (1) that each judge handles his or her docket differently; (2) that each special judge exercises his or her own judicial independence; and (3) is not beholden to the alleged "policies or customs" of the other special judges or other trial level judges in the courthouse in rendering decisions in individual cases or in how they handle their own dockets. The Special Judges are also not judicially supervised by the Presiding Judge as that position is administrative in nature and does not have a judicial review capacity for how hearings are conducted or in regards to the issuance of rulings. *See* Presiding Judge's Motion to Dismiss [Doc. 270] and Reply (filed contemporaneously with this Reply).

Finally, stated another way, Plaintiffs ask this Court to confer "hypothetical jurisdiction" on their claims against the two groups of seventeen Special Judges and resolve the merits. However, any such pronouncement by this Court would be *ultra vires* . *Steel Co.*, 523 U.S. at 101-102 ("While some of the above cases must be acknowledged to have diluted the absolute purity of the rule that Article III jurisdiction is always an antecedent question, none of them even approaches approval of a doctrine of 'hypothetical jurisdiction' that enables a court to resolve contested questions of law when its jurisdiction is in doubt. Hypothetical jurisdiction produces nothing more than a hypothetical

5

judgment—which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning. *Muskrat v. United States*, 219 U.S. 346, 362, 31 S.Ct. 250, 256, 55 L.Ed. 246 (1911); *Hayburn's Case*, 2 Dall. 409 (1792). Much more than legal niceties are at stake here. The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers, restraining the courts from acting at certain times, and even restraining them from acting permanently regarding certain subjects. *See United States v. Richardson*, 418 U.S. 166, 179, 94 S.Ct. 2940, 2947–2948, 41 L.Ed.2d 678 (1974); *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 227, 94 S.Ct. 2925, 2935, 41 L.Ed.2d 706(1974). For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires.").

Specifically, seventeen of the Special Judges requested that Plaintiff Feltz's one claim for declaratory relief against each of them be dismissed for lack of standing. Likewise, seventeen of the Special Judges requested that Plaintiff Dennis' one claim for declaratory relief against each of them be dismissed for lack of standing. Neither Plaintiff Feltz nor Dennis have presented facts showing that each of them have standing against each of the respective seventeen Special Judges. Therefore, the Court should grant the Motion as requested as to those Special Judges. *See* Motion [Doc. 269] at p. 18, 21-22.

### C. *The inherently transitory exception to mootness does not render other types of mootness a nullity as to Special Judge Doss.*

There are different reasons that mootness occurs in a case and renders a federal court without subject matter jurisdiction. There are also exceptions to the varying reasons for mootness. For instance, there is mootness due to death, voluntary change in circumstances by plaintiff, natural change of circumstances by plaintiff, change in circumstances by defendant, change of official,

6

change in law, etc.  The exceptions to the mootness that apply depend upon the relief sought and the cause of the mootness.

In this case, Special Judge Doss (as the successor in office to Special Judge Moody) only raised the issue of mootness as to the declaratory judgment claim against her by Feltz. No other Special Judges raised mootness as they rely upon their standing challenge as to Plaintiff Feltz's claims against them. (Special Judge Doss has a standing challenge against Plaintiff Dennis' declaratory judgment claim against her which is addressed above.).

Plaintiff Feltz's claim against Special Judge Doss is moot for reasons that do not implicate the inherently transitory exception to mootness as she does not rely upon his pretrial detention and criminal case being terminated to support her argument.  Special Judge Doss relies upon the facts: (1) that her intervening judicial independence and discretion as the replacement to Special Judge Moody moots Feltz's claim against her, and (2) that the intervening conduct of the District Judges and Associate District Judge in Tulsa County in implementing Local CR2 also moots Feltz's claim . Feltz's testimony shows that his harm from Special Judge Moody was limited to his inability to raise bail issues with the Special Judge Moody in a hearing before his arraignment.  Stated another way, his complaint is that he did not get an opportunity in a hearing before his arraignment to argue about his bond.  Special Judge Doss occasionally conducts hearings under Local CR2 which provides hearings on bail on the "bond docket" seven days a week such that any declaration about her handling of those hearings would not address or redress Feltz's harm as there is no threat that he will face the same harm from Special Judge Doss because of Rule CR2 such that the one claim for declaratory relief against her by Feltz is moot.

### D. As to Plaintiff Dennis' claim against Special Judge Wilson, he seeks retrospective declaratory relief.

In regards to Plaintiffs' arguments [Doc. 290] at p. 13, Special Judge Wilson is the only Special Judge who raised the retrospective nature of the relief requested against her by Plaintiff Dennis.[3] Further, the other Special Judges do not rely on a future harm distinction as argued by Plaintiffs generally; rather, they rely on not having involvement with the named Plaintiffs (except for Special Judge Doss who relies on mootness as to Plaintiff Feltz's claim against her). Plaintiffs rely on cases that sought injunctive relief against heads of agencies or municipalities. Again, the Special Judges cannot be aggregated and considered in a monolithic manner.

