# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Richard Feltz and Ashton Lee Dennis, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> vs. <br><br> Board of County Commissioners of the County of Tulsa; Vic Regalado, Tulsa County Sheriff, in his official capacity; Tammy Bruce, Stephen Clark, Julie Doss, Theresa Dreiling, Owen Evans, Mary Ann Godsby, David Guten, Bill Hiddle, Ann Keele, James Keeley, Deborah Ludi Leitch, Anthony J. Miller, Kevin C. Morrison, Kirsten Pace, Wilma Palmer, April Seibert, Rodney B. Sparkman, and Tanya Wilson, in their capacities as Tulsa County Special Judges; and William LaFortune, in his capacity as Presiding Tulsa County District Court Judge, <br><br> Defendants. | Case No. 18-cv-00298-SPF-JFJ |

## SHERIFF VIC REGALADO'S
## REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS

**Douglas Wilson, OBA No. 13128**
Assistant District Attorney
Tulsa County District Attorney's Office
218 W. 6th St. Suite 933
Tulsa, OK 74119
(918)596-8795
douglas.wilson@tulsacounty.org

**Mike Shouse, OBA No. 33610**
Assistant District Attorney
Tulsa County District Attorney's Office
218 W. 6th St. Suite 935
Tulsa, OK 74119
(918)596-4825
mshouse@tulsacounty.org

**ATTORNEYS FOR DEFENDANT VIC REGALADO, TULSA COUNTY SHERIFF, IN HIS OFFICIAL CAPACITY**

Defendant, Tulsa County Sheriff Vic Regalado, in his official capacity ("Sheriff"), respectfully submits this Reply in support of his Motion to Dismiss [Dkt. # 272]. Plaintiffs' Response to Regalado's Motion to Dismiss ("Response") [Dkt. # 289] fails to offer the Court the substance and authority necessary to defeat the Motion to Dismiss. Plaintiffs fail to plead facts that show that a Tulsa County policy was the moving force behind their alleged harms. Moreover, Plaintiffs fail to demonstrate that Tulsa County is a proper party to this suit. All of the complained of actions attributed to the Sheriff in this case are performed by him in his role as an agent of the State. Therefore, the Sheriff should be dismissed in his capacity as a Tulsa County actor.

## I.
### PLAINTIFFS' SECOND AMENDED COMPLAINT DOES NOT ALLEGE FACTS THAT SHOW THAT A TULSA COUNTY CUSTOM OR POLICY WAS THE MOVING FORCE BEHIND PLAINTIFFS' ALLEGED HARMS

Plaintiffs' Second Amended Complaint is devoid from any mention of the Sheriff exercising his discretion and deliberately choosing to take a course of action that led to Plaintiffs' alleged harms. *See* Dkt. # 259. To establish municipal liability under § 1983, Plaintiffs must establish (1) an official policy or custom of Tulsa County; (2) the policy or custom was the moving force behind the constitutional violation (i.e. causation); and (3) the policy was enacted or maintained with deliberate indifference to the injury. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769-71 (10th Cir. 2013). The "'policy or custom' requirement applies in § 1983 cases irrespective of whether the relief sought is monetary or prospective." *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 39 (2010). "[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985)).

2

Plaintiffs failed to state in their Response where they pled facts in their Second Amended Complaint that would show a Tulsa County policy or custom caused them to suffer a constitutional violation. That is because such facts are not pled. In the Second Amended Complaint, Plaintiffs complain that the Sheriff "detains arrested people who cannot pay a predetermined secured money bail prior to any individualized hearing," and continues to detain those persons after they receive an individualized bond hearing in front of a state judge, "even though there has been no inquiry into or findings concerning ability to pay, consideration of alternatives conditions of release, or findings concerning the necessity of pretrial detention." *Id*. at ¶ 18. Noticeably absent from the Second Amended Complaint is any mention of the Sheriff exercising his discretion or choosing among alternatives before he acted.

Each of the above acts are taken pursuant to judicial order or state law. *See* 22 O.S. § 186; 21 O.S. § 345; 21 O.S. § 532; 21 O.S. § 533; 22 O.S. § 1181; 57 O.S. §§ 48-49; 57 O.S. § 55; 57 O.S. § 47. Tulsa County[1] cannot be subject to a § 1983 action simply because it implements state law. W*hitesel v. Sengenberger*, 222 F.3d 861, 872 (10th Cir. 2000) (county commissioners "cannot be liable for merely implementing a policy created by the state judiciary"); *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1190 (10th Cir. 2003) (collecting cases) (acts of a municipal judge in performing a state judicial function do not establish municipal policy); and *Shepp v. Fremont County, Wyo.*, 900 F.2d 1448, 1456-57 (10th Cir. 1990) (denial of bail was the responsibility of state judge and could not be attributed to the county). Under Oklahoma law, the Sheriff is a state actor when he follows judicial orders and releases an inmate from custody or detains them prior to trial. *See, e.g, Magic City Amusement Co. v. Hastings*, 1941 OK 220, ¶ 8, 116 P.2d 709; *Speight*

---

[1] Plaintiffs' Section 1983 suit against the Sheriff, in his official capacity as the Tulsa County Sheriff, is a suit against Tulsa County. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978).

