# United States District Court

## NORTHERN DISTRICT OF OKLAHOMA

RICHARD FELTZ and ASHTON LEE DENNIS, )
on behalf of themselves and all others similarly )
situated, )
                        )
          Plaintiffs, )
                        )
vs. )
                        )
BOARD OF COUNTY COMMISSIONERS OF )    Case No. 18-cv-298-SPF-JFJ
THE COUNTY OF TULSA; VIC REGALADO, )
Tulsa County Sheriff, in his official capacity; )
TAMMY BRUCE, STEPHEN CLARK, JULIE )
DOSS, THERESA DREILING, OWEN EVANS, )
MARY ANN GODSBY, DAVID GUTEN, BILL )
HIDDLE, ANN KEELE, JAMES KEELEY, )
DEBORAH LUDI LEITCH, ANTHONY J. )
MILLER, KEVIN C. MORRISON, KIRSTEN )
PACE, WILMA PALMER, APRIL SEIBERT, )
RODNEY B. SPARKMAN and TANYA WILSON )
in their capacities as Tulsa County Special )
Judges; and WILLIAM LAFORTUNE, in his )
capacity as Presiding Tulsa County District )
Court Judge, )
                        )
         Defendants. )

## ANSWER BY VIC REGALADO, TULSA COUNTY SHERIFF, IN HIS OFFICIAL CAPACITY, TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

COMES NOW Vic Regalado, Tulsa County Sheriff, in his official capacity ("Defendant"), to the extent he is named as a state actor (not as a county actor) and in answer to Plaintiffs' Second Amended Class Action Complaint hereby denies each and every allegation set forth therein, except for those material allegations specifically admitted herein:[1]

---

[1] Defendant is not obligated to conduct legal research to assess and admit or deny in his Answer the legal arguments improperly framed as allegations in Plaintiffs' Complaint. *See* Fed.R.Civ.P. 8(d)(1) ("Each allegation must be simple, concise, and direct"); and *Norton-Griffiths v. Wells Fargo Home Mortgage*, 2011 WL 884456, *6 (D. Vt. 2011) (plaintiffs ordered to omit legal arguments from their complaint).

1.     Defendant denies the material allegations set forth in paragraph 1 of Plaintiffs' Second Amended Class Action Complaint and demands strict proof thereof.

2.     Defendant denies the material allegations set forth in paragraph 2 of Plaintiffs' Second Amended Class Action Complaint and demands strict proof thereof.

3.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 3 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

4.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 4 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

5.     A bond docket was created in October 2018.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the material allegations set forth in paragraph 5 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

6.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 6 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

7.     Tulsa County has no secured money-bail schedule.  Defendant detains arrestees at the Tulsa County Jail in his role as an officer and an arm of the state court system.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the material allegations set forth in paragraph 7 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

8.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 8 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

9.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 9 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 10 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 11 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

12.     Defendant admits that approximately two-thirds of the annual operational costs of the Tulsa County Jail are paid for with sales tax revenue.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the material allegations set forth in paragraph 12 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

13.     Defendant denies jurisdiction.

14.     Defendant admits venue.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 15 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 16 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

17.     Defendant admits that pursuant to Okla. Const. Art. XVII, § 8, Tulsa County is one of seventy-seven counties in the State of Oklahoma and that pursuant to 19 O.S. § 3 the powers of Tulsa County "as a body politic and corporate shall be exercised by its board of county commissioners."  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the material allegations set forth in paragraph 17 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

18.     Defendant admits that he is the Tulsa County Sheriff; that he is an elected county official; that he is the head of the Tulsa County Sheriff's Office; that he has the charge and custody of the jail of his county, and all the prisoners in the same; and that he is the final policymaker for the jail in Tulsa County.  Defendant denies that he is a final policymaker for the State of Oklahoma's post-arrest jailing policies and practices and affirmatively states that pursuant to state law he detains an arrestee until a district court judge[2] or magistrate orders his or her release, approves his or her release on their own recognizance through the Tulsa County Pretrial Release Program or until sufficient bond is posted as determined by the district court judge or magistrate.  Detention until and unless a judge directs otherwise is a matter of state law, not local county government.  Conditions of a pretrial detainee's release are also determined by Oklahoma's judiciary as a matter of state law, not local county government.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the

