UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD FELTZ and ASHTON DENNIS, on behalf of themselves and all other similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>VIC REGALADO, *et al.*,<br><br>*Defendants.* | Case No. 18-CV-0298-CVE-JFJ |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

In the event that the Court grants Plaintiffs' Motion to File Their Motion for Summary Judgment Out of Time, ECF No. 367, and for the reasons stated in the memorandum of law accompanying this motion, Plaintiffs, hereby move for summary judgment in their favor on each of their claims. Plaintiffs hereby request that the Court issue the proffered proposed order, attached hereto as Exhibit A, entering declaratory judgment against all defendants and a permanent injunction against the Tulsa County Sheriff and the Tulsa County District Court Presiding Judge.

Plaintiffs respectfully request that, pursuant to Local Rule 78-1, the Court order a hearing on this motion where oral argument and, if necessary, evidence,

may be presented. In light of the constitutional interests asserted and the complexity of the issues, plaintiffs believe that oral argument is warranted and will aid the Court's disposition of the present motion.

Dated: May 28, 2023

Respectfully Submitted,

/s/ Hayley Horowitz
Hayley Horowitz
Phoebe Kasdin
STILL SHE RISES, TULSA
567 E. 36th Street North
Tulsa, OK 74106
(918) 392-0874
hayleyh@stillsherises.org

Allison Holt Ryan*
HOGAN LOVELLS US LLP
555 13th Street, NW
Washington, DC 20004
(202) 637-5600
allison.holt-ryan@hoganlovells.com

Ryan Downer*
CIVIL RIGHTS CORPS
1601 Connecticut Avenue NW, Suite 800
Washington, DC 20009
Telephone: (202) 844-4975
ryan@civilrightscorps.org

*Admitted to practice pro hac vice

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Motion for Summary Judgment was served on May 26, 2023 via the Northern District of Oklahoma CM-ECF system upon all counsel of record.

/s/ Hayley Horowitz

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

RICHARD FELTZ and ASHTON DENNIS, on behalf of themselves and all other similarly situated,

*Plaintiffs,*

v.

VIC REGALADO, *et al.*,

*Defendants.*

Case No. 18-CV-0298-CVE-JFJ

### [PROPOSED] DECLARATORY JUDGMENT AND PERMANENT INJUNCTION

Named Plaintiffs, on behalf of those similarly situated, filed this suit against the Tulsa County District Court Presiding Judge, Tulsa County District Court Special Judges, and Tulsa County Sheriff, challenging the constitutionality of their pretrial detention procedures. Evidence in the record demonstrates that defendants' procedures do not comply with the Fourteenth Amendments. Accordingly, and considering the Court's Order & Reasons entered herewith:

**IT IS ORDERED, ADJUDGED AND DECREED** that there be judgment in favor of plaintiffs, Richard Feltz and Ashton Dennis, both individually and on behalf of all others similarly situated, and against defendants Tulsa County District Court Presiding Judge, Tulsa County District Court Special Judges, and Tulsa

County Sheriff. Plaintiffs are granted summary judgment and the following relief.

## Declaratory Relief Against All Defendants

Plaintiffs are granted the following declaratory relief against all defendants.

Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, secured pretrial release conditions may not be imposed without hearings, and due process requires that:

1) the hearings be conducted within a reasonable time after arrest;
2) arrested individuals be given notice of the issues to be decided, and their right to be heard and to present evidence;
3) attorneys be represented by counsel, with the opportunity for confidential communication between the attorney and client before and during the hearing;
4) an inquiry be made into the arrested individual's ability to pay;
5) consideration be given to alternative conditions of release, unless it is determined by clear and convincing evidence that any imposed monetary condition imposed is immediately affordable by the arrested person; and,
6) findings be made on the record applying the clear and convincing standard of evidence and explaining why an arrestee does not qualify for alternative conditions of release, in any case in which pretrial detention is ordered or a secured bond is imposed that the individual has not be found able to pay by clear and convincing evidence.

## Injunctive and Declaratory Relief Against the Tulsa County Sheriff and Tulsa County District Court Presiding Judge

Against Defendants Tulsa County Sheriff and Tulsa County Presiding Judge, Plaintiffs are granted summary judgment and the following declaratory and injunctive relief:

The Due Process and Equal Protection Clauses of the Fourteenth Amendment

to the United States Constitution prohibit issuance or enforcement of, and the Tulsa County Sheriff and Tulsa County Presiding Judge are hereby **ENJOINED** from issuing or enforcing, any secured financial condition of release upon an individual who has not received a prompt hearing on pretrial release conditions at which a judicial officer provided, at a minimum, the procedural and substantive safeguards described as follows:

A. **Procedural Requirements.** At any court appearance (i.e., initial appearance or bail hearing) that could result in pretrial detention or imposition of a secured bond that an arrested individual cannot pay, the individual must be given a meaningful, individualized hearing that includes:

1. Notice to the individual of the purpose of the hearing;
2. The opportunity to be heard and present evidence;
3. Representation by counsel;
4. Consideration of alternative, nonmonetary release conditions;
5. Consideration of the necessity of detention in relation to the government's compelling interests (i.e., protecting community safety and against non-appearance); and
6. Verbal or written findings of fact regarding these factors, applying the clear and convincing evidence standard.

B. **Timing.** The meaningful, individualized hearing must take place within a reasonable time period after arrest, and no later than 48 hours from arrest.

C. **Appointment of Counsel**. Counsel must be provided free of charge at the hearing to any individual who is indigent, and to any individual who cannot secure paid counsel in time for the hearing. Before and during any court proceeding at which release conditions and/or detention are being considered, the individual shall be allowed to communicate fully, expediently, and confidentially with their counsel.

D. **Ability to Pay.** The individual's social and economic circumstances shall be considered when setting conditions of release.

1. <u>Generally.</u>  Prior to an individual being given a release condition that includes monetary bail, the individual shall receive an inquiry into their immediate ability to pay the full amount of the monetary bail.

2. <u>Inquiry Process</u>

   a. The purpose of the inquiry shall be to determine the amount of money the defendant can pay, using the defendant's own financial resources as would be available within twenty-four (24) hours of bond being set.

   b. Such inquiry shall allow the prosecutor, defense counsel, and the individual the opportunity to provide the court with information pertinent to the individual's ability to pay monetary bail. This information may be provided by proffer and may include statements by the individual's relatives or other persons who are present at the hearing and have information about the individual's ability to pay monetary bail.

   c. All information regarding the individual's ability to pay monetary bond shall be admissible if it is relevant and reliable, regardless of whether it would be admissible under the rules of evidence applicable at criminal trials.

E. **Protections Against Unaffordable Bond.**

1. Because the imposition of an unaffordable bond creates a *de facto* detention order, the judicial officer shall not impose a secured monetary bond on an individual who is unable to pay except where a judge finds based on clear and convincing evidence that:

   a. The individual poses a risk of non-appearance in court or a risk to public safety; and

   b. No less restrictive alternative condition, or combination of conditions, can sufficiently address the specific risks identified, as documented by written or verbal findings.

2. The evidentiary burden is on the State to prove that the individual poses a risk of non- appearance or a risk to public safety, and that no less restrictive alternative condition or combination of conditions can address the specific risks identified.

**SO ORDERED**, this_____day of_____, 202__.

_____

UNITED STATES DISTRICT JUDGE