# United States District Court
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD FELTZ and ASHTON LEE DENNIS, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>vs.<br><br>VIC REGALADO, in his official capacity as Tulsa County Sheriff, to the extent he is named as a state actor (not as a county actor);[1] TAMMY BRUCE, STEPHEN CLARK, JULIE DOSS, THERESA DREILING, OWEN EVANS, MARY ANN GODSBY, DAVID GUTEN, BILL HIDDLE, ANN KEELE, JAMES KEELEY, DEBORAH LUDI LEITCH, ANTHONY J. MILLER, KEVIN C. MORRISON, KIRSTEN PACE, WILMA PALMER, APRIL SEIBERT, RODNEY B. SPARKMAN, and TANYA WILSON, in their official capacities as Tulsa County Special Judges; and WILLIAM LAFORTUNE, in his official capacity as Presiding Tulsa County District Court Judge,<br><br>    Defendants. | Case No. 18-cv-298-SPF-JFJ |

### BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT BY VIC REGALADO, in his official capacity as Tulsa County Sheriff, to the extent he is named as a state actor (not as a county actor)

Douglas Wilson, OBA No. 13128
Assistant District Attorney
Tulsa County District Attorney's Office
218 West Sixth Street, Suite 933
Tulsa, OK 74119
(918) 596-8795
douglas.wilson@tulsacounty.org

Mike Shouse, OBA No. 33610
Assistant District Attorney
Tulsa County District Attorney's Office
218 West Sixth Street, Suite 935
Tulsa, OK 74119
(918) 596-4825
mshouse@tulsacounty.org

ATTORNEYS FOR VIC REGALADO, TULSA COUNTY SHERIFF

---

[1] *See* Doc. #306, p. 32.

COMES NOW Defendant VIC REGALADO, in his official capacity as Tulsa County Sheriff, to the extent he is named as a state actor (not as a county actor) ("Sheriff as State Actor"),[2] and submits the following Brief in Opposition to the Plaintiffs' Motion for Summary Judgment.

I.
DISPUTED MATERIAL FACTS

Sheriff as State Actor adopts the State Judge's response to Plaintiffs' Statement of Undisputed Material Facts except that with respect to those material facts expressly disputed below, Sheriff as State Actor submits his own additional argument and evidence in opposition:

1.  Sheriff as State Actor disputes ¶ 1 of Plaintiffs' Statement of Undisputed Material Facts. On June 2, 2018, just before midnight, Richard Feltz was arrested for Child Endangerment AFCF, Felony Eluding, Failure to Signal Right Turn, and Driving Under Suspension; contemporaneously therewith, Richard Feltz was also arrested as a matter of law for violating the terms and conditions of his pretrial release from Rogers County. *See* TCSO Incident Report No. 2018-04948, attached Exhibit "1;" and Personal Recognizance Bond for Pre-Trial Release Program, Rogers County Case No. CM-2017-1037, Rules and Conditions nos. 3 & 4, attached Exhibit "2." Feltz's bond had been assigned by the Tulsa County District Court *prior to his arrest*. *See* Plaintiffs' Response to Defendant Sheriff Regalado's Second Set of Proposed Stipulations, Response to Request No. 11, attached Exhibit "3;" and Plaintiffs' Statement of Undisputed Material Facts, Nos. 16-18.

2.  Sheriff as State Actor disputes ¶ 2 of Plaintiffs' Statement of Undisputed Material Facts. On December 15, 2020, Ashton Dennis was arrested in Tulsa County for Possession of a Stolen Vehicle AFCF, Possession of a Firearm in Commission of a Felony AFCF, Possession of

---

[2] *See* Doc. #306, p. 32.

a Firearm AFCF, and Knowingly Concealing Stolen Property; Dennis's bond had been assigned by the Tulsa County District Court *prior to his arrest*. *See* TPD Incident Report Number 2020075750, attached Exhibit "4;" Administrative Order AO-2019-10 and its attached Preset Bond Schedule, attached Exhibit "5;" and Plaintiffs' Statement of Undisputed Material Facts, Nos. 16-18. Because Dennis was a twice-convicted felon arrested on a felony charge, he had <u>no right to bail</u>. *See* Judgment and Sentence in Tulsa County Case No. CF-2012-4836 (felony – 4 years DOC), attached Exhibit "6;" Judgment and Sentence in Tulsa County Case No. CF-2015-5035 (felony – 6 years DOC), attached Exhibit "7;" Okla. Const. art. 2, § 8(A)(4) ("bail may be denied for … felony offenses where the person charged with the offense has been convicted of two or more felony offenses arising out of different transactions"); 22 O.S. § 1101(C)(4) (same).

