UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

RICHARD FELTZ and ASHTON DENNIS, on behalf of themselves and all others similarly situated,

    *Plaintiffs*,

v.

VIC REGALADO, *et al.*,

    *Defendants*.

Case No. 18-CV-0298-CVE-JFJ

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR SUPPLEMENTAL SUMMARY JUDGMENT BRIEF**

**I.    Impermanent and Incomplete Reforms Cannot Moot Plaintiffs' Original Claims**

Judicial Defendants accuse Plaintiffs of attempting to "shift" the Court's focus away from the constitutionality of Local Criminal Rule 2, ECF No. 392 at 6, but this case is not and never has been a challenge to the lawfulness of Rule 2. The Rule did not exist when the suit was filed, and it is no longer being strictly followed. *Compare* ECF No. 269 Ex. 30 (Rule 2) at 3 (hearings required within 48 hours), with ECF No. 391 at 7–8 (not all hearings will occur within 48 hours).

Defendants have been reworking their pretrial detention procedures since litigation began. *See, e.g.*, ECF No. 173, at 19–20 (describing changes between filing and April 2020); ECF No. 334 at 17–18 (Defendants attributing 2020 and 2021 changes to COVID-19); ECF No. 388 (most recent change). All along, Plaintiffs have stressed that "mootness doctrine allows [them] to challenge the procedures that were in place at the time of [the original plaintiff's] arrest, regardless of any

1

subsequent changes." ECF No. 226 at 2. Plaintiffs reiterated this point even as they updated their pleadings to incorporate Defendants' more recemt practices, because "[D]efendants' continuous alterations to their processes are neither permanent nor complete," *id*., leaving class members at the mercy of partial and tenuous revisions. It is Defendants who wish to shift the Court's focus—away from the dispute that Plaintiffs initiated—and they can do so only by "introduc[ing] evidence suggesting that there is no reasonable expectation that the challenged harm will recur." *Boles v. Colorado Dep't of Corr.*, No. 19-CV-1158, 2022 WL 20044256, at *1 (D. Colo. Feb. 1, 2022), *aff'd*, No. 22-1086, 2023 WL 1463248 (10th Cir. Feb. 2, 2023).

Defendants' most recent changes are a reminder that adjudicating Plaintiffs' original claims serves an important purpose "in the real world," given the unsettled nature of Defendants' practices. *See* ECF No. 306 at 13 (Order Denying Mot. to Dismiss, explaining mootness doctrine (citing *Brown v. Buhman*, 822 F.3d 1151, 1165–66) (10th Cir. 2016)). Defendants admit that they have, in the last month, "transition[ed] from one process [under Rule 2] . . . to another." ECF No. 392 at 5. They erroneously argue that both the current processes and the immediately prior processes satisfy due process, *see infra* Part II, but in doing so they admit that their processes are in flux. Defendants now argue that "holding a few defendants for slightly more than 48 hours on occasion without an individualized adversarial bail hearing would not violate the Due Process Clause of the Fourteenth Amendment," ECF 392 at 4–5, even though Rule 2 *requires* hearings within 48 hours, ECF No. 269 Ex. 30 at 3. Defendants' "transitions" among applicable procedures have not resulted in a complete and permanent cure for class members' constitutional injuries, and they now evidence the threat of regression.

Judicial Defendants represent that the most recent changes were directed by a non-party judge at the request of non-party prosecutors and defense attorneys, without participation from or interference by the Presiding Judge, and with passive

compliance by the Sheriff and Special Judges. ECF 392 at 5–6. The ease with which this regression took place shows the continued need for declaratory and injunctive protection against both ongoing constitutional violations and reversion to more egregiously illegal previous practices. In Defendants' view, the Fourteenth Amendment does not place any limitations on their authority to issue pre-trial detention orders. *See* ECF No. 392 at 2–5. Under this theory, if Defendants' summary judgment motion is granted and Plaintiffs' is denied, there is nothing to stop Defendants from not only eliminating one or two bond dockets per week, but fully reinstating procedures as they existed at the time of filing.

## II. Arbitrary and Wealth-Based Detention Violates the Fourteenth Amendment

Defendants' position that the bond docket can legally be curtailed or even eliminated because the Constitution does not require bond hearings misconstrues the basis of Plaintiffs' claims. Plaintiffs do not argue for a free-standing constitutional right to bond hearings. They rely on the Due Process and Equal Protection requirements that any order of detention that issues must follow from procedures adequate to establish a compelling interest for detention and cannot be based on a person's access to money. *See* ECF No. 369 at 18–21, 26–30.

