UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

RICHARD FELTZ and ASHTON LEE DENNIS, on behalf of themselves and all other similarly situated,

    *Plaintiffs*,

v.

VIC REGALADO, *et al*.,

    *Defendants*.

Case No. 18-CV-0298-SPF-JFJ

### **[PROPOSED] ORDER AND JUDGMENT**[1]

Plaintiffs Richard Feltz and Ashton Dennis represent themselves and a class of people who are or will be detained prior to their initial arraignment in the Tulsa County Jail because they are unable to pay a secured financial condition of release. They challenge the constitutionality of pretrial detention procedures in Tulsa County under the Fourteenth Amendment, on theories of substantive and procedural due process and equal

---

[1] Plaintiffs drafted their Proposed Order and Judgment to give effect to the Court's April 3, 2024 Order, Doc. No. 397. Out of respect for the Court's and parties' time, Plaintiffs do not here request relief related to claims or theories that the Court dismissed or rejected on April 3, 2024 or in prior orders. For example, Plaintiffs do not now propose equitable relief based on their rejected argument that equal protection prohibits Defendants from choosing to release or detain people at the time of booking based on their access to money. Plaintiffs do not intend to waive any claim of right to additional remedies by virtue of not including them in this Proposed Order and Judgment, or by requesting relief that is consistent with the Court's rulings but narrower than the rights Plaintiffs claim.

protection. Plaintiffs seek equitable relief against Defendants, Tulsa County District Court Presiding Judge ("Presiding Judge"), Tulsa County District Court Special Judges, and Tulsa County Sheriff ("Sheriff").

The parties cross-moved for Summary Judgment, doc. nos. 368, 365. In an Order issued on April 3, 2024, doc. no. 397, the Court concluded that uncontested evidence in the record establishes that Tulsa County's pretrial detention system violates the procedural due-process and equal-protection requirements of the Fourteenth Amendment. The Court further concluded that Plaintiffs would not be entitled to additional relief based on their substantive due process claim and therefore granted Defendants' motion and denied Plaintiffs' motion with respect to Plaintiffs' substantive due process claim.

In accordance with this Court's April 3, 2024 Order:

**IT IS ORDERED, ADJUDGED AND DECREED** that judgment is entered on behalf of Plaintiffs on their procedural due process and equal protection claims, and judgment is entered on behalf of Defendants on Plaintiffs' substantive due process claim.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiffs are granted the following declaratory and injunctive relief:

### Declaratory Relief Against All Defendants

It is hereby **DECLARED** that:

1. Under the Fourteenth Amendment, an arrestee awaiting trial in Tulsa County may not be detained on unaffordable bail or otherwise unless they are afforded a prompt, individualized, due process-compliant hearing ("pretrial release hearing"), at which alternatives to detention are considered, and a neutral judicial officer finds that pretrial detention is necessary because release would create a serious risk of flight or danger, which no alternative conditions could reasonably mitigate.

2. A pretrial release hearing does not comply with due process unless the following conditions have been met:

   a. Prompt scheduling, no later than 48 hours after arrest, absent a bona fide emergency or other extraordinary circumstance.

   b. Advance notice to the arrestee of the purpose of the hearing; the issues to be decided; and the procedural rights afforded.

   c. Appointment of counsel and sufficient opportunity for confidential communication before and during the hearing to allow for adequate representation.

   d. Ability of the arrestee to see and hear all participants and participate without impediment; to review and contest evidence and confront witnesses; and to present evidence, witnesses, and argument.

   e. Consideration of alternative, non-monetary release conditions.

   f. If an order of detention is entered at the pretrial release hearing—including a de facto order of detention resulting from the imposition of a financial condition of release that the arrestee cannot immediately afford to pay—a ruling stating the reasons for detention, including the evidence on which a finding of danger or flight risk is based, and the reasons that available alternative conditions are insufficient.

   g. If a financial condition of pretrial release is imposed at the hearing—whether it is imposed in the first instance, or is imposed as an endorsement of or modification to a financial condition imposed prior to the pretrial release hearing—a ruling that the person can afford the full assigned amount with his own immediately available resources and the evidence on which the ruling is based, or, in the alternative, a ruling as would be required for an order of detention, as described in paragraph 2(f).

   h. A public written record of the rulings and findings required by paragraphs 2(f) and 2(g), identifying the evidence on which those determinations were made.

   i. Application of a clear and convincing standard of evidence for the findings required in paragraphs 2(f) and 2(g).

