IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD FELTZ and ASHTON LEE DENNIS, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| -vs- | ) ) |
| VIC REGALADO, Tulsa County Sheriff, in his Official Capacity, et al., | ) ) ) ) |
| Defendants. | ) ) |

Case No. 18-cv-0298-SPF-JFJ

## CORRECTED ORDER FOR BRIEFS

The court entered an order on the parties' cross motions for summary judgment on April 3, 2024. Doc. no. 397. Then, on May 2, 2024, the court heard arguments on the form and scope of the relief to be granted. Discussion was had at that hearing as to the desirability of mediation. Mediation has not been held, but it is clear that the parties have worked hard, and in good faith, to reach resolution of the remaining issues. This process has culminated in a March 10, 2025 letter to the court describing the areas of agreement and disagreement. The letter also requests a deadline in May, 2025 for plaintiffs to submit a brief addressing any issues that may remain unresolved at that time.

It is accordingly **ORDERED** that plaintiffs shall file, not later than May 12, 2025, a brief (not to exceed 30 pages in length) addressing any aspects of the relief to be granted that have not been resolved. To plaintiffs' brief shall be attached an updated proposed form of final judgment granting injunctive relief.[1] (The updated proposed form of final judgment need not include language describing proposed declaratory relief. The court

---

[1] The court acknowledges that proposed forms of judgment have previously been submitted. The court requires an updated proposed form because it appears that the parties' perceptions of the precise form of relief required in this case may well have evolved as a result of the discussions that have taken place over the last eleven months.

will, when and if appropriate, address that aspect of the matter separately.)  The operative paragraphs granting injunctive relief in the updated proposed form of final judgment shall be numbered.  Those paragraphs (or portions of paragraphs) addressing matters which plaintiffs believe have been resolved shall be **bolded**.

Not later than five business days after the date of filing of plaintiffs' brief and updated proposed form of final judgment, defendants shall file a motion for an order establishing a date for the filing of response briefs.  The motion shall state whether plaintiffs agree to the defendants' proposed filing date.

One additional aspect of the matter deserves comment here.  Although, at first blush, most issues relating to the precise relief to be granted would seem to be legal rather than factual, it may not be quite that simple.  The court has made plain its desire to be no more intrusive than necessary in crafting a remedial order.  Doc. no. 407 (transcript of hearing on scope of relief), at 4, 81.  But the practical necessity for (otherwise undesirable) specificity and fine detail in remedial provisions may depend, in part, on precisely how the bond dockets are being conducted day to day.  The March 10 letter includes some representations as to recent bond docket proceedings which, if accurate, would engender serious concerns warranting specific attention in a remedial order.  If the matter of the scope of injunctive relief should proceed to a contested conclusion, all parties should be prepared to present testimony (from eligible witnesses–not counsel of record in this case) as to relevant aspects of recent bond docket proceedings.  It is devoutly to be desired that an evidentiary hearing will not be necessary, but the parties should be prepared for that eventuality.

DATED this 12th day of March, 2025.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0298p038.docx