IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD FELTZ and ASHTON LEE DENNIS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VIC REGALADO, *et al.,*<br><br>Defendants. | Case No. 18-cv-298-SPF-JFJ |

**PLAINTIFFS' COMBINED MOTION FOR DISCOVERY AND BRIEF IN SUPPORT AND DEFNEDANTS' BRIEF IN OPPOSITION**

Plaintiffs seek an order directing Defendants to respond to the document requests and interrogatories attached as Exhibits A and B as soon as practicable, but no later than May 5, 2025 if Defendants' request for a 30-day extension is denied, or May 23, 2025 if the extension is granted. For speed and efficiency, the parties file this Motion and Opposition, combining their respective arguments in a single filing. The parties ask the Court to exercise its discretion under Local General Rule 1-2(c) to waive Local Civil Rule 7-1(b) and accept this combined brief in support of and opposition to Plaintiffs' motion. No party requests further briefing.

**Plaintiffs' Argument in Support**

After the Court set a briefing schedule calling for the parties to submit admissible evidence and prepare for a possible hearing, *see* ECF No. 413, the parties held multiple teleconferences to narrow their factual disputes and exchange relevant evidence in admissible form. Plaintiffs have sought (1) information about current bond operations, and (2) information that Defendants may rely on, including information about the burdens of implementing certain remedies. Defendants agreed to produce some but not all of the requested information.

1

## I. Defendants Should Produce Information About Current Operations

### A. Discovery Sought Into Current Pretrial Release Operations

Plaintiffs' following requests seek discovery into current operations: (1) for the Sheriff, Document Requests 1 and 2, Interrogatory 1, and the Request to Inspect, *see* Ex. A; (2) for the Judicial Defendants, Document Requests 1-5, and Interrogatories 2 and 3, *see* Ex. B.

*1. Bond Docket Forms*

Plaintiffs request copies of forms currently used in connection with the bond docket: written notices of rights, order forms, bench cards and transcripts of oral notices of rights. **Sheriff Doc. Req. No 1** (Ex. A); **Judge Doc. Req. No. 5**. (Ex. B). The forms were created during settlement discussions and Plaintiffs have seen drafts but do not know which versions have been finally implemented. In the parties' conferences, Defendants agreed to produce the forms.

*2. Recordings of Bond Docket Proceedings and Associated Documents*

While conferring, the parties agreed that recordings are the best evidence of bond docket proceedings, and Judicial Defendants therefore agreed to record for 16 days. **Judge Doc. Req. No. 1** (Ex. B).[1] Judicial Defendants also agreed when conferring to produce the docket sheets and order forms from the recorded dockets. **Judge Doc. Req. Nos. 2, 4** (Ex. B)

Plaintiffs have also requested the documents that bond docket judges receive in connection with each arrestee, such as arrest reports and financial disclosures, with the exception of NCIC reports. **Judge Doc. Req. No. 3** (Ex. B). When conferring, Judicial Defendants agreed

---

[1] Plaintiffs will not submit 16 days' worth of recordings to this Court. They will file summaries and excerpts, and will produce the full recordings to the Court only upon request. *See* Fed. R. Evid. 1006. If the Court denies Defendants' extension request, and there are not sixteen days between the ruling on this motion and May 5, Plaintiffs request recordings of, or permission to record, all dockets between the date of the Court's order on this motion and May 5.

to produce the documents judges receive, except for NCIC reports. Accordingly, Plaintiffs instead request a sworn statement confirming whether NCIC and/or any other documents were received by bond docket judges but withheld from production to Plaintiffs. **Judge Interrog. No. 2** (Ex. B). Plaintiffs also request a statement explaining whether and how materials provided to bond docket judges were also provided to arrestees and their lawyers before or during their appearances. **Judge Interrog. No. 3** (Ex. B). Judicial Defendants have not agreed to respond to Interrogatories 2 and 3.

Answers to these Interrogatories are relevant for determining whether arrestees routinely have access to the evidence bearing on their detention, as required by due process. *See* ECF No. 397 (Order on Summ. J.). Additionally, Judicial Defendants have said that they may use documents available to bond docket judges to argue that detention orders are evidence-based. Plaintiffs will be prejudiced without access to information that Judicial Defendants may rely on.

3. *Evidence of Notice Distribution at the Jail*

Plaintiffs seek from the Sheriff a statement describing whether and how written bond docket notice is distributed to arrestees, **Sheriff Doc. Req. No. 2** (Ex. A), and any written directives regarding its distribution, **Sheriff Interrog. No. 1** (Ex. A). Whether arrestees receive notice is relevant to their procedural due process claim. *See* ECF No. 397 (Order on Summ. J. at 59). The Sheriff has agreed during settlement discussions to distribute notice, but Plaintiffs cannot verify without discovery whether distribution is occurring. The Sheriff agreed, in conference with Plaintiffs, to produce an affidavit about distribution; the Sheriff did not state whether he consents to providing written policies and directives about distribution.

4. *Photograph of the Jail Courtroom from the Arrestee's Perspective*

Plaintiffs seek leave to photograph the bond docket set-up from the arrestee's perspective. **Sheriff Req. to Inspect** (Ex. A). Attorneys, including Plaintiffs' counsel and their colleagues, can and do attend bond docket in person from the jail, along with their electronic devices. In addition, the jail courtroom is daily recorded during bond docket and publicly streamed. Even so, to avoid disruption or concerns about security, Plaintiffs' counsel will not photograph the jail courtroom without the Sheriff's permission or an order of this Court. The Sheriff did not state during the parties' conference whether he will consent, or in the alternative provide photographs.

### B. Argument for Production of Information About Current Operations

Whether to enforce disclosures after the close of scheduled discovery "is committed to the sound discretion of the trail court." *Cristopher v. Tulsa Ambassador Hotel, LLC*, No. 05-CV-500-JHP-SAJ, 2006 WL 3628038, at *3 (N.D. Okla. Dec. 11, 2006) (quoting *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)); *see also* Fed. R. Civ. P. 16(b)(4) (schedule may be modified for good cause with judge's consent); *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (in scheduling discovery, "district courts are given wide latitude," and "total inflexibility is undesirable" (internal quotation marks omitted)).

All relevant factors weigh in favor of ordering discovery. *See, e.g.*, *Donehue v. Apache Corp.*, No. CIV-21-710-D, 2024 WL 3049460, at *3 (W.D. Okla. June 18, 2024) (setting out six factors as follows). (1) *Whether trial is imminent*: The information Plaintiffs request will not delay trial, and in fact, by allowing the parties to agree on a universe of relevant evidentiary facts, will reduce the likelihood that a hearing is needed. (2) *Whether the request is opposed*: Defendants do not oppose the exchange of additional information and oppose Plaintiffs' particular requests only in part. (3) *Whether the non-moving party would be prejudiced*: Defendants cannot show prejudice "much less how any prejudice [they] face is anywhere near as

great as the prejudice [Plaintiff] faces if it does not have the opportunity to collect information" newly available and likely to be used in briefing and at a hearing. *Id*, at *3. (4) *Whether the moving party was diligent in obtaining discovery within guidelines established by the court.* Plaintiffs seek only "information [they] could not have obtained before the . . . discovery cutoff," *id*. at * 4 (internal quotation marks omitted). The documents Plaintiffs request now are responsive to requests that Plaintiffs served during discovery, but they were never produced because they were not previously available. *See* Ex. C (Pl.'s First Reqs. For Prodction), Doc. Req. Nos. 6-11, 32 (requesting notices, forms, policies, training materials and directives for bail setting), Nos. 16, 17 (requesting judicial orders imposing money bail and documents reflecting arrestees' financial information in connection with bail-setting). (5) *The foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court*: Plaintiffs' request only evidence not previously available. (6) *The likelihood that the discovery will lead to relevant evidence*: Plaintiffs request documents and statements "to potentially  use them as . . . exhibits," or in case Defendants use them as exhibits. *Id*. at *4 (internal quotation marks omitted).

In similar circumstances, courts in this circuit have found "good cause to reopen discovery for [a] limited purpose." *id*.; *see, e.g., Summers*, 132 F.3d at 605 (court erred in refusing to reopen discovery where movant showed "no bad faith or willful omissions" and "acted expeditiously"); *Standard v. Union Pac. R. Co.*, 198 F.3d 258(10th Cir. 1999) (extended discovery should have been granted where "trial is not imminent and . . . the defendant will not be prejudiced," absent evidence "that the plaintiff was not diligent . . . prior to the discovery deadline," because information "came to light at the last minute," and "further discovery could very well lead to relevant evidence"); *Temple v. State Farm Fire & Cas. Co.*, No. 18-CV-41-JED-

JFJ, 2019 WL 5549196, at *2 (N.D. Okla. Oct. 28, 2019) (plaintiffs' "additional written discovery request is a limited, proportional, and relevant request that will assist Plaintiffs in understanding" certain defenses); *Bowdish v. Fed. Express Corp.*, No. CIV-07-400-D, 2008 WL 11337953, at *1 (W.D. Okla. Sept. 17, 2008) (reopening discovery for limited purpose in light of "unforeseen developments," where request was not "inexcusably delayed" and would not "unduly delay" motions' resolution or prejudice opposing party). Therefore the Court should direct the Sheriff to respond to Plaintiffs' Document Requests 1 and 2, Interrogatory 1, and the Request to Inspect, and should direct the Judicial Defendants to respond to Plaintiffs' requests Document Requests 1-5, and Interrogatories 2 and 3.

## II. Defendants Should Produce Information that They May Rely On

Plaintiffs' following requests seek information that either the Sheriff or Judicial Defendants may use in their briefing or at a hearing: (1) For the Sheriff, Document Requests 3 and 4, and Interrogatories 2 and 3, *see* Ex. A; (2) For the Judicial Defendants, Document Request 6, and Interrogatories 1 and 4. In particular, these requests seek information about the measures needed to implement certain remedies and their associated costs, but only if the Defendants might rely on that information. **Sheriff Doc. Reqs. Nos. 3, 4 and Interrog. Nos. 2, 3** (Ex. A); **Judge Doc. Req. No. 6 and Interrog. Nos. 1, 4** (Ex. B). This information should be produced for the same reasons argued above. Plaintiffs have sought it diligently, in good faith, and without causing delay. Plaintiffs seek only information that Defendants may rely on, which is definitionally relevant. Producing it will not cause prejudice, but withholding it will.

In addition, witnesses and documents that Defendants may rely on should have been disclosed and updated without Plaintiffs' requesting them under Rule 26(a)(1)(A)(i) and (ii), and 26(e)(1). These disclosures will also need to be made before any hearing under Rule 26(a)(3).

Waiting until the eve of a hearing to make disclosures is inefficient, as the exchange of information now will increase the likelihood that the case can be resolved by briefing and without the need for a hearing. In the parties' teleconferences, Judicial Defendants have objected that some of the information Plaintiffs request about possible costs is not yet available, particularly the costs of creating recordings and/or transcripts of bond docket proceedings. But these remedies have been the subject of months-long settlement discussions. "A party is not excused from making its disclosures because it has not fully investigated the case . . . ." Fed. R. Civ. P. 26(a)(1)(E). If Defendants may object to Plaintiffs' specified requested remedies on the grounds of cost or administrative burden, they should be required to disclose to Plaintiffs the evidence on which they may rely. Accordingly, the Court should direct the Sheriff to respond to Document Requests 3 and 4, and Interrogatories 2 and 3, and should direct the Judicial Defendants to respond to Document Request 6, and Interrogatories 1 and 4.

### Judicial Defendants' Arguments In Partial Opposition

Judicial Defendants have agreed to produce videos of the bond docket proceedings along with supporting documents for the produced videos, as well as other documents requested by Plaintiffs as they become available. Plaintiffs request for specific discovery is over-complicating the process. As Plaintiffs know, the scope of available remedies during settlement negotiations was complicated by the need to comply with 51 OS §200 requiring legislative approval, which directly affects the contours of the authority for specific settlement terms. As the Judicial Defendants understand the Court's order for briefing, Plaintiff are to submit a proposed final order and supporting brief. Defendants may respond and Plaintiffs then have an opportunity to reply if necessary. Providing witnesses and confidential information solicited for purposes of settlement

7

negotiations may not be necessary depending on Plaintiffs' briefing and is therefore premature at this time. Further, and as noted by Sheriff below, Plaintiffs are trying to shift the burden of proof.

Defendants are simultaneously requesting a 30 day extension to allow for the new data management/operating system at the jail to become fully functional so that the evidence gathered and already agreed to be produced and submitted to Plaintiffs and the Court will most accurately reflect the system going forward. In the alternative, a status conference may provide an opportunity to better address these issues.

### Defendant Sheriff's Arguments in Partial Opposition

More than four years ago, this Court stated that "the deadline for fact discovery has expired." Amended Scheduling Order, Doc. 255. None of the parties have updated their initial disclosures in the past four years because the merits of this case were decided on Motion for Summary Judgment.

> Plaintiffs' motion for summary judgment, doc. no. 368, is GRANTED with respect to plaintiffs' procedural due process and equal protection claims and DENIED with respect to plaintiffs' substantive due process claim. Defendants' motions for summary judgment, doc. no. 365 (Judicial Defendants), adopted by Defendant Regalado, doc. no. 366, is GRANTED with respect to plaintiffs' substantive due process claim and DENIED with respect to plaintiffs' procedural due process and equal protection claims. A Rule 54 final judgment will be entered following the hearing on the scope of injunctive and declaratory relief.

Order on Motions for Summary Judgment, at 75, Doc. 397. Rule 26(a)(3)'s requirement for pretrial disclosures does not apply to this Court's Corrected Order for Briefs. *See* Doc. 413.

Defendant Vic Regalado ("Sheriff Regalado"), in his official capacity as Tulsa County Sheriff, to the extent he is named as a state actor (not as a county actor), states that on February 27, 2025, at the request of the other parties to this action, Tulsa County jail personnel began handing out to arrestees at booking a Notice of Rights which, on or about April 2, 2025, was slightly revised by the other parties. The Revised Notice of Rights is currently being distributed

to every arrestee entitled to make bail, and it is intended that this practice by TCSO shall continue until otherwise ordered by this Court. Sheriff Regalado has previously submitted both of these documents to the parties and offers to submit them to the Court should it desire, together with an internal memorandum that sets forth TCSO's directions to its employees who work in its booking department to hand out this Notice of Rights to every arrestee entitled to make bail. Sheriff Regalado offers to provide Plaintiffs a list of personnel who work in its booking department, but objects to specifying (see Plaintiffs' proposed interrogatory number 1) who delivered Notices to whom in booking because it is a booking department responsibility, not the personal responsibility of someone in booking. Booking staff is also subject to change for any number of reasons. Finally, Sheriff Regalado offers to coordinate with Plaintiffs' counsel a day and time when a representative of the Plaintiffs can be escorted into the bond docket room in the jail and take photographs thereof.

Sheriff Regalado objects to the Plaintiffs' attempt to force him to produce his responsive evidence and arguments prior to the Plaintiffs submitting their brief. Plaintiffs cannot shift the order or burden of proof. Sheriff Regalado has no knowledge whether he will even file a response to Plaintiffs' brief, let alone if he does file a response, what portions of Plaintiffs' arguments and evidence may cause him to respond. He will not know until he reads it.

For this reason, Sheriff Regalado objects to Plaintiffs' proposed document requests numbers 3 and 4 directed to him, and to Plaintiffs' proposed interrogatories numbers 2 and 3 directed to him.

Dated: April 16, 2025

Respectfully Submitted,

/s/ Hayley Horowitz
Hayley Horowitz
Phoebe Kasdin
Still She Rises, Inc.

608 E. 46th Street North
Tulsa, OK 74126
hayleyh@stillsherises.org
phoebek@stillsherises.org
*Attorneys for Plaintiffs*

*/s/ Erin M. Moore*
Stefanie E. Lawson
Erin M. Moore
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, OK 73105
stefanie.lawson@oag.ok.gov
erin.moore@oag.ok.gov
*Attorneys for Defendants State Judges*

*/s/ Douglas A. Wilson*
Douglas A. Wilson
Tulsa County District Attorney's Office
218 West Sixth Street, Suite 933
Tulsa, OK 74119
Douglas.wilson@tulsacounty.org
(918) 596-8795
*Attorney for Defendant Vic Regaldo,
Tulsa County Sheriff*

10