# EXHIBIT C

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL PARGA, et al., ) <br> on behalf of themselves and ) <br> all others similarly situated ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> TULSA COUNTY, et al., ) <br> ) <br> Defendants. ) | Case No. 18-CV-0298-CVE-JFJ |

### PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 34, plaintiffs Michael Parga, Richard Feltz, Tara O'Donley, and Christopher Wood request that Defendants Tulsa County Sheriff Vic Regaldo; Judge William Musseman; Special Judges Dawn Moody, Terry H. Bitting, Tammy Bruce, Martha Rupp Carter, Stephen R. Clark, Theresa Dreiling, Owen Evans, James W. Keeley, Deborah Ludi Leitch, J. Anthony Miller, Kirsten Pace, April Seibert, Clifford Smith, and Sarah Smith; and the Board of County Commissioners of the County of Tulsa answer the following Requests for Production of Documents, on or before August 1, 2019 for copying and inspection at the office of Still She Rises, Tulsa, 567 East 36th Street North, Tulsa, OK 74106.

### INSTRUCTIONS

A. In responding to these Requests, you shall furnish all information that is available to you, including information in the possession, custody, or control of your attorneys, employees, or other agents.

1

    B.    If, in responding to the Requests, you are unable to respond fully, after exercising due diligence to obtain the information to do so, you shall respond to the fullest extent possible, specifying your inability to respond to the remainder, describing the efforts taken by you to obtain the information needed to fully respond, and stating whatever information or knowledge you have concerning the unfulfilled portion of any Request.

    C.    These Requests seek production of all documents described, in their entirety, along with any attachments, drafts and non-identical copies.

    D.    If any document responsive to the Requests has been lost destroyed, or is otherwise unavailable, describe and identify each such document by stating in writing: (i) the name(s) of the author(s), the name(s) of the person(s) who received the original and all copies and the date and subject matter; (ii) the last known custodian of the document; (iii) the incident, event, or occurrence during which such document was lost, destroyed or otherwise became unavailable; (iv) each person having knowledge of the circumstances of its being lost, discarded or destroyed; and (v) your efforts to locate each such document.

    E.    Specify which documents are being produced in response to each of the numbered Paragraphs.

    F.    If a claim of privilege is asserted with respect to any document, or you refuse to disclose any document requested herein on any other ground, state the basis for your claim that such document need not be disclosed with such specificity as will permit the Court to determine the legal sufficiency of your objection or position, and, for each such document, identify:

a. whether the document contains a request for legal advice and, if so, identify the person who requested the legal advice;

b. whether the document contains advice as to the meaning or application of particular laws or rules in response to such request;

c. any further information to explain and support the claim of privilege and to permit the adjudication of the propriety of that claim;

d. the nature of the privilege (including work product) that is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked;

e. the type of document, e.g., letter or memorandum; the general subject matter of the document; and such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, and other recipient to each other; and

f. any other information required by any applicable rule of court.

G. If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

H. In responding to any Request for Production seeking instructions, guidelines, directions, advisories, or any such thing, if the information sought was not written, it should be reduced to writing, and the dates during which each instruction, guideline, direction, advisory, or any such thing, was in effect.

    I.    The documents produced in response to these Requests shall be: (i) organized and designated to correspond to the categories in the requests, or (ii) produced in a form that accurately reflects how they are maintained by you in the normal course of business, including, but not limited to the following:

        a. that all associated file labels, file headings and file folders be produced with the responsive documents from each file and that each file be identified as to its owner(s) or custodian(s);

        b. that all pages now stapled or fastened together or saved as individual documents be produced in a format that allows the parties to easily determine that they were previously stapled or fastened together, by for example, providing a field that shows when one document stops and another starts; and

        c. that all documents which cannot legibly be copied be produced in their original form.

    J.    This Request for Production of documents is continuing and any document obtained or located subsequent to production which would have been produced had it been available or its existence known at the time of production is to be produced promptly.

    K.    This Request for Production of documents seeks documents dating back to January 1, 2015.

## DEFINITIONS

    A.    Document. The term "document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure, including, but not limited to, Fed. R. Civ. P.

34(a)(1)(A), and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of translations, notations, or markings) or any and all other written, printed, typed, punched, taped, filmed, or graphic matter or recorded or tangible thing, or whatever description, however produced or reproduced (including computer-stored or generated data, together with instructions or programs necessary to search and retrieve such data and hard copies where available and retrievable), and shall include all attachments to and enclosures with any requested item, to which they are attached or with which they are enclosed, and each draft thereof. The term document shall specifically include all recorded or retrievable electronic data or communications such as electronic mail (e-mail), text messages, and the like, and all translations thereof. Any document with any marks of any sheet or side thereof, including but limited to initials, routing instructions, metadata, date stamps, and/or any comment, marking or notation of any kind or character which is not a part of the original and/or any reproduction thereof, is to be considered a separate document.

  B.    Defendant/Defendants/You. The terms "Defendant," "Defendants," and "You" means the Board of County Commissioners of the County of Tulsa, Oklahoma; Sheriff Vic Regalado; Judge William Musseman; the Defendant Special Judges; and any of the foregoing's employees and agents.

  C.    Bail/Bond. The term "bail" means release from custody after arrest for alleged criminal offense.

  D.    Bail Hearing. The term "bail hearing" refers to any hearing where conditions of release are determined

E.	Pretrial Release Conditions. The term "pretrial release conditions" refers to secured bail, unsecured bail, and any other condition of release including but not limited to a requirement to report to court services, submit to drug tests, electronic monitoring, home detention curfews, treatment, or take classes.

F.	Concerning.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

G.	All/Any/Each.  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

H.	And/OR.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

I.	Number.  The use of the singular form of any word includes the plural and vice versa.

J.	Person detained for non-payment of money bail. The term "person detained for non-payment of money bail" means a person who is eligible for release upon payment of a money-bail amount but does not pay is detained at the Tulsa County Jail.

## REQUESTS FOR PRODUCTION

1.	All documents concerning Plaintiff Michael Parga, including but not limited to all documents concerning Michael Parga's arrest on May 31, 2018; his incarceration in the Tulsa County Jail following his May 31, 2018 arrest; and criminal court proceedings in Tulsa District Court case numbers CF-2018-2602 and NF-2018-3749.

2.	All documents concerning Plaintiff Richard Feltz, including but not limited to all documents concerning Richard Feltz's arrest on June 2, 2018; his incarceration in the Tulsa County Jail following his June 2, 2018 arrest; and criminal court proceedings in Tulsa District Court case number CF-2018-2339.

3.	All documents concerning Plaintiff Tara O'Donley, including but not limited to all documents concerning Tara O'Donley's arrest on June 4, 2018; her incarceration in the Tulsa County Jail following her June 4, 2018 arrest and her release; and criminal court proceedings in Tulsa District Court case number CM-2018-2465.

4.	All documents concerning Plaintiff Christopher Wood, including but not limited to all documents concerning Christopher Wood's arrest on June 4, 2018; his incarceration in the Tulsa County Jail following his June 4, 2018 arrest and his release; and criminal court proceedings in Tulsa District Court case number CM-2018-2460.

5.	All Tulsa County District Court local rules and administrative orders in effect at any time since January 1, 2015.

6.	All bail schedules or other instructions, guidelines, directions, advisories, or any other such document regarding, reflecting, or relating to the processes, policies, or procedures for determining financial and non-financial conditions of release for people arrested in Tulsa County, including the use of secured and unsecured money bail, that have been issued, promulgated, or in effect at any point since January 1, 2015. This request includes, but is not limited to, bail schedules or other instructions, guidelines, directions, advisories that (a) have been formally repealed, terminated, or ended by a written document; or (b) have been repealed, terminated, or ended by some means other than a written document.

7. All documents, including but not limited to rules and regulations, correspondence (e.g., email, text or instant messages), training materials, handbooks, and public education materials created or in effect at any time since January 1, 2015 concerning

    a. the legal authority relied on,

    b. the procedures used, and

    c. the substantive standards used

to determine, asses, and impose pretrial release conditions concerning people arrested, detained, or charged in connection with misdemeanor or felony offenses in Tulsa County. In responding to this request, do not include any document that was created in connection with a single criminal prosecution, such as any criminal case dockets, warrants, appearance bonds, or orders of release.

8. All documents, including but not limited to rules and regulations, directives, correspondence (e.g., email, text or instant messages), training and education materials, and handbooks created or in effect at any time since January 1, 2015 used to train, inform, or educate agents and employees of Tulsa County, including but not limited to Tulsa County Sheriff's Office and Tulsa County Court Services personnel about the legal authority, procedures, and standards for screening, recommending, or determining pretrial release conditions in misdemeanor and felony cases.

9. All documents, including but not limited to rules and regulations, directives, correspondence (e.g., email, text or instant messages), training and education materials, and handbooks created or in effect at any time since January 1, 2015 used to train, inform, or educate agents and employees of the Tulsa County District Court or

Tulsa County about the legal authority, procedures, and substantive standards for determining, imposing, and enforcing pretrial release conditions in misdemeanor and felony cases.

10. All documents, including but not limited to rules and regulations, correspondence, training materials, handbooks, and public education materials created or in effect at any time since January 1, 2017 concerning

      a. the legal authority relied on,

      b. the procedures used, and

      c. the substantive standards used

to book into, detain at, or release from the Tulsa County Jail anyone arrested, detained, or charged in connection with a misdemeanor or felony offense. In responding to this request, do not include any document that was created in connection with a single criminal prosecution, such as any criminal case dockets, warrants, appearance bonds, or orders of release.

11. All documents, including but not limited to rules and regulations, directives, correspondence, training and education materials, and handbooks created or in effect at any time since January 1, 2017 used to train, inform, or educate agents and employees of Tulsa County, including but not limited to employees of the Tulsa County Sheriff's Office, concerning procedures and substantive standards for booking, detaining and releasing people arrested, detained, or charged in connection with misdemeanor or felony offenses.

12. All documents concerning, including but not limited to rules and regulations, correspondence, training materials, handbooks, and public education materials created or in effect at any time since January 1, 2015 concerning

    d. the legal authority relied on,

    e. the procedures used, and

    f. the substantive standards used

to authorize and execute a person's release under the pretrial release program.

13. All documents reflecting policies or practices relating to, or defining, any type of bail, bond, or condition of release that has been issued or used in Tulsa County since January 1, 2015, including documents reflecting the development of any bond types that have been created since this lawsuit was filed.

14. All forms used to collect, record, or assess arrestees' or detainees' financial information in connection with assessing pretrial release conditions.

15. All transcripts or audio-visual recordings of bail hearings conducted at the Tulsa County District Court on or after January 1, 2017. In your response, do not include transcripts or recordings that were created in connection with written, counseled motions concerning pre-trial release conditions.

16. All written judicial orders of the Tulsa County District Court imposing money-bail that include a statement of reasons, legal analysis, or summary of relevant facts issued on or after January 1, 2017. In your response, do not include orders that were issued in response to written, counseled motions concerning pre-trial release conditions.

17. All documents reflecting financial information about any arrestee that was received, created, or collected in connection with determining or enforcing the person's

10

terms of pretrial detention. In your response, do not include documents that were received, created, or collected in connection with written, counseled motions concerning pre-trial release conditions.

18. All documents concerning the creation, drafting, adoption, and implementation of Administrative Order 2018-09, including but not limited to correspondence, memoranda, drafts, and training materials.

19. All documents concerning the creation, drafting, adoption, and implementation of Administrative Order 2018-09, including but not limited to correspondence, memoranda, drafts, and training materials.

20. All documents concerning the decision to create a bail docket.

21. All documents concerning the process by which administrative orders are promulgated and withdrawn.

22. All documents concerning the processes by which special judges and district judges are trained and disciplined.

23. A video describing the inmate booking process for all people arrested in Tulsa County, that was available on the Tulsa County Sheriff's website as of June 6, 2018, at http://tcso.org/resources/inmate-bookings/.

24. Documents sufficient to show the number of people who were detained in the Tulsa County Jail at any time on or after January 1, 2015 for non-payment of money bail, and the number of days spent by those people before the earlier of (a) their release from jail, or (b) their first appearance before a district or special judge.

25. All documents created, maintained, received, consulted, provided, or exchanged in connection with Vera Institute of Justice's 2017 Report to Tulsa County Stakeholders on Jail Reduction Strategies.

26. All documents that support your defenses in this case.

Dated: July 2, 2019

*[signature]*
Hayley Horowitz*
STILL SHE RISES, TULSA
567 E. 36th Street North
Tulsa, OK 74106
hayleyh@stillsherises.org
918-392-0874

*\* Admitted to practice only in New York. Application for admission to Oklahoma Bar pending.*

CIVIL RIGHTS CORPS
Charles Gerstein
A. Dami Animashaun
Ryan Downer
910 17th Street NW, Suite 200
Washington, DC 20006
charlie@civilrightscorps.org
dami@civilrightscorps.org
ryan@civilrightscorps.org
202-670-4809

*Attorneys for Plaintiffs*

*By E-mail and U.S. Mail*

TO:   Stefanie Lawson
      Office of the Attorney General
      Litigation Section
      313 NE 21st Street

Oklahoma City, OK 73105
stefanie.lawson@oag.ok.gov

Douglas Wilson
District Attorney's Office
500 S. Denver Ave. Ste. 900
Tulsa, Oklahoma 74103
douglas.wilson@tulsacounty.org