# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD FELTZ and ASHTON LEE DENNIS, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> -vs- <br><br> VIC REGALADO, Tulsa County Sheriff, in his Official Capacity, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) Case No. 18-cv-0298-SPF-JFJ ) ) ) ) ) ) |

## ORDER

Before the court is Plaintiffs' Combined Motion for Discovery and Brief in Support and Defendants' Brief in Opposition, doc. no. 415, filed on April 16, 2025.

As an initial matter, the court applauds the parties' cut-to-the-chase approach to resolution of the matters presented by the motion. At this stage of this 2018 case, that practical and cooperative approach is most welcome.

Plaintiffs' motion is effectively a motion for leave to serve the proposed discovery requests combined with a motion to enforce compliance with those to which defendants object. Before getting to those that are objected to, another preliminary matter requires attention. The Sheriff states, correctly, that the court observed, at a much earlier stage, that the deadline for fact discovery has expired. Doc. no. 415, at 8. The Sheriff also has a point when he argues that this is not a Rule 26(a)(3) pretrial disclosure situation (at least not in the usual sense). The Judicial Defendants, for their part, lodge no objection other than general assertions that (i) plaintiffs' "request for specific discovery is over-complicating the process" and (ii) "[p]roviding witnesses and confidential information solicited for purposes of

settlement negotiations may not be necessary depending on Plaintiffs' briefing and is therefore premature at this time." Doc. no. 415, at 7-8.

Applying the familiar standards summarized on pp. 4-5 of doc. no. 415, the court quite easily concludes, in its discretion, that there is good cause to reopen discovery to a limited extent and for limited purposes. The short of that matter is that the court is convinced that some limited additional discovery will likely aid in bringing this matter to a conclusion, regardless of whether that conclusion is ultimately contested or agreed. The court accordingly turns to those discovery requests that have drawn an objection.

## The Sheriff's Objections

<u>The Sheriff's objection to interrogatory no. 1</u>.  Interrogatory no. 1 seeks disclosure of (among other things) "by whom the bond docket notice form(s) . . . has been distributed or made available to arrestees at DLM, if at all, since March 15, 2025." Doc. no. 415-1, at 2. The Sheriff does not object to providing "a list of personnel who work in" the booking department, but objects to "specifying . . . who delivered Notices" because delivering the notices is "a booking department responsibility, not the personal responsibility of someone in booking." Doc. no. 415, at 9. This objection has some appeal at first blush, but it appears that what plaintiffs want is identification of those who have actually had the responsibility of delivering the notices, which, it seems, would be a subset (perhaps a relatively small subset) of all of the individuals who work in the booking department. As a practical matter, in light of the Sheriff's proposal to list *everyone* who works in the booking department, all that is at issue is whether he should respond, instead, by listing the subset who have delivered notices since March 15 of this year. The court concludes that that discovery should be permitted, but the court will limit the time span encompassed by the interrogatory. The time span will begin on March 15, 2025, and end seven

days before the date of service of the answer to this interrogatory. With that modification, the objection to interrogatory no. 1 is overruled.[1]

The Sheriff's objection to interrogatory no. 2. Interrogatory no. 2 seeks a "specific computation of monetary expenditures that will be required for judges to attend bond docket in person at DLM that the [sic] you will present in remedial briefing or at a remedial hearing, and a statement of reasons that each cost is necessary." Doc. no. 415-1, at 3. The Sheriff objects, in substance, on the basis that he should not be required to provide this information before plaintiffs submit their brief on issues of relief. That, in itself, would not be a sound basis for an objection to this interrogatory. But, for a different reason, the court will not–at least for now– require an answer to this interrogatory. Here is that reason: Cost considerations are unlikely, other than perhaps at the outer margin, to have a substantial bearing on the court's determinations as to the relief to be granted. To be sure, at a high level of generality, "fiscal and administrative burdens" can come into play under the Mathews test, as discussed in the court's summary judgment order, Feltz v. Regalado, 751 F.Supp.3d 1198, 1230 (N.D. Okla. 2024).[2] But it is hard to imagine that the liberty interests of new Tulsa County arrestees, as protected by the Fourteenth Amendment, can be economized out of existence, which is why the court observed, at the summary judgment stage, that the "fiscal and administrative burden the procedural safeguards discussed in this order would entail, though not trivial, do not outweigh the importance, under the Constitution, of the interests to be protected by those safeguards." Feltz, at 1237. The rights to be protected in the remedial order

---

[1] The court recognizes that it may not be possible to compile a completely accurate list of all of the individuals who have delivered notices since March 15. What is required is a reasonable effort to compile an accurate list.

[2] As the court noted at the summary judgment stage (discussing the Mathews test), "Defendants have not made an issue of expense." Feltz, at 1236.

are so basic[3] that it would seem unlikely that they could be dispensed with or significantly impaired for the sake of cost avoidance.  For that reason, the court does not, at this juncture, require an answer to interrogatory no. 2.  But if the Sheriff cites cost considerations in his briefing on the issue of the relief to be granted, the court will, on motion, require him to promptly provide specific substantiation of his cost-related contentions.

The Sheriff's objection to interrogatory no. 3. Interrogatory no. 3 seeks identification of the witnesses the Sheriff may call at a remedial hearing, as well as a statement of the subjects on which each witness may testify.  The Sheriff argues that this interrogatory is premature to require this sort of a disclosure before the Sheriff sees plaintiffs' brief.  That could be argued either way, but the court's conclusion at this point is that the Sheriff's answer to interrogatory no. 3 should be deferred.  The Sheriff shall serve his answer to interrogatory no. 3 not later than the day he files his brief addressing the relief to be granted.  If the Sheriff does not file such a brief by the date to be established pursuant to the order entered on April 17, 2025 (doc. no. 416), plaintiffs may file a motion seeking to compel an answer to interrogatory no. 3.  The filing of such a motion must be preceded by a face-to-face conference of opposing counsel, in a good faith effort to resolve the matters that would otherwise be addressed by the motion.

## The Judicial Defendants' Objections

As has been noted, the Judicial Defendants have asserted two very general objections, *viz.* (i) that the plaintiffs' discovery requests are "over-complicating the process" and (ii) that the discovery requests are in some respects "premature."  Doc.

---

[3] *E.g.*, notice of the hearing and its purpose, the opportunity to be heard and to present evidence, meaningful opportunity to confer privately with counsel before and during the hearing, the opportunity for the arrestee and his counsel to hear what is being said by all participants in the hearing, meaningful consideration of flight risk, danger to the community and alternatives to detention, and individualized findings.  *See, generally*, Feltz, at 1216, 1234, 1236.

no. 415, at 7-8.  The court's ruling on these general objections will be equally general:  the court generally disagrees.  That said, the court, doing some pruning on the judges' behalf, will require responses to the remedial discovery requests directed to the Judicial Defendants (doc. no. 415-2) to the following extent:

- A. Document requests 1 - 5 will be complied with as written (doc. no. 415-2, p. 1).
- B. Compliance with document request no. 6 is excused, for now.  Within ten days after the date of filing of the Judicial Defendants' brief addressing the relief to be granted, plaintiffs may file a motion seeking to compel compliance with document request no. 6 or, preferably, a more tightly focused version of request no. 6.  The filing of such a motion must be preceded by a face-to-face conference of opposing counsel, in a good faith effort to resolve the matters that would otherwise be addressed by the motion.
- C. Interrogatory no. 1 will be answered to the extent of providing at least a general description of the "technological and/or logistical measures needed for implementation" of the items listed in subparagraphs a - c of interrogatory no. 1.  No "computation of monetary expenditures" is required.  As to subparagraphs a and b, the reason for that is that, in view of the importance of the constitutional rights to be protected by the court's remedial order in this case, the cost of making and storing high quality audio recordings of hearings will not be a determinative factor (and the court does not intend to mandate recording by court reporters).  As to subparagraph c, the cost of providing the facilities necessary to accommodate due process-compliant bond hearings is a matter that the court is quite content to leave to the defendants to work out for themselves.[4]

---

[4] Given the nature of the decisions that must be made at a due process-compliant hearing held for the purpose of determining whether an arrestee shall be detained pending trial (and, for that matter, given the very nature of the judicial function in individual criminal proceedings at the trial court level), the court is more than a little dubious (without having reached a final conclusion) as to whether the essential purpose of a bond hearing can be served in a setting in which the judge is not in the same room as the arrestee, at least in those instances in which pretrial release is actually a contested matter.  The undersigned, as a trial judge with more than two decades of experience in cases requiring individualized assessment of accused and convicted individuals standing before the bench, is prepared to elaborate on that point if that should become necessary.

D. Interrogatory no. 2 will be answered as written.[5]

E. Interrogatory no. 3 will be answered as written.

F. The Judicial Defendants shall serve their answer to interrogatory no. 4 not later than the day they file their brief addressing the relief to be granted. If they do not file such a brief by the date to be established pursuant to the order entered on April 17, 2025 (doc. no. 416), plaintiffs may file a motion seeking to compel an answer to interrogatory no. 4. The filing of such a motion must be preceded by a face-to-face conference of opposing counsel, in a good faith effort to resolve the matters that would otherwise be addressed by the motion.

## Conclusion

It is **ORDERED** that plaintiffs are permitted to proceed with, and defendants are required to comply with, the plaintiffs' proposed discovery to the extent set forth above.

Unless otherwise specifically stated in the foregoing portions of this order, the deadline for producing documents, answering interrogatories and permitting inspection per this order is May 23, 2025.

DATED this 25th day of April, 2025.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0298p041.docx

---

[5] The court recognizes that it may not be possible to compile a completely accurate list of all of the dates. What is required is a reasonable effort to compile an accurate list.