The issue with the declaratory relief requested by Plaintiff Dennis as to Special Judge Wilson is two-fold. First, the alleged harm happened in the past - i.e. the bond docket hearing. There is no likelihood that Plaintiff Dennis will appear before Special Judge Wilson again for a bond docket hearing as Dennis is presumably going to conduct himself in a law abiding manner. Further, assuming for the sake of argument that that there is an ongoing harm that may be characterized by ongoing detention by Plaintiff Dennis due to the order by Special Judge Wilson about his bail, any declaration by this Court would not redress Plaintiff Dennis' injury as it would not change Special Judge Wilson's conduct towards Dennis as that would require an injunction. This means that Plaintiff Dennis lacks standing as to Special Judge Wilson as his claim is not actually redressable by this Court as any ruling would merely be advisory in nature. *See Steel Co.,* 523 U.S. at 107, *supra*.

Second, Plaintiff Dennis cannot use the *Ex Parte Young* exception to avoid Eleventh Amendment immunity as to Special Judge Wilson. Eleventh Amendment immunity has not been waived by the State and the *Ex Parte Young* fiction cannot be used by Plaintiff Dennis to get relief

---

[3] Special Judge Wilson has raised a standing issue as to Plaintiff Feltz's one claim for declaratory relief against her which is addressed in Section B above.

against Special Judge Wilson, in her official capacity. His complaint against her is essentially that his hearing with counsel was not procedurally compliant and resulted in monetary bail conditions being imposed against him. Dennis' counsel may try to say it is not the outcome of his hearing that is the harm but that is not accurate because the ruling is why he has an alleged harm. If he had received bail that released him without requiring the payment of money, he would not have an alleged harm. The outcome of the hearing is determinative of whether harm is alleged. This is exactly what is prohibited by Eleventh Amendment immunity, a declaration that a wrong has occurred in the past.

## CONCLUSION

For the reasons stated above and in their Motion, Defendant Special Judges request that their Motion be granted and that all of them be dismissed from this case.

Respectfully submitted,

 s/ Erin M. Moore
**STEFANIE E. LAWSON, OBA #22422**
**ERIN M. MOORE, OBA #20787**
**DEVAN A. PEDERSON, OBA # 16576**
Assistant Attorneys General
Oklahoma Attorney General's Office
313 NE 21st Street
Oklahoma City, OK 73105
Telephone:    (405) 521-3921
Facsimile:    (405) 521-4518
Email: stefanie.lawson@oag.ok.gov
           erin.moore@oag.ok.gov
           devan.pederson@oag.ok.gov
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 26th day of May, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and I further certify that on this date a true and correct copy of the foregoing was served on following who are ECF registrants:

Kristina Saleh
Hayley Horowitz
Phoebe Kasdin
Still She Rises, Tulsa
567 E. 36th Street North
Tulsa, OK 74106
kristinas@stillsherises.org
hayleyh@stillsherises.org
phoebek@stillsherises.org
*Attorneys for Plaintiff*

Allison Holt Ryan
Michelle Kisloff
Gary Yeung
Hogan Lovells US LLP
555 Thirteenth Street, NW
Washington, DC 20004
allison.holt-ryan@hoganlovells.com
michelle.kisloff@hoganlovells.com
gary.yeung@hoganlovells.com
*Attorneys for Plaintiff*

Douglas Allen Wilson
Mike Shouse
Tulsa County District Attorney's Office
218 W. 6th Street., Suite 933
Tulsa, OK 74119
Douglas.wilson@tulsacounty.org
mshouse@tulsacounty.org
*Attorney for Defendants Regalado and BOCC*

Alexandria Twinem
Ryan Downer
Civil Rights Corps
1601 Connecticut Ave. NW, Suite 800
Washington, DC 20009
alexandria@civilrightscorps.org
ryan@civilrightscorps.org
alexandria@civilrightscorps.org
*Attorneys for Plaintiff*

Vassi Iliadis
Hogan Lovells US LLP
1999 Avenue or the Arts, Suite 1400
Los Angeles, CA 90067
vassi.iliadis@hoganlovells.com
*Attorney for Plaintiff*

Jeb Joseph
Oklahoma Attorney General's Office
313 NE 21st Street
Oklahoma City, OK 73105
Jeb.Joseph@oag.ok.gov
*Attorney for Non-party Jari Askins*

                                          s/ Erin M. Moore
                                          **Erin M. Moore**