*v. Presley*, 2008 OK 99, ¶¶ 13 & 14, 203 P.3d 173, 176-77; *North Side State Bank v. Board of County Comm'rs of Tulsa County*, 1994 OK 34, 894 P.2d 1046; 1999 OK AG 23, ¶ 9; 1985 OK AG 27, ¶ 2. *See also* 2004 OK AG 17.

Moreover, in their Response, Plaintiffs do not affirmatively assert that any Tulsa County policy or custom actually caused them harm. Plaintiffs simply state that if Oklahoma law does not require the Sheriff to detain arrestees based on "plainly *unlawfu*l orders," then he exercises his discretion when he detains arrestees based on such orders. Dkt. # 289, at 6-7. Plaintiffs argues that these actions would then constitute a county policy. *Id.* However, Plaintiffs fail to plead any facts in their Second Amended Complaint that assert that the Sheriff exercised his discretion and detains arrestees based on "plainly *unlawful* orders," *See* Dkt. # 259, at ¶ 18. Plaintiff cannot use their Response as an opportunity to cure insufficiencies in the Second Amended Complaint.

Plaintiffs peculiarly take no affirmative position on whether the Sheriff acts as state or county actor when he detains people pursuant to judicial order and state statute. They declare that it does not matter at this stage of the proceeding whether the Sheriff was acting as a Tulsa County or state actor when he detains arrestees following a bail determination because it is possible that he could be enjoined in either capacity. Dkt. # 289, at 2-8. If the Sheriff implements County policy on behalf of Tulsa County, the County is subject to retrospective and prospective § 1983 liability. *See Los Angeles Cty., Cal. v. Humphries,* 562 U.S. 29, 32–33, 131 S. Ct. 447, 450, 178 L. Ed. 2d 460 (2010). If the Sheriff follows state statutes or obeys state judicial orders, such actions on behalf of the state in the future may be subject to prospective relief under *Ex Parte Young*. *See Johns v. Stewart,* 57 F.3d 1544, 1552 (10th Cir. 1995).

Plaintiffs claim that this determination only matters if they prevail in this action and seek attorney's fees. *Id.* at 8 n.4. Not so. Because Plaintiffs have failed to plead the requisite county

4

policy to establish *Monell* liability under § 1983, the Sheriff is entitled to such a determination now. The Sheriff is entitled to a dismissal to relieve Tulsa County's attorneys from continuing to conduct and sift through copious discovery, participate in expert depositions, draft and respond to motions, and conduct legal research. Plaintiffs have failed to state a claim under § 1983.

Furthermore, if the Sheriff can be enjoined in his capacity as a state actor, the State should be afforded the chance to choose the course of the Sheriff's defense. There are different defenses available to the Sheriff depending on such status. The State should not be blindsided at the conclusion of this litigation that they could be liable for attorney's fees and costs and face preclusion issues. Importantly, a conflict could arise between Tulsa County and the State with regards to future settlement negotiations, and who has the authority to settle the claims against the Sheriff. This is clearly prejudicial to the interests of the State and Tulsa County to have this issue decided at a later date.

Plaintiffs had every opportunity to assert any argument on this issue in their Response. Plaintiffs received an extension to file their Response and had over ten (10) pages available in their response to further address the point. Dkt. # 286; Dkt. # 289. Plaintiffs have waived argument on this issue. Plaintiffs had to plead facts that plausibly give rise to a right of relief against Tulsa County or face dismissal. Because Plaintiff failed to do so, their claims must be dismissed.

## II.
## THE PROPOSED INJUNCTION IS UNNECESSARY, UNLAWFUL, AND UNWISE

The proposed injunction undoubtedly binds the judges as it deprives them of their power to enforce their orders and effectively dictates bail decisions, violates the § 1983's grant of judicial immunity, and invites disorder. Under § 1983, "injunctive relief shall not be granted [against judicial officers] unless a declaratory decree was violated or declaratory relief was unavailable." Here, Plaintiffs seek to thwart § 1983's prohibition on judicial injunctions and enjoin the Sheriff

5

because they cannot yet enjoin the judges. Plaintiffs attempt to argue that the requested injunction against the Sheriff would not violate the above prohibition and would simply prevent him from detaining individuals unless certain circumstances occurred first. Dkt. # 289, at 11-12. They further assert that the judges would not be bound by the injunction because they are not "'in active concert or participation with him' when he jails Plaintiffs." *Id*. at 11 (quoting Fed. R. Civ. P. 65(d)(2)(C)). Plaintiffs fail to present sufficient facts or law to support this position.

Under Fed. R. Civ. P. 65(d)(2)(C), an injunction is binding on the parties to an action and all "other persons who are in active concert or participation with them who receive actual notice of order by personal service or otherwise." Active concert or participation includes situations that show an "alter ego, collusion, or identity of interest between a party and a nonparty," and "where a nonparty with actual notice aids or abets a named defendant or his privy in violating the order." *Reliance Ins. Co. v. Mast Const. Co.*, 84 F.3d 372, 377 (10th Cir. 1996) (internal quotation omitted). Privity "'represents a legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close' to bind the nonparty to the injunction." *ADT LLC v. NorthStar Alarm Servs., LLC*, 853 F.3d 1348, 1352 (11th Cir. 2017) (quoting *Sw. Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977). This would include situations where a non-party who controlled the original suit will be bound by the resulting judgment, *Sw. Airlines Co.*, 546 F.2d at 95, where "as a practical matter, the [two individuals] are one and the same," *Spectacular Venture L.P. v. World Star Int'l, Inc.,* 927 F.Supp. 683, 684–85 (S.D.N.Y.1996), and where a linkage between the parties "adequately assures that [the non-enjoined party's] interests were sufficiently represented," *Microsystems Software, Inc. v. Scandinavia Online AB*, 226 F.3d 35, 43 (1st Cir. 2000).

> It is not necessary that the enjoined party control the third party in order for the third party to be bound by the injunction. The third party is bound by an injunction

6

>if that party is identified with the named, enjoined party in interest, in 'privity' with it, represented by it or subject to its control.

*Blackard v. Memphis Area Med. Ctr. for Women, Inc.*, 262 F.3d 568, 576 (6th Cir. 2001) (emphasis removed) (citing *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14, 65 S.Ct. 478, 89 L.Ed. 661 (1945).

Here, the Sheriff "is an officer of the court and is subject to its orders and direction." 1999 OK AG 23, ¶ 9. "It is not only the power, but the duty, of sheriffs in their various jurisdiction . . . [to] carry out the mandates, orders and directions of the courts." 1985 OK AG 27, ¶ 2. The Sheriff must comply with the rules and directions of the district court judge with respect to those in his custody; he may be criminally prosecuted, held in contempt of court and/or removed from office if he neglects or fails in his duty. *See* 21 O.S. § 345; 21 O.S. § 532; 21 O.S. § 533; 22 O.S. § 1181; 57 O.S. §§ 48-49; 57 O.S. § 55; 57 O.S. § 47.

Furthermore, state law and local court rules vest exclusive authority in the state judiciary regarding the terms and conditions of an arrestee's release from jail. *See* 22 O.S. § 1105.3(B): 22 O.S. § 1105(A); 1980 OK AG 1. Once an arrestee satisfies the conditions of bail set forth by the state court, a county sheriff is obligated to release him or her by law. *Dodds v. Richardson*, 614 F.3d 1185, 1202-03 (10th Cir. 2010). The Sheriff has neither the authority to release an inmate nor the power to detain him or her once bail conditions are satisfied according to Oklahoma law or ordered by a special or district court judge. Therefore, the Sheriff is not only an arm of the Tulsa County District Court, but its legs, as its orders cannot be enforced, but for the Sheriff's actions. The two (2) are co-dependent on one (1) another for the smooth administration of the criminal court system.

Tellingly, Plaintiffs offer no argument as to how an arm of the State District Court, subject to its control, is not "legally identified" with it. Clearly, they are one and the same. The Sheriff and his deputies could face contempt for failing to follow an order from an Oklahoma State Court

7

Judge to detain an arrestee or could face a contempt charge in this Court for violating the injunction. Additionally, the Sheriff and his deputies could be criminally prosecuted if they let an arrestee go in violation of Oklahoma law, *see* 21 O.S. § 345; *State v. Price*, 2012 OK 51, ¶¶ 4 n.3, 20, 29, 37, 280 P.3d 943, 946, 950, 952-53, or face § 1983 liability for detaining an arrestee in violation of the injunction. Moreover, the Judges could simply direct someone other than the sheriff to carry out their unconstitutional directives. The Judges and the Sheriff carrying into effect the Judges' orders are one.

Plaintiffs dismiss this concern and argue that a well-tailored injunction would void the Sheriff's state-law obligations. Dkt. # 289, at 10. However, any injunction intended to cover every situation a deputy will face in deciding whether to detain or release an arrestee following a bail determination is destined to cause disorder. For instance: does the Sheriff's Office have to notify the District Attorney's Office before they release arrestees charged with violent crimes; can the Court be given an opportunity to fix a mistake in a bail hearing, does the deputy have a finding on the record that or provide written reasons why he or she is releasing an arrestee; what happens if a deputy is in the courtroom and disagrees with the judge; what if a judge complied with the injunction but failed to correctly mark it in the record; what if the record gets lost; and a host of other line drawing issues.

"Even if [this Court] were able to frame the injunction [Plaintiffs] seeks in a meaningful way, it would be ill-advised to do so." *McKusick v. City of Melbourne, Fla.,* 96 F.3d 478, 488 (11th Cir. 1996). The proposed injunction "would necessarily require interruption of state proceedings to adjudicate assertions of noncompliance by [the Sheriff or the State Court Judges]." *Phelps v. Hamilton*, 934 F. Supp. 373, 376 (D. Kan. 1996), *aff'd*, 113 F.3d 1246 (10th Cir. 1997). "A federal court injunction in this case would be of the "intrusive and unworkable" variety

condemned by the Supreme Court in [*O'Shea v. Littleton*, 414 U.S. 488, 500–01, 94 S. Ct. 669, 678, 38 L. Ed. 2d 674 (1974)]. *McKusick*, 96 F.3d at 488. Therefore, as the proposed inunction would require this Court to examine each and every bail hearing to determine whether each arrestee received constitutional process, no such injunction should issue.[2]

Because Plaintiffs have sued the State Court Judges to get them to change their allegedly unconstitutional procedures and actions, and because a sheriff is duty-bound in Oklahoma to obey the district court as to those in his custody, the Sheriff is simply an unnecessary party. The Sheriff is an arm and agent of the District Court and would be bound by any prospective relief granted against the judges. As the Sheriff merely follows state law and judicial orders when he detainees arrestees following bail determinations, he should not be the party through which the Plaintiffs proceed. Therefore, an injunction against the Sheriff is neither advisable nor necessary to cure Plaintiffs' alleged harms and should not be issued.

Plaintiffs have not sued the Sheriff alone in this case. They have sued the Sheriff in conjunction with the Presiding Judge of the State Court and eighteen Special Judges of the State Court. This is not a lawsuit that attempts to separate the Sheriff from the Judges, but rather is one which specifically takes aim at both. Under such circumstances, enjoining those who carry out the orders of the Court is unnecessary; those who give the orders stand directly in the cross hairs.

For these reasons set for forth above and in his Motion to Dismiss [Dkt. # 272], the Sheriff respectfully requests that this Court dismiss Plaintiffs' claims against him with prejudice, or in the alternative, dismiss him in his capacity as a county actor.

---

[2] Possibly recognizing this unworkability, the Fifth Circuit in *ODonnell* simply "authorized" the sheriff not to carry out court orders. *ODonnell v. Harris Cty.*, 892 F.3d 147, 165 (5th Cir. 2018). The Court did not mandate that he ignore or review judicial orders.

        Respectfully submitted,

        s/Mike Shouse
        Douglas A. Wilson, OK Bar Number 13128
        Mike Shouse, OK Bar Number 33610
        Assistant District Attorney
        Tulsa County District Attorney's Office
        218 West Sixth Street, Suite 933
        Tulsa, OK  74119
        douglas.wilson@tulsacounty.org
        mshouse@tulsacounty.org
        (918) 596-8795
        ATTORNEYS FOR
        SHERIFF VIC REGALADO

CERTIFICATE OF MAILING & ELECTRONIC NOTICE

I hereby certify that on May 26, 2021, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

- Alexander Karakatsanis
- Alexandria Twinem
- Allison Holt
- Devan A Pederson
- Erin Morgan Moore
- Gary Yeung
- Hayley Elizabeth Horowitz
- Jeb Emmet Joseph
- Kristina Michelle Saleh
- Laura Gaztambide Arandes
- Michelle Anne Kisloff
- Phoebe Anne Kasdin
- Ryan Downer
- Stefanie Erin Lawson
- Stevie DeGroff
- Vassi Iliadis

        s/Mike Shouse
        Mike Shouse