---

[2]A district judge, an associate district judge and a magistrate are all referred to as district court judges and members of the state judiciary.

remainder of the material allegations set forth in paragraph 18 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 19 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 20 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 21 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 22 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 23 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 24 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 25 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

26.     Defendant states that Plaintiff Richard Feltz paid his $52,600.00 bond through a commercial surety three days after Plaintiffs' Class Action Complaint was filed and was thereupon released from jail.  Defendant denies that Plaintiff Richard Feltz cannot afford to pay for his release.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the material allegations set forth in paragraph 26 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 27 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 28 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 29 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 30 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 31 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 32 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

33.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 33 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

34.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 34 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

35.     Defendant denies that Tulsa County has a secured money-bail schedule.   The Fourteenth Judicial District of the State of Oklahoma, upon the Order of the Presiding Judge for the District, establishes a Preset Bond Schedule for felony and misdemeanor offenses pursuant to 22 O.S. § 1105.2(B).  *See, e.g.*, Administrative Order AO-2015-16, *filed* Nov. 5, 2015.  Local county government is not involved.  *See also* Uniform Oklahoma Bond Schedule published by the Supreme Court:  http://www.oscn.net/applications/oscn/index.asp?ftdb=STOKFB&level=1. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the material allegations set forth in paragraph 35 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

36.     Defendant affirmatively states that pursuant to state law he detains an arrestee until a district court judge or magistrate orders his or her release, approves his or her release on their own recognizance through the Tulsa County Pretrial Release Program or until sufficient bond is posted as determined by the district court judge or magistrate; detention until a judge or magistrate orders otherwise is a matter of state law, not local county government.  Conditions of

release are also determined by the Oklahoma judiciary as a matter of state law, not local county government.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the material allegations set forth in paragraph 36 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

37.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 37 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

38.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 38 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

39.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 39 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

40.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 40 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

41.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 41 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

42.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 42 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

43.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 43 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

44.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 44 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

45.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 45 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

46.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 46 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

47.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 47 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

48.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 48 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

49.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 49 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

50.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 50 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

51.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 51 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

52.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 52 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

53.     Defendant admits that when a person is arrested in Tulsa County on state charges, he or she should be brought to, and booked into, the Tulsa County Jail unless his or her medical condition warrants otherwise.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the material allegations set forth in paragraph 53 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

54.     Defendant denies that Tulsa County has a secured money-bail schedule.  The Fourteenth Judicial District of the State of Oklahoma, upon the Order of the Presiding Judge for the District, establishes a Preset Bond Schedule for felony and misdemeanor offenses pursuant to 22 O.S. § 1105.2(B).  *See, e.g.*, Administrative Order AO-2015-16, *filed* Nov. 5, 2015.  Local county government is not involved.  *See also* Uniform Oklahoma Bond Schedule published by the Supreme Court: http://www.oscn.net/applications/oscn/index.asp?ftdb=STOKFB&level=1. Defendant is without knowledge or information sufficient to form a belief as to the truth or

falsity of the remainder of the material allegations set forth in paragraph 54 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

55.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 55 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

56.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 56 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

57.     Defendant admits that to ensure that every arrestee has the information necessary to make an informed decision regarding his or her release from jail pending trial, Defendant's deputies and/or detention officers advise each arrestee of the criminal charges on which he or she is being booked into jail and of the avenues available to secure release from jail; the pretrial bail schedule established by the presiding judge of the Fourteenth Judicial District pursuant to 22 O.S. § 1105.2(B) and/or the bail conditions specified on the arrest warrant are consulted at this time to advise the arrestee of the preapproved bond amounts established by Oklahoma's judiciary pertaining to his or her criminal charges.

58.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 58 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

59.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 59 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

60.    Defendant admits that to ensure that every arrestee has the information necessary to make an informed decision regarding his or her release from jail pending trial, Defendant's deputies and/or detention officers advise each arrestee of the criminal charges on which he or she is being booked into jail and of the avenues available to secure release from jail; the pretrial bail schedule established by the presiding judge of the Fourteenth Judicial District pursuant to 22 O.S. § 1105.2(B) and/or the bail conditions specified on the arrest warrant are consulted at this time to advise the arrestee of the preapproved bond amounts established by Oklahoma's judiciary pertaining to his or her criminal charges.

61.    Defendant admits arrestees are permitted unlimited use of the telephones available in the booking area free of charge to notify people of their arrest and detention and to solicit any form of assistance they want, including making arrangements for posting bond.

62.    Defendant admits that with respect to an arrestee who does not post sufficient bond as determined by Oklahoma's judiciary, whether immediately following arrest or as determined at his or her bond hearing held within 48 hours, the duties of Defendant's Office require that he detain such individual in county jail pending trial until and unless a district court judge or magistrate orders or approves the detainee's pretrial release; every pretrial detainee housed in the Tulsa County Jail is assigned two (2) changes of clothing for the security of all people in the jail, including detainees, inmates, staff, visitors, and vendors who provide medical, counseling, education and other services.

63.    Defendant admits that with respect to an arrestee who posts sufficient bond as determined by Oklahoma's judiciary or who is released by the judiciary without a requirement that he or she post bond, he or she is permitted to exit the facility in the same apparel in which he or she arrived and with any lawful personal effects in his or her possession at the time of arrival.

64.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 64 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

65.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 65 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

66.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 66 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

67.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 67 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

68.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 68 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

69.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 69 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

70.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 70 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

71.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 71 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

72.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 72 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

73.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 73 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

74.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 74 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

75.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 75 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof. *See* footnote 1 above.

76.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 76 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof. *See* footnote 1 above.

77.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 77 of Plaintiffs' Second

Amended Class Action Complaint, and therefore denies same and demands strict proof thereof. *See* footnote 1 above.

78.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 78 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof. *See* footnote 1 above.

79.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 79 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof. *See* footnote 1 above.

80.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 80 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof. *See* footnote 1 above.

81.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 81 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof. *See* footnote 1 above.

82.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 82 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof. *See* footnote 1 above.

83.     Defendant admits that pursuant to 22 O.S. §§ 1105.1 et seq. (the "Pretrial Release Act"), the Board of County Commissioners of the County of Tulsa ("BOCC") "may establish and fund a pretrial program to be utilized by the district court in [the Fourteenth Judicial District of the State of Oklahoma]," and that only the state court "judge … may grant or deny pretrial release."  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the material allegations set forth in paragraph 83 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.  *See* footnote 1 above.

84.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 84 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

85.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 85 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

86.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 86 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof. *See* footnote 1 above.

87.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 87 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

88.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 88 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

89.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 89 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

90.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 90 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

91.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 91 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

92.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 92 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof. *See* footnote 1 above.

93.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 93 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

94.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 94 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

95.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 95 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

96.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 96 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

97.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 97 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

98.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 98 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

99.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 99 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

100.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 100 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

101.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 101 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

102.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 102 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

103.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 103 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

104.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 104 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

105.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 105 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

106.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 106 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

107.    Defendant denies that an association or correlation establishes causation, and Defendant further states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining material allegations set forth in paragraph 107 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

108.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 108 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

109.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 109 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

110.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 110 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof. *See* footnote 1 above.

111.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 111 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

112.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 112 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

113.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 113 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

114.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 114 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof. *See* footnote 1 above.

115.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 115 of Plaintiffs' Second

Amended Class Action Complaint, and therefore denies same and demands strict proof thereof. *See* footnote 1 above.

116.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 116 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof. *See* footnote 1 above.

117.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 117 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

118.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 118 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

119.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 119 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

120.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 120 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

121.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 121 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

122.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 122 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

123.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 123 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof. *See* footnote 1 above.

124.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 124 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof. *See* footnote 1 above.

125.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 125 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof. *See* footnote 1 above.

126.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 126 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof. *See* footnote 1 above.

127.     Defendant denies the material allegations set forth in paragraph 127 of Plaintiffs' Second Amended Class Action Complaint, and therefore demands strict proof thereof.   *See* footnote 1 above.

128.     Defendant denies the material allegations set forth in paragraph 128 of Plaintiffs' Second Amended Class Action Complaint, and therefore demands strict proof thereof.  *See* footnote 1 above.

129.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 129 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof. *See* footnote 1 above.

130.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 130 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

131.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 131 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

132.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 132 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

133.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 133 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof.

134.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 134 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof. *See* footnote 1 above.

135.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 135 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof. *See* footnote 1 above.

136.    Defendant incorporates by reference the answers and statements he has set forth in paragraphs 1–135 above.

137.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 137 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof. *See* footnote 1 above.

138.    Defendant incorporates by reference the answers and statements he has set forth in paragraphs 1–137 above.

139.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 139 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof. *See* footnote 1 above.

140.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the material allegations set forth in paragraph 140 of Plaintiffs' Second Amended Class Action Complaint, and therefore denies same and demands strict proof thereof. *See* footnote 1 above.

141.    Defendant denies that Plaintiffs are entitled to any relief whatsoever as against him, the Tulsa County Sheriff, in his official capacity.

142.    Plaintiffs have failed to state a claim upon which relief can be granted.

143.     Neither the BOCC nor the Tulsa County Sheriff possess final policy-making authority to establish policies for Tulsa County (which has no such policies because such matters are judicial in character and under the province of the state judiciary as a matter of Oklahoma law) or to establish policies for the Fourteenth Judicial District of the State of Oklahoma regarding:

(a)     conditions that must be satisfied to obtain the release of an arrestee from jail prior to trial;

(b)     the timing, individualization and/or procedural safeguards to be utilized for pretrial release/detention hearings;

(c)     conducting an inquiry into and making findings concerning an arrestee's ability to pay;

(d)     conducting an inquiry into and making findings concerning alternatives to money bail;

(e)     conducting an inquiry into and making findings concerning the necessity of detention;

(f)     appointment of counsel to assist at bail hearings and meaningfully challenge pretrial detention;

(g)     the issuance of orders for the pretrial release or detention of an arrestee;

(h)     conducting an inquiry into and making findings concerning the enforceability of a judge's facially valid order requiring pretrial release or detention of a specific arrestee; or

(i)     any other relief sought by Plaintiffs in paragraph 141 of Plaintiffs' Second Amended Class Action Complaint not specifically identified in (a) - (f).

144.     Plaintiffs lack standing to bring their claims against the BOCC and the Tulsa County Sheriff, in his official capacity.

145.     Defendant denies that Tulsa County has a secured money-bail schedule.  The Fourteenth Judicial District of the State of Oklahoma, upon the Order of the Presiding Judge for the District, establishes a Preset Bond Schedule for felony and misdemeanor offenses pursuant to

22 O.S. § 1105.2(B).   *See, e.g.*, Administrative Order AO-2015-16, *filed* Nov. 5, 2015.   Local county government is not involved.   *See also* Uniform Oklahoma Bond Schedule published by the Supreme Court: http://www.oscn.net/applications/oscn/index.asp?ftdb=STOKFB&level=1.

146.   Defendant plays no role in the appointment of counsel for indigent defendants, in the appointment of counsel for pretrial detainees unable or unwilling to post bond or in the appointment of counsel for any reason.   The appointment of counsel is a matter addressed to the discretion of the district court.

147.   Pursuant to the instructions of the Oklahoma Attorney General in 1981 OK AG 103, an arrestee can be released from custody only pursuant to the provisions of 22 O.S. § 209 or by order of the district court.   Pursuant to the instructions of the Oklahoma Attorney General in 1980 OK AG 1, a county sheriff cannot release an arrestee from the county jail without a court order or unless the requirements of 22 O.S. § 209 have been met.   This statute allows release by the sheriff without a court order only if:

> a. the charge is a misdemeanor or a violation of a city ordinance; and,
>
> b. the arrest was made without a warrant by the sheriff himself;[3] and,
>
> c. the person arrested has been given a citation to return in accordance with the mandates of 22 O.S. § 209.

Defendant has not personally made any of the misdemeanor arrests which are the subject of this litigation.   "[I]t is the duty of [county] officers ... with notice thereof to follow the opinion of the Attorney General until relieved of such duty by a court of competent jurisdiction or until this Court should hold otherwise."   *Pan. Am. Petroleum Corp. v. Board of Tax-Roll Corrections of Tulsa County*, 1973 OK 52, ¶ 10, 510 P.2d 280.

---

[3]The same logic would apply to a misdemeanor arrest under 22 O.S. § 1115.1A (enacted in 2009).

148.     Defendant detains arrestees at the Tulsa County Jail in his role as an officer and an arm of the court.  The District Court Criminal Rules for Tulsa County require the Tulsa County Sheriff to detain an arrestee until a district court judge or magistrate orders his or her release, approves his or her release on their own recognizance through the Tulsa County Pretrial Release Program or until sufficient bond is posted as determined by the district court judge or magistrate.  Detention until and unless a judge or magistrate directs otherwise is a matter of state law, not local county government.  Conditions of a pretrial detainee's release are also determined by the Oklahoma judiciary as a matter of state law, not local county government.

149.     The District Court of the State of Oklahoma in Tulsa County is an agency of the State of Oklahoma, and not local county government; and Defendant's detention of plaintiffs is undertaken as an agent of the state court system, not local county government.  *See* Okla. Const. Art. VII, §§ 1, 6, 7, 10-11; 22 O.S. § 4A; and 20 O.S. §§ 2, 16.1 - 16.7, 22 - 24, 91.1 – 120; Ch. 1, App. 2, Oklahoma Supreme Court Rules on Administration of Courts; *Speight v. Presley*, 2008 OK 99, 203 P.3d 173; *North Side State Bank v. Board of County Comm'rs of Tulsa County*, 1994 OK 34, 894 P.2d 1046; *Petuskey v. Cannon*, 1987 OK 74, 742 P.2d 1117; and *Hindman v. Thompson*, 557 F.Supp.2d 1293 (N.D. Okla. 2008).

150.     Each county is required to provide court rooms for judges of the district court, 1982 OK AG 206, ¶ 1, and to detain arrestees pending trial unless released by the district court. *See* 1981 OK AG 103, and District Court Criminal Rules for Tulsa County.

151.     The State of Oklahoma's judiciary is the gatekeeper with respect to who gets released from the Tulsa County Jail.  While local county government may elect pursuant to 22 O.S. § 1105.3 to establish and fund a pretrial program to evaluate pretrial detainees for the purpose of making recommendations to the court for their release, its recommendations in this

regard are either approved or rejected by a district court judge or magistrate who at all times is the final decision-maker regarding a pretrial detainee's release from jail.  The county's provision of such pretrial services is optional, not mandatory.

152.    The alleged wealth-based post-arrest detention policies, practices and procedures of which Plaintiffs complain are state policies, practices and procedures promulgated and administered by the Supreme Court of the State of Oklahoma, by the presiding judge of the Fourteenth Judicial District of the State of Oklahoma, by the presiding judge of the Fourteenth Judicial Administrative District of the State of Oklahoma, by the district court judges of the State of Oklahoma and by magistrates (special judges) appointed by the district court judges, none of whom are county employees.  The policies at issue are not local county government policies, but rather, state policies.

153.    Oklahoma law clearly designates its judiciary as the final policymakers with respect to the issues raised by Plaintiffs' Second Amended Class Action Complaint, including but not limited to: conditions of pre-trial release; inquiry into and findings concerning a person's ability to pay and the necessity of pretrial detention; appointment of counsel for defendants; consideration of alternatives to the court's bail schedule; and the conduct of bail determination hearings.

154.    "Counties have only such authority as is granted by statute[, and p]ublic officers possess only such authority as is conferred upon them by law and such authority must be exercised in the manner provided by law."  *Tulsa Exposition & Fair Corp. v. Board of County Comm'rs*, 1970 OK 67, ¶ 26, 468 P.2d 501 (citations omitted).

155.    Defendant's pretrial detention of plaintiffs is mandated by policies, practices and procedures promulgated and administered by the Oklahoma legislature and Oklahoma judiciary. The policies at issue are not local county government policies, but rather, state policies.

156.    Defendant is not responsible for any of the plaintiffs' criminal conduct, wealth or lack thereof, or any judicial determinations related thereto.

157.    Defendant is faithfully carrying out the duties of his office in detaining plaintiffs pursuant to Oklahoma law and subject to the governing authority of the Oklahoma judiciary.

158.    21 O.S. § 532 makes it a felony for a county sheriff to allow persons lawfully held by him in custody "to escape or go at large, except as may be permitted by law."  In Oklahoma, if a sheriff releases an arrestee without statutory authority and in the absence of judicial authorization, the sheriff faces criminal penalties and removal from office. *See State v. Price*, 2012 OK 51, 14, fn. 3, 280 P.3d 943, 946; and 22 O.S. § 1181.

159.    Defendant is required to obey the facially valid orders of a district court judge or magistrate regarding the detention and/or release of individuals being held in the Tulsa County Jail; and it is a crime for Defendant to neglect or refuse to follow the directives of the court with respect to those being held in his custody.  *See* 57 O.S. §§ 47-49 and 55, and 21 O.S. §§ 345, 532 and 533.  *See also* District Court Criminal Rules for Tulsa County.

160.    The fact that Defendant obeys the state judiciary in carrying out his role as an officer or arm of the court does not establish a county policy.  *See Surplus Store and Exchange, Inc. v. City of Delphi*, 928 F.2d 788, 791-92 (10th Cir. 1991) ("It is difficult to imagine a municipal policy more innocuous and constitutionally permissible, and whose causal connection to the alleged violation is more attenuated, than the 'policy' of enforcing state law.  If the

language and standards from *Monell* are not to become a dead letter, such a 'policy' simply cannot be sufficient to ground liability against a municipality.").

161. Because the policies at issue are not local county government policies, but rather, state policies, Plaintiffs are not entitled to declaratory or injunctive relieve as against the Defendant. *See Los Angeles County, Cal. v. Humphries*, 562 U.S. 29, 131 S.Ct. 447, 178 L.Ed.2d 460 (2010).

162. Declaratory or injunctive relief cannot issue against Defendant in a manner that would require him to investigate, evaluate, police or "look behind" the policies, practices and/or procedures promulgated, administered and/or followed by the judges and magistrates of the Fourteenth Judicial District whom he serves as an officer and arm of the court and whose orders with respect to detainees in the county jail he is required to follow under Oklahoma law.  To the extent that Plaintiffs' requested injunction imposes judicial decision-making on Defendant, for example, to ascertain whether the procedures leading to an order of release or detention satisfy the applicable statutes or constitution prior to compliance therewith, the FCIA's ban on injunctive relief against judges, and other officials who exercise discretionary judgment similar to that of judges, applies to ban the injunctive relief requested by Plaintiffs.  *See* Federal Courts Improvement Act of 1996.

163. Declaratory or injunctive relief cannot issue against Defendant with respect to state policies, practices and procedures promulgated and administered by the Supreme Court of the State of Oklahoma, by the presiding judge of the Fourteenth Judicial District of the State of Oklahoma, by the presiding judge of the Fourteenth Judicial Administrative District of the State of Oklahoma, by the district court judges of the State of Oklahoma and/or by magistrates (special judges) appointed by the district court judges.

30

164.     Defendant is not responsible for the Oklahoma judiciary's acts, policies, practices and/or procedures at issue in this lawsuit.

165.     Defendant is not responsible for the Oklahoma legislature's acts, policies, practices and/or procedures at issue in this lawsuit.

166.     Declaratory or injunctive relief cannot issue against Defendant in such a manner that would require him to violate state law without a prior judicial declaration that the state law at issue is unconstitutional.

167.     Virtually every reference to "the Defendants," plural, in Plaintiffs' Second Amended Class Action Complaint is overbroad and improperly sweeps up this answering Defendant without an underlying factual basis or reasonable belief that this answering Defendant committed any of the acts described in such reference or that this answering Defendant is doing anything other than carrying out the facially valid orders of Oklahoma's judiciary pursuant to his oath of office, statutory and common law duties.

168.     Declaratory or injunctive relief cannot issue against Defendant in such a manner that would require him to expend county funds and/or resources to cure constitutionally-deficient state policies, practices or procedures.

169.     Plaintiffs are not entitled to declaratory or injunctive relief as against the Defendant and Plaintiffs are not entitled to reasonable attorneys' fees and costs as against the Defendant because the alleged wealth-based post-arrest detention policies, practices and procedures of which Plaintiffs complain are state policies, practices and procedures promulgated and administered by Oklahoma's legislature and/or judiciary, and Defendant, as an arm of the court, is merely following the dictates of Oklahoma law and the directives of Oklahoma's

31

judiciary with respect to those being held in his custody as is his duty under Oklahoma law, subject to criminal prosecution for his non-compliance.

170.     Defendant is without any authority whatsoever to modify the alleged wealth-based post-arrest detention policies, practices and procedures of which Plaintiffs complain because he is merely following the dictates of Oklahoma law and the directives of Oklahoma's judiciary with respect to those being held in his custody as is his duty under Oklahoma law, subject to criminal prosecution for his non-compliance.

171.     Defendant affirmatively asserts the doctrines of absolute immunity, discretionary function immunity, qualified immunity and sovereign immunity.

172.     Defendant affirmatively asserts Eleventh Amendment immunity as an officer and arm of the district court.

173.     Defendant's acts undertaken as an officer and arm of the district court in furtherance of its orders, rules and regulations and in obedience to Oklahoma law which criminalizes his non-compliance with such orders, together with the requirements of Fed.R.Civ.P. 65(d)(2)(C) which extends an injunction against the Sheriff to include "other persons who are in active concert or participation" with him, prohibits injunctive relief against the Defendant until and unless he first violates a declaratory decree.

174.     Defendant's acts and/or omissions, to the extent relevant herein, were and are required by his oath of office, statutory and common law duties, and he was and is subject to criminal prosecution for his non-compliance with Oklahoma law and/or the directives of a district court judge or magistrate with respect to those being held in his custody.

175.     Defendant's acts and/or omissions, to the extent relevant herein, were and are undertaken as an agent of the State of Oklahoma, and not local county government.

176.    Attorneys' fees and costs are not recoverable as against this Defendant.

177.    State statutes, rules and regulations, local court rules and the orders of district court judges and magistrates directly govern and compel the Defendant's conduct of which Plaintiffs' complain.

178.    Plaintiffs fail as proper class representatives, have mooted this action and lack standing to bring the claims asserted herein.

179.    Plaintiffs are not suited for being released on their own recognizance.

180.    The U.S. Constitution protects against *excessive* bail; it does not guarantee affordable bail.  That the defendants in this case posted bail establishes that the bail was not excessive.

181.    The fact that wealthy criminal defendants, on average, negotiate the criminal justice system with more success than non-wealthy criminal defendants does not render the system unconstitutional; nor does such an association or correlation establish causation.

182.    Defendant was at all times executing the duties of his public office.

183.    Plaintiffs lack standing on their own behalf and on behalf of the alleged class members they propose to represent.

184.    This Defendant adopts and incorporates by reference all affirmative defenses presently or subsequently asserted by co-defendants.

The above stated affirmative defenses are based on the knowledge and information currently possessed by Defendant.  Defendant reserves the right to assert any additional defenses that it may discover throughout the course of this litigation.  Defendant further reserves the right to amend his Answer or otherwise plead in response to Plaintiffs' Second Amended Class Action Complaint.

WHEREFORE, having fully answered the Plaintiffs' Second Amended Class Action Complaint, Defendant prays that the Court enter judgment in his favor and against the Plaintiffs, that Plaintiffs take nothing by way of their Class Action Complaint, that the Court award Defendant his costs and expenses, including reasonable attorneys' fees in defending this action, together with interest, if applicable, that the Court dismiss this case with prejudice, and that the Court award Defendant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

s/ *Douglas A. Wilson*
Douglas A. Wilson, OBA No. 13128
Assistant District Attorney
Tulsa County District Attorney's Office
500 S. Denver Ave., Suite 832
Tulsa, OK  74103
(918) 596-8795
douglas.wilson@tulsacounty.org

ATTORNEYS FOR VIC REGALADO,
TULSA COUNTY SHERIFF, IN HIS
OFFICIAL CAPACITY

## CERTIFICATE OF MAILING & ELECTRONIC NOTICE

I hereby certify that on October 13, 2021, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Alexander Karakatsanis
Alexandria Twinem
Allison Holt
Devan A Pederson
Erin Morgan Moore
Gary Yeung
Hayley Elizabeth Horowitz
Jeb Emmet Joseph
Kristina Michelle Saleh
Laura Gaztambide Arandes
Michelle Anne Kisloff
Phoebe Anne Kasdin
Ryan Downer
Stefanie Erin Lawson
Stevie DeGroff
Vassi Iliadis

s/ *Douglas A. Wilson*
Douglas A. Wilson

35