    3.    The class definition set forth in ¶ 3 of the Plaintiffs' Statement of Undisputed Material Facts does not include inmates held on behalf of the Creek Nation for the reason that the Tulsa County District Court lacks jurisdiction over such inmates. *See* Detention Agreement with Creek Nation, attached Exhibit "8." Furthermore, Indian Nations are free to interpret the Constitution in a manner different from the United States Supreme Court. *See* John Clark, *The State of Pretrial Release Decision-Making in Tribal Jurisdictions: Closing the Knowledge Gap*, Journal of Court Innovation Special Issue on Tribal Justice, 297, 301-03 (Oct. 2010) (online at https://turtletalk.blog/2010/10/20/journal-of-court-innovation-special-issue-on-tribal-justice), attached Exhibit "9."

    12.    Sheriff as State Actor disputes ¶ 12 of Plaintiffs' Statement of Undisputed Material Facts. *As a County Officer*, Sheriff Vic Regalado is the head of the Tulsa County Sheriff's Office, and has the charge and custody of the jail of his county, and all the prisoners in the same, and *has been dismissed from this lawsuit with prejudice*. *See* Doc. #306, pp. 31-32. To the

extent he is named as a state actor (not as a county actor), Sheriff as State Actor is required pursuant to 57 O.S. § 47, regarding those in his custody, to conform, in all respects, to the state standards for county jails and the rules and directions of the district judge.

21. Sheriff as State Actor disputes ¶ 21 of Plaintiffs' Statement of Undisputed Material Facts. The actions referenced in ¶ 21 are mandated by the standing order of the Tulsa County District Court referenced in Plaintiffs' Undisputed Material Fact No. 18 and by state law, not by the discretion of the Sheriff as State Actor. Pursuant to 22 O.S. § 186, when a person is arrested in Oklahoma, he is taken "into custody, that he may be held to answer for a public offense." The named Plaintiffs do not challenge their arrest based on lack of probable cause or the lack of a probable cause determination by a neutral magistrate within 48 hours. *See* Second Amended Complaint, Doc. #259, attached Exhibit "10." "A county jail … has a duty to receive a prisoner when custody is tendered by the arresting agency." 2004 OK AG 17, ¶ 26(7). Once arrested, only state statute[3] or an Order of the District Court can release someone from being held to answer for his or her public offense. *See* Tulsa County District Court Criminal Rule 1(D)(3) and (5), attached Exhibit "11."

35. Sheriff as State Actor disputes ¶ 35 of Plaintiffs' Statement of Undisputed Material Facts to the extent it implies that the Sheriff as State Actor is responsible for the video transmission or teleconference nature of daily bond docket proceedings. Criminal Rule 2 promulgated by the Tulsa County District Court expressly requires "[t]he staff of the David L. Moss Criminal Justice Center …[to] facilitate [the accused's first] appearance via video transmission or teleconference at a time to be set by the Court." Doc. #369-30, p. 4.

---

[3] *See* fn. 5 below.

37.     Sheriff as State Actor disputes ¶ 37 of Plaintiffs' Statement of Undisputed Material Facts to the extent it implies that the Sheriff as State Actor interferes with an inmate's right to speak with his or her attorney beyond the reasonable regulation of time, place and manner required in the secure and safe operation of a jail.  *See* Criminal Rule 2 promulgated by the Tulsa County District Court and its requirement that arrestees appear at the bond docket via video transmission or teleconference, Doc. #369-30, p. 4.

38.     Sheriff as State Actor disputes ¶ 38 of Plaintiffs' Statement of Undisputed Material Facts because the evidentiary support cited, Wright Dep. at 119:25-124:25, does not support the statement that "jail staff does not routinely explain the purpose of the appearance." To the contrary, the examiner never questioned the witness about "the purpose of the appearance," and the witness's explanations about communications to those scheduled for the bond docket are consistent with explaining the purpose of their appearance in court. Additionally, the bond docket judge explains to every person appearing before him or her the purpose of the bond docket hearing.  *See* Wright Dep. at 235.11 to 235.15, 236.11 to 236.20, Doc. #369-3 (pp. 236-37), and Guten Dep. at 45.5 to 45.16, Doc. #369-4 (p. 46).  *See also* Disputed Material Fact No. 39 below.

39.     Sheriff as State Actor disputes ¶ 39 of Plaintiffs' Statement of Undisputed Material Facts because the evidentiary support cited, Wright Dep. at 210:9-215:14, actually shows that jail staff explain to arrestees the purpose of the bond docket. "And if they ask what bond court was, we would explain it to them … some of my officers would say, Well, you know, you have a chance of either getting your bond lowered or – or maybe even getting a PR bond or whatever." Wright Dep. at 212.4 to 212.5, 213.21 to 214.1, Doc. #369-3 (pp. 213-15).

43. Sheriff as State Actor disputes ¶ 43 of Plaintiffs' Statement of Undisputed Material Facts to the extent it is intended to suggest that the Sheriff as State Actor interferes with an inmate's right of access to all of the evidence that is presented to the court. *See* Criminal Rule 2 promulgated by the Tulsa County District Court and its requirement that arrestees appear at the bond docket via video transmission or teleconference, Doc. #369-30, p. 4.

## II.
## OKLAHOMA LAW REQUIRES THAT AN ARRESTEE BE HELD TO ANSWER TO THE COURT FOR HIS PUBLIC OFFENSE

Plaintiffs argue that "[w]hen a person cannot afford money bail that has been set as a condition of their release, defendants jail them, and so restrain their freedom." Plaintiffs' Brief in Support of Motion for Summary Judgment ("MSJ"), p. 19, Doc. #369. But Plaintiffs intentionally misrepresent the temporal order of these events. When a person is arrested in Oklahoma, he is held to answer for his public offense. 22 O.S. § 186. "To legally arrest and detain, the Government must assert probable cause to believe the arrestee has committed a crime. … [A] defendant who has been arrested [is then] held to answer."[4] *U.S. v. Marion*, 404 U.S. 307, 320-21 (1971).

> Both the standards and procedures for arrest and detention have been derived from the Fourth Amendment and its common-law antecedents. The standard for arrest is probable cause, defined in terms of facts and circumstances 'sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense.'

*Gerstein v. Pugh*, 420 U.S. 103, 111 (1975). The standard for determining whether to detain an arrestee pending further proceedings is also "probable cause to believe the suspect has committed a crime." *Id.*, at 120. The named Plaintiffs do not challenge their arrest based on lack

---

[4] Under Oklahoma law, a county sheriff may be criminally prosecuted if he "willfully neglects or refuses so to receive [a prisoner] into custody." 21 O.S. § 533(A). *See also* 2004 OK AG 17 (sheriff's obligation to accept prisoners).

of probable cause or the lack of a probable cause determination by a neutral magistrate within 48 hours. *See* Disputed Material Fact No. 21 above.

An arrestee is held – from the moment of his arrest – to answer to the Court because there is probable cause to believe the arrestee committed a crime. Arrestees (as the moniker implies) begin with their freedom retrained – prior to anyone consulting the Preset Bond Schedule and advising the arrestee of his right to post bail. For someone under arrest, restraint of liberty is a given. Sheriff as State Actor is only authorized to release an arrestee pursuant to state statute[5] or by state court judicial order.[6]

### III.
### OKLAHOMA LAW TREATS ARRESTESS DIFFERENTLY BASED ON THE CRIME FOR WHICH THEY ARE ARRESTED – AND THERE IS NOTHING WRONG WITH THAT

As noted in footnote 5 below, under Oklahoma law, people arrested on traffic violations, misdemeanor charges and violation of city ordinances may be released on their own recognizance by the arresting officer. People who are arrested for more serious crimes are taken straight to jail, booked and fingerprinted. Plaintiffs argue that such a procedure is unconstitutional because "defendants can point to no record evidence to support the idea that the severity of an offense reliably predicts a person's flight risk or dangerousness." MSJ at 22, Doc. #369. Those folks arrested for capital or violent offenses, or for offenses for which the

---

[5] *See, e.g.,* 22 O.S. §§ 1115.1(A), 1115.1A(A) (solely for a misdemeanor traffic violation, arresting officer may release upon personal recognizance if certain conditions are met); 47 O.S. § 751(D)(arrestee "may be released on the person's own recognizance for medical reasons by the arresting officer"); 22 O.S. § 209 (solely for misdemeanor charge or violation of city ordinance, arresting officer may release upon issuance of citation or summons to appear in court). Both named Plaintiffs were arrested on felony charges, and neither alleges that the sheriff was personally involved in his arrest. *See* Plaintiffs' First Set of Stipulations, attached Exhibit "12."

[6] *See* Tulsa County District Court Criminal Rule 1(D)(3) and (5), attached Exhibit "11" (Sheriff may issue an Order of Release for any prisoner upon (1) the verbal order of a Judge, (2) the written order of a Judge, or (3) the posting of bond "in an amount approved by a Judge").

maximum sentence may be life imprisonment, and those twice-convicted felons arrested on another felony charge may be denied the right to bail altogether pending trial. *See* Okla. Const. art. 2, § 8; 22 O.S. § 1101(C)(4). The government has a legitimate interest in treating Ma and Pa Kettle – arrested on misdemeanor violation of allowing a domestic animal to run at large – differently than it treats Jack the Ripper – arrested on felony rape, murder and mutilation of multiple women. There is absolutely nothing wrong with such distinctions among arrestees; they have existed since time immemorial.[7]

IV.
PLAINTIFFS' "LUMPING TOGETHER OF THE DEFENDANTS," PLURAL, WHEN TALKING ABOUT THE PARTIES RESPONSIBLE FOR ADMINISTRATING, ESTABLISHING RULES FOR, PLANNING AND/OR CONDUCTING JUDICIAL HEARINGS REGARDING BAIL DETERMINATIONS UNARTFULLY AND INACCURATELY INCLUDES THE SHERIFF IN MATTERS IN WHICH HE HAS NO SAY

Plaintiffs' "lumping together of the defendants," as if they were all members of the same cabal, is intended to mislead the court into granting relief beyond that to which Plaintiffs may otherwise be entitled. The state court judiciary administers, establishes rules for, plans and conducts judicial hearings with respect to the bond docket and with respect bail motions generally. *See* Okla. Const. art. 7, and Okla. Stat. tit. 20. The sheriff is not a player. All bail hearings in Oklahoma are conducted by the state court, and all bail determinations are made by state court judges. The county sheriff plays no role in bail hearings or bail determinations.

---

[7] To be sure, the United States Supreme Court has said that "[t]he presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice." *Estelle v. Williams*, 425 U.S. 501, 503, 96 S.Ct. 1691, 1692, 48 L.Ed.2d 126 (1976). *But the presumption operates at the guilt phase of a trial* to remind the jury that the State has the burden of establishing every element of the offense beyond a reasonable doubt. *Taylor v. Kentucky*, 436 U.S. 478, 484, n. 12, 98 S.Ct. 1930, 1934, n. 12, 56 L.Ed.2d 468 (1978). Even at the guilt phase, the defendant is not entitled automatically to an instruction that he is presumed innocent of the charged offense. *Kentucky v. Whorton*, 441 U.S. 786, 789, 99 S.Ct. 2088, 2090, 60 L.Ed.2d 640 (1979) (per curiam). An instruction is constitutionally required only when, in light of the totality of the circumstances, there is a "genuine danger" that the jury will convict based on something other than the State's lawful evidence, proved beyond a reasonable doubt. *Id.* (quoting *Taylor,* 436 U.S. at 488). *See also Delo v. Lashley*, 507 U.S. 272, 278 (1993).

The bedrock legal foundation for state court judicial proceedings in Oklahoma is Article 7 of the Oklahoma Constitution, which makes absolutely no reference to county sheriffs, and Title 20 of the Oklahoma Statutes, whose only reference to the county sheriff is to allow a deputy sheriff to serve as bailiff to the court pursuant to a contract for such services. 20 O.S. § 125(A). No such bailiff contract is at issue in this case, and there are no such contracts with Tulsa County Sheriff's Deputies.

Sheriff as State Actor's only consistent role with respect to bail determination hearings is to keep the peace, *see* 1999 OK AG 23, ¶ 9 ("when requested, the county sheriff must provide security for the courts while they are in session"), and to transport jail inmates to and from court. *See* 2002 OK AG 34, ¶¶ 27, 28 (sheriffs have constitutional and common-law duty to transport inmates), and 1999 OK AG 14, ¶ 3 (with respect to those in his custody in the county jail, sheriff is required to transport them "to court and back").

To the extent that a state court judge orders or directs a sheriff to do something at a bail determination hearing, the sheriff's duty to carry out such an order or directive is a ministerial duty that he has no discretion to refuse. "A sheriff is an officer of the court, and subject to its orders and directions." *Conner v. Drummond*, 1935 OK 507, ¶ 5, 46 P.2d 447, 448. *See also Moss v. Kopp*, 559 F.3d 1155, 1165 (10th Cir. 2009) ("the unhesitating execution of court orders is essential to the court's authority and ability to function"); 19 O.S. § 514 ("The sheriff in person, or by his undersheriff or deputy, shall serve and execute, according to law, all process, writs, precepts and orders issued or made by lawful authorities, and to him directed, and shall attend upon the several courts of record held in his county"); 57 O.S. § 47 ("sheriff or other officer [in charge of the jail] is hereby required to conform, in all respects, to the rules and directions promulgated pursuant to Section 192 of Title 74 of the Oklahoma Statutes and of the

district judge and communicated to him by the proper authority"); 2004 OK AG 17, ¶ 23 ("As a 'ministerial officer of the superior courts of justice,' the sheriff 'arrests and imprisons,' and 'has the custody of the delinquent' in criminal matters").

Consequently, the plural statements throughout Plaintiffs' brief, such as, "Defendants [plural] violate plaintiffs' procedural due process rights because they do not afford adequate procedures for plaintiffs to defend against unjustified incursions on their liberty and equal protection interests," MSJ at 30, Doc. #369, must be scrutinized for overreaching misconceptualizations that lump the sheriff together with state judges concerning policymaking decisions about judicial procedures to which Plaintiffs claim entitlement. These attempts to conceptualize the sheriff as being involved in matters in which he has no involvement must be stripped of their false conflations.

Plaintiffs misstate in their brief at page 36 that "[t]he undisputed evidence confirms that each defendant is liable for causing the foregoing constitutional violations, because each has the authority to correct them." MSJ at 36, Doc. #369. Plaintiffs have tendered no evidence that the Sheriff as State Actor is liable for or is authorized to correct any of the allegedly wrongful judicial procedures employed by the state judges regarding bail determinations.

Plaintiffs also misrepresent in their brief at page 38 that the undisputed facts support their claim that the Sheriff as State Actor can remedy their alleged right to certain judicial procedures at bail determination hearings. MSJ at 38, Doc. #369. *See* the Disputed Material Facts set forth on pages 2-6 above, as well as the evidentiary material in support of same. Sheriff as State Actor has disputed all of the facts cited by the Plaintiffs in this section of their brief, and he has provided evidentiary materials that support his dispute. Plaintiffs reach beyond their grasp in this portion of their brief.

V.
THE DECLARATORY AND INJUCTIVE RELIEF SOUGHT BY PLAINTIFFS IS UNWORKABLE BECAUSE IT REQUIRES THE SHERIFF TO OFFICIATE THE LEGALITY OF BAIL DETERMINATION HEARINGS PRIOR TO OBEYING JUDICIAL ORDERS OR CARRYING OUT THE DUTIES OF HIS OFFICE REGARDING SAME

Plaintiffs seek injunctive relief against Sheriff as State Actor under the fictions of *Ex parte Young* as an agent of the state who may be sued to prevent enforcement of an unconstitutional state law.[8] *See* Proposed Declaratory Judgment and Permanent Injunction, Doc. #368, p. 7 (Plaintiffs seek to enjoin Sheriff as State Actor "from … enforcing any secured financial condition of release upon an individual who has not received a prompt hearing on pretrial release conditions at which a judicial officer provided, at a minimum, the procedural and substantive safeguards described [in the two pages that follow]").  A state and state actors are generally entitled to Eleventh Amendment Immunity in federal court. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 101-102 (1984).  However, a narrow exception applies when a plaintiff seeks to prospectively enjoin state officials in their official capacities. *See Ex parte Young,* 209 U.S. 123 (1908). This exception "may not be used to obtain a declaration that a state officer has violated a plaintiff's federal right in the past." *Buchwald v. Univ. of New Mexico Sch. of Med.*, 159 F.3d 487, 495 (10th Cir. 1998). The Eleventh Amendment bars such relief. *See Johns v. Stewart,* 57 F.3d 1544, 1553 (10th Cir. 1995).

This Court should not enter injunctive relief against the Sheriff as State Actor[9] under *Ex parte Young* but should instead accommodate the state's interest in a stable, judicial command structure between district court and county sheriff.  Plaintiffs have not sued the Sheriff alone in

---

[8]*See Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007) (explaining the various fictions involved in applying the doctrine of *Ex parte Young*).

[9] 42 U.S.C. § 1983 prohibits injunctive relief against the state judges unless they first violate a declaratory decree.

this case. They have sued the Sheriff in conjunction with the Presiding Judge and Special Judges of the State Court. This is not a lawsuit that attempts to separate the Sheriff from the Judges, but rather is one which specifically takes aim at both. Under such circumstances, enjoining those who carry out the orders of the Court is unnecessary. It would only confuse matters to order Sheriff as State Actor to *make sure* the state judges follow this Court's declaratory decree. Sheriff as State Actor does not and should not function as a pseudo-appellate court reviewing the orders and decrees of state court judges he must obey. Although it involved a claim for money damages, the Tenth Circuit's opinion in *Valdez v. City and County of Denver*, 878 F.2d 1285, 1289 (10th Cir. 1989) is instructive:

> Officials must not be called upon to answer for the legality of decisions which they are powerless to control…. [I]t is simply unfair to spare the judges who give orders while punishing the officers who obey them…. The public interest *demands* strict adherence to judicial decrees.

(Emphasis added).

No injunction can issue forcing compliance with the Constitution until the Court first declares what the Constitution requires. That being the case, the matter should proceed under 42 U.S.C. § 1983 with a declaratory judgment against the state court judges.[10] Injunctive relief may then be granted if the declaratory decree is violated. 42 U.S.C. § 1983. This also comports with Fed. R. Civ. P. 65(d)(2)(C). Sheriff as State Actor should not be enjoined to sit in judgment of a judge whom he is obligated by state law to obey.

---

[10] "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.*" 42 U.S.C. § 1983 (emphasis added).

If Plaintiffs prevail, and the Presiding Judge and special judges adhere to the declaratory judgment, all is well. If not, enjoin them. But don't enjoin the sheriff to disobey them. "The sheriff is an officer of the court and is subject to its orders and direction." 1999 OK AG 23, ¶ 9. "It is not only the power, but the duty, of sheriffs in their various jurisdictions … [to] carry out the mandates, orders and directions of the courts." 1985 OK AG 27, ¶ 2.

Once an arrestee satisfies the conditions of bail set forth by the state court, a county sheriff is obligated to release him or her by law. In *Dodds v. Richardson*, 614 F.3d 1185, 1202-03 (10th Cir. 2010), the Tenth Circuit held that under Oklahoma law, once bail has been set by the court, a county sheriff is obligated to accept such bail when tendered and release the arrestee; failure to do so subjects the sheriff to liability.

> Oklahoma law charged Defendant as sheriff with the responsibilities of running the county jail and accepting bail from all arrestees not charged with death-penalty eligible crimes. *See* 57 Okla. Stat. § 47 ("The sheriff . . . shall have charge of the county jail of his county and of all persons by law confined therein, and such sheriff . . . is hereby required to conform, in all respects, to the rules and directions promulgated pursuant to [74 Okla. Stat. § 192] and of the district judge and communicated to him by the proper authority."); 22 Okla. Stat. § 1101(A) ("Except as otherwise provided by law, bail . . . shall be admitted upon all arrests in criminal cases where the offense is not punishable by death and in such cases it may be taken by and of the persons . . . authorized by law to arrest, [and] to imprison offenders . . . ."); Okla. Att'y. Gen. No. 69–138 (1969) ("In criminal cases except cases punishable by death . . . a sheriff is required to accept bail, under the terms of [22 Okla. Stat. § 1101 (1961)], for those persons jailed at times other than the normal working hours of the Court, provided proper bail has been set as provided by law.").

*Id*. at 1203.

State law and local court rules vest exclusive authority in the state judiciary regarding the terms and conditions of an arrestee's release from jail. *See* 22 O.S. § 1105.3(B) (only a judge is authorized to grant or deny pretrial release); 1980 OK AG 1 (sheriff cannot release an arrestee other than by court order or upon posting bond in an amount approved by the court); 22 O.S. §

1105(A) (*court may prescribe by rule* the conditions under which the sheriff or his deputy may prepare and execute an order of release *on behalf of the court*); *State v. Price*, 2012 OK 51, ¶ 29, 280 P.3d 943, 952 ("release of a person on personal recognizance is a judicial function").

Sheriff as State Actor and his deputies face contempt charges if they fail to obey an order of a state court judge to detain or to release an arrestee.  If this Court enters an injunction against Sheriff as State Actor, he and his deputies will be required to serve two masters – and to choose which one to serve based on their subjective belief as to the constitutionality of any given state court bail determination.  If the Sheriff as State Actor or his deputy err in their view as to whether a given bail hearing was constitutional, they can be criminally prosecuted for releasing an arrestee in violation of Oklahoma law, *see* 21 O.S. § 345, and *State v. Price*, 2012 OK 51, ¶¶ 4 n.3, 20, 29, 37, 280 P.3d 943, 946, 950, 952-53, or face § 1983 liability for detaining an arrestee in violation of this Court's injunction.  Moreover, such an injunction would relieve state court judges of their obligation to follow the constitution and would place all the responsibility on Sheriff as State Actor.  This would create an upside-down state judicial system.

"Even if [this Court] were able to frame the injunction [Plaintiffs] seeks in a meaningful way, it would be ill-advised to do so." *McKusick v. City of Melbourne, Fla.,* 96 F.3d 478, 488 (11th Cir. 1996). The proposed injunction "would necessarily require interruption of state proceedings to adjudicate assertions of noncompliance by [the Sheriff or the State Court Judges]." *Phelps v. Hamilton*, 934 F. Supp. 373, 376 (D. Kan. 1996), *aff'd*, 113 F.3d 1246 (10th Cir. 1997).  "A federal court injunction in this case would be of the "intrusive and unworkable" variety condemned by the Supreme Court in [*O'Shea v. Littleton*, 414 U.S. 488, 500–01, 94 S. Ct. 669, 678, 38 L. Ed. 2d 674 (1974)]. *McKusick*, 96 F.3d at 488.  Therefore, as the proposed

14

inunction would require Sheriff as State Actor to examine each and every bail hearing to determine whether each arrestee received constitutional process, no such injunction should issue.

Because Plaintiffs have sued the State Court Judges to get them to change their allegedly unconstitutional procedures and actions, and because a sheriff is duty-bound in Oklahoma to obey the state court judges as to those in his custody, the Court should proceed to issue a declaratory judgment as required by 42 U.S.C. § 1983. If the state court judges do not adhere to the declaratory decree, this Court can then enjoin the judges to do so (assuming, but not suggesting, that Plaintiffs receive some sort of relief).

Respectfully submitted,

/s/ Douglas A. Wilson
Douglas A. Wilson, OK Bar No. 13128
Mike Shouse, OK Bar No. 33610
Tulsa County District Attorney's Office
218 West Sixth Street, Suite 933
Tulsa, OK 74119
douglas.wilson@tulsacounty.org
mshouse@tulsacounty.org
(918) 596-8795
ATTORNEYS FOR DEFENDANT VIC REGALADO, TULSA COUNTY SHERIFF

CERTIFICATE OF MAILING & ELECTRONIC NOTICE

I hereby certify that on June 25, 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Alexander Karakatsanis
Allison M. Holt-Ryan
Devan A Pederson
Erin Morgan Moore
Hayley Elizabeth Horowitz
Kristina Michelle Saleh

Peter William Bautz
Phoebe Anne Kasdin
Ryan Downer
Stefanie Erin Lawson
Vassi Iliadis

/s/ Douglas A. Wilson
Douglas A. Wilson