Plaintiffs invoked *Baker v. McCollan*, 443 U.S. 137 (1979), and *Doe v. Bagan*, 41 F.3d 571 (10th Cir. 1994), in their supplemental brief to show that jailing someone for multiple days is more than de minimis and rises to the level of a constitutionally meaningful deprivation of liberty, such that these Fourteenth Amendment protections apply. ECF No. 391 at 9. Defendants, by contrast, rely on *Baker*, as well as *Mitchell v. Doherty*, 37 F. 4th 1277, 1281 (7th Cir. 2022), to argue that *Fourth* Amendment limitations on the government's authority to detain someone do not require an adversarial hearing within two days of arrest. *See* ECF No. 392 at 3–5. The point is irrelevant to Plaintiffs' claims.

3

The Fourth Amendment requirement that detention be supported by probable cause does not displace the independent Fourteenth Amendment rights against arbitrary and unequal detention orders. The Supreme Court has warned against applying *Graham v. Connor*, 490 U.S. 386 (1989), and *Albright v. Oliver*, 510 U.S. 266 (1994), in the field-preempting manner that Defendants advocate. *Graham* and *Albright* "simply require[] that if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision." *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)). They do not establish that "all constitutional claims relating to [a general category of] government conduct must arise under either the Fourth or Eighth Amendments," to the exclusion of distinct restrictions independently imposed by the Fourteenth Amendment, merely because those specific Bill of Rights provisions also have some application to the area of conduct challenged. *Id.*; *see also Jauch v. Chocktaw Cnty.*, 874 F.3d 425, 429 (5th Cir. 2017) (Fourth Amendment's application to pretrial detention does not mean "that *only* the Fourth Amendment is available to pre-trial detainees," excluding the Fourteenth).

In their prior briefing, Defendants noted that the Fourth, Sixth and Eight Amendments have something to say about pretrial detention, but they did not argue until their supplemental brief that the Fourth Amendment "contain[s] an explicit textual source of constitutional protection *from the type of harm* Plaintiffs allege." ECF No. 392 (emphasis added); *see also* ECF No. 373 n.8. The Fourth Amendment does not govern the type of harm that Plaintiffs complain of, and neither *Baker* nor *Mitchell* suggests otherwise. *Baker* is irrelevant because it speaks to the procedures necessary for the government to establish the *substantive* basis for arrest and detention, an area explicitly governed by the Fourth Amendment's probable cause requirement. *See Baker*, 443 U.S. at 143 ("[A] person arrested pursuant to a warrant

4

. . . on a showing of probable cause is not constitutionally entitled to a separate judicial determination that there is probable cause to detain him pending trial."). Plaintiffs do not demand a hearing on the substantive bases for their arrest and detention, so the Fourth Amendment does not speak to their claims on this ground.

*Mitchell* is also irrelevant because it holds that "the *Fourth* Amendment does not require a bail hearing within forty-eight hours after arrest," 37 F.4th at 1289 (emphasis added), and Plaintiffs do not claim otherwise. Plaintiffs do not complain that too much time passes between arrest and judicial determinations governing pretrial detention, as did the *Mitchell* plaintiffs. Rather, Plaintiffs complain of the procedures and standards by which judges *do* order them detained. Prompt hearings are required not because Plaintiffs have been arrested for an alleged offense, but because they have also been ordered detained on arbitrary and wealth-based grounds. This is the domain of the Fourteenth Amendment: "[W]hen a plaintiff finds himself in the criminal justice system somewhere between the two stools of an initial seizure and post-conviction punishment, we turn to the due process clause of the Fifth or Fourteenth Amendment and their protection against arbitrary governmental action." *Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019) (cleaned up).

### III. The Presiding Judge and Sheriff Retain the Administrative, Non-Judicial Authority to Protect Class Members from Injury

A scheduling change that Defendant Presiding Judge could have countermanded, and that could not be implemented without the ongoing actions of the remaining Defendants, has compounded the constitutional injuries that class members suffer because of the arbitrary and unequal detention orders that Defendants continue to impose and execute only on people who cannot afford bail, without consideration of their ability to pay or alternatives to detention. Declaratory and injunctive relief are needed to avoid these ongoing injuries, and to ensure against any further exacerbation of class members' injuries.

Date: November 14, 2023

/s/ Hayley Horowitz
Hayley Horowitz
Still She Rises, Inc.
608 E. 46th Street
North Tulsa, OK 74126
hayleyh@stillsherises.org
phoebek@stillsherises.org
918-392-0867

Marco Lopez*
Civil Rights Corps
1601 Connecticut Avenue NW
Suite 800
Washington, D.C. 20009
marco@civilrightscorps.org
202-844-4975

Allison Holt Ryan*
Hogan Lovells US LLP
555 13th Street NW
Washington, D.C. 20004
allison.holt-ryan@hoganlovells.com
202-637-5600

Peter William Bautz*
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
peter.bautz@hoganlovells.com
212-918-3000

*Admitted to practice *pro hac vice*

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Supplemental Summary Judgment Brief was served on November 14, 2023 via the Northern District of Oklahoma CM-ECF system upon all counsel of record.

/s/ Hayley Horowitz