**Injunctive Relief Against the Sheriff**

The Sheriff is hereby ENJOINED as follows:

1. The Sheriff shall produce arrestees who have not been released for pretrial release hearings within 48 hours after their arrests.

2. The Sheriff shall provide arrestees upon their booking into the Tulsa County Jail with written notice of the time and date of their scheduled bail hearing, and that:

    a. They have the right to a bail hearing before a judge within 48 hours of arrest to determine whether they will be jailed or released pending trial, and any conditions of release that will apply.

    b. They will be offered a lawyer, free of charge, who will represent them at the bail hearing if they wish, and they will be able to meet with their attorney before the hearing.

    c. The bail hearing judge cannot order them to stay in jail, or set bail in an amount that they cannot immediately afford, unless the State proves that there is no way to release them under any conditions without a substantial risk they will flee prosecution or present a specifically articulable danger to the community.

    d. They will have the right at their bail hearing to examine and challenge all evidence presented by the State to the judge, along with any other documents the Court reviews relating to the arrestee, such as documents relating to the circumstances of their arrest and their previous criminal history.

    e. They will have the right at their bail hearing to present their own evidence and witnesses to (a) show that they are likely to appear for their court dates, and will not present a risk to the community, and (b) if the court is considering financial conditions, to show the amount of money they can afford to pay immediately, if any.

    f. They are entitled to a ruling at the hearing either ordering them detained or setting conditions of release, and to an explanation of the reasons for the decision and the evidence on which it is based.

    g. A record will be created of all rulings made at the hearing, and the reasons for each ruling, either in writing or on audio or audio/video, and they have the right to obtain a copy of that record.

3. The Sheriff shall facilitate access for attorneys to meet and speak confidentially with arrestees in the custody of the Tulsa County Jail in advance of their scheduled pretrial release hearings so as to permit adequate representation at the hearing.

4. The Sheriff shall not enforce any monetary bail condition assigned at booking after 48 hours, unless the person to whom it was assigned:

    a. Was scheduled to appear for a pretrial release hearing within 48 hours of arrest but waived their appearance;

    b. Appeared for a pretrial release hearing within 48 hours of arrest, and there exists a record as described in Paragraph 2(h) of the Declaratory Relief, above; or

    c. Extraordinary circumstances prevented the person from appearing for a pretrial release hearing within 48 hours of arrest, in which case the Sheriff shall schedule the person to appear for a hearing as soon as circumstances allow and will thereafter give no effect to a monetary bail condition assigned at booking unless the requirements of subsections 4(a) and 4(b) of this Injunction are met.

### Injunctive Relief Against the Presiding Judge

The Presiding Judge, in an administrative capacity, is hereby ENJOINED as follows:

1. The Presiding Judge shall maintain a schedule of pretrial release hearing dockets that will allow all class members to appear within 48 hours of arrest.

2. The Presiding Judge shall provide for the creation of publicly accessible records of pretrial release hearing determinations, as described in Paragraph 2(h) of the Declaratory Relief, above. The Presiding Judge shall have the discretion to determine the means for creating complete and accurate records, for example by assigning court reporters to attend pretrial release hearings, instructing pretrial release hearing judges to prepare written orders, or capturing audio or audio/video recordings of pretrial release hearing proceedings.

### Injunctive Relief Against the Sheriff and the Presiding Judge, in Their Administrative Capacity, Jointly

The Sheriff and the Presiding Judge, in an administrative capacity, are hereby ENJOINED as follows:

1. The Sheriff and Presiding Judge shall provide an in-person or virtual forum for pretrial release hearings that allows:

    a. All participants to hear and see one another.

    b. Arrestees and their attorneys to communicate confidentially before and throughout the appearances.

    c. Arrestees and their attorneys to examine all documentary evidence to be relied on in making any pretrial release determination, with adequate time and opportunity for review and confidential discussion.

    d. Arrestees and their attorneys to present documentary and testimonial evidence and argument.

### Timeframe for Implementation of Injunctive Relief

[To be proposed based on additional information from Defendants, with additional guidance from the Court]

### Plaintiffs' Access to Information

[To be proposed based on additional information from Defendants, with additional guidance from the Court]

### Attorney's Fees

Plaintiffs are the prevailing party for purposes of 42 U.S.C. § 1988(b) and are entitled to recover reasonable attorney's fees and costs. The parties are directed to negotiate in good faith to resolve the matter of attorney's fees without Court intervention. Plaintiffs' attorneys shall file a motion within 30 days if the parties are unable to reach agreement.

**DATED** this \_\_\_\_ day of _____, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE