## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

RICHARD FELTZ and ASHTON LEE )
DENNIS, on behalf of themselves and )
all others similarly situated, )
           )
      Plaintiffs, )
           )
-vs- )     Case No. 18-cv-0298-SPF-JFJ
           )
VIC REGALADO, Tulsa County )
Sheriff, in his Official Capacity, et al., )
           )
      Defendants. )

### SHERIFF'S RESPONSES TO PLAINTIFFS' REMEDIAL DISCOVERY REQUESTS

Defendant Vic Regalado, in his official capacity as Tulsa County Sheriff, to the extent he is named as a state actor not as a county actor ("Sheriff"), by and through Douglas A. Wilson and Mike Shouse, Tulsa County District Attorney's Office, hereby responds to Plaintiffs' Remedial Discovery Requests as ordered by the Court in its April 25, 2025, Order (Doc. 417).

### GENERAL OBJECTIONS

The following general objections apply to each of the Sheriff's responses to Plaintiffs' Remedial Discovery Requests:

Sheriff objects to Requests to the extent that they seek to impose obligations on Sheriff beyond those obligations imposed by the Federal Rules of Civil Procedure.

Sheriff specifically objects to producing any document or providing any information that discloses confidential communication made for the purpose of facilitating the rendition of professional legal services.


EXHIBIT
16

Sheriff specifically objects to producing any document or providing any information that was prepared in anticipation of litigation or for trial by or for Sheriff, or by or for Sheriff's representatives.

Sheriff does not believe the Requests are designed to reach files of Sheriff's legal counsel. Sheriff asserts a blanket privilege covering all pleadings, communications between counsel and client, memorandums and notes prepared by counsel, research materials, and the like, whether in draft or in final form; all such documents are privileged, and Sheriff specifically claims that privilege.

Sheriff does not interpret the Requests as extending to materials subject to the attorney-client privilege or work product privilege. Sheriff asserts a blanket privilege over those materials.

### RESPONSES

REMEDIAL INTERROGATORY NO. 1: Describe when, between arrest and bond docket appearance, how and by whom the bond docket notice form(s) produced in response to Remedial Document Request 1 has been distributed or made available to arrestees at DLM, if at all, since March 15, 2025. When identifying who has distributed or made forms available, specify the person(s) name(s) and their employment title(s) or position(s).

RESPONSE TO REMEDIAL INTERROGATORY NO. 1: Arrestees brought to the Tulsa County Jail (a/k/a David L. Moss Criminal Justice Center) are booked into the Jail. Once an arrestee has completed the booking process, and prior to seeing a judge for their bond docket appearance, they are interviewed by Classifications Officers to determine their proper initial placement within the Jail. During the classification process, arrestees eligible for bail (i.e., eligible to bond out of jail) are given a copy of the Notice of Rights, a document provided to the Jail for this purpose by counsel for the State Judges. Exhibit A (Notice of Rights) attached to these discovery responses

2

was originally distributed to arrestees eligible to make bail since at least March 15, 2025. However, on or about April 2, 2025, counsel for the State Judges provided the Jail with a Revised Notice of Rights, Exhibit B attached to these discovery responses, which has since been distributed to arrestees eligible to make bail and continues to this day to be so distributed. Inmates not eligible to bond out of Jail include the following:

- Muskogee Creek Nation holds
- ICE holds
- US Marshall Holds
- Anyone who has a hold with no other open charges.

Once a Notice of Rights is given to an arrestee who is eligible to bond out of jail, they are instructed to sign a duplicate copy for safekeeping which is maintained as part of their Jail record. Since at least March 15, 2025, the following individuals have issued said Notice of Rights, and after April 2, 2025, said Revised Notice of Rights, to eligible arrestees:

| | |
|---|---|
| Corporal Brenda Andrade | Classifications Officer |
| Detention Officer Emily Carr | Classifications Officer |
| Detention Officer Dalton Lacey | Classifications Officer |
| Detention Officer Enrique Haro | Classifications Officer |
| Detention Officer India Jones | Classifications Officer |
| Detention Officer Matthew Stansill | Classifications Officer |
| Detention Office Matthew Stevens | Classifications Officer |
| Detention Officer Mellisa Wright | Classifications Officer |
| Detention Officer Tanner Wright | Classifications Officer |
| Detention Officer Yvette Atjun-Fuentes | Classifications Officer |

REMEDIAL INTERROGATORY NO. 2: Provide a specific computation of monetary expenditures that will be required for judges to attend bond docket in person at DLM that the you

3

will present in remedial briefing or at a remedial hearing, and a statement of reasons that each cost is necessary. NO RESPONSE REQURIED. *See* Order, p. 4, Doc. 417.

REMEDIAL INTERROGATORY NO. 3: Identify all witnesses you may present in support of your remedial briefing or at a remedial hearing, including all witnesses you may use to support each aspect of your responses to Remedial Interrogatories 1 and 2, and state the subjects on which each witness may testify. ANSWER DEFERRED NOT LATER THAN THE DAY SHERIFF FILES HIS BRIEF ADDRESSING THE RELIEF TO BE GRANTED. *See* Order, p. 4, Doc. 417.

Major Marcus Berry, of lawful age, being first duly sworn upon his oath, deposes and states:

That I am the Assistant Jail Administrator for the Tulsa County Jail; that I have read the above and foregoing Answers to Plaintiffs' Remedial Interrogatories and am familiar with the contents thereof; that the statements set forth therein are true and correct to the best of my information and belief.

Marcus Berry

Subscribed and sworn to before me this _22_ day of May 2025.



My Commission expires:

_8/25/25_

Notary Public

REMEDIAL DOCUMENT REQUEST NO. 1: All versions of the bond docket notice form that have been distributed or made available to arrestees at the David L. Moss Criminal Justice Center ("DLM") at any time on or after March 15, 2025.

RESPONSE TO REMEDIAL DOCUMENT REQUEST NO. 1: *See* attached Exhibits A and B.

4

REMEDIAL DOCUMENT REQUEST NO. 2: All documents containing directives or policies regarding distribution of the bond docket notice form in effect at any time on or after March 15, 2025.

RESPONSE TO REMEDIAL DOCUMENT REQUEST NO. 2: *See* attached Exhibit C.

REMEDIAL DOCUMENT REQUEST NO. 3: All documents that you will present as evidence of rules and requirements, including training requirements and electronics agreement forms, that attorneys, judges and their staff must meet to attend bond docket in person at DLM. ANSWER DEFERRED NOT LATER THAN THE DAY SHERIFF FILES HIS BRIEF ADDRESSING THE RELIEF TO BE GRANTED. *See* Order, p. 4, Doc. 417. Without waiving the foregoing, and as agreed among counsel, *see* Exhibits D, E and F.

REMEDIAL DOCUMENT REQUEST NO. 4: All documents that you may use to support your remedial briefing or at a remedial hearing, including all documents you may use to support your responses to the Remedial Interrogatories. ANSWER DEFERRED NOT LATER THAN THE DAY SHERIFF FILES HIS BRIEF ADDRESSING THE RELIEF TO BE GRANTED. *See* Order, p. 4, Doc. 417.

REMEDIAL REQUEST TO INSPECT: Plaintiffs request entry to the DLM courtroom by an attorney and/or paralegal employed by Plaintiffs' counsel Still She Rises for the purposes of photographing the judges' bench and television screen from (a) the back of the courtroom, facing the judges' bench, and (b) the podium at which an arrestee stands during a bond docket proceeding, on a date agreed to by Plaintiffs' and the Sheriff's counsel.

RESPONSE TO REMEDIAL REQUEST TO INSPECT: Inspection permitted on May 8, 2025, during and following the daily bond docket.

Respectfully submitted,

Douglas A. Wilson, OBA # 13128
Mike Shouse, OBA # 33610
Assistant District Attorney
Tulsa County District Attorney's Office
218 W. 6th St., Suite 930
Tulsa, OK 74119
douglas.wilson@tulsacounty.org | 918-596-8795
mshouse@tulsacounty.org | 918-596-4825

ATTORNEYS FOR DEFENDANT SHERIFF

## CERTIFICATE OF MAILING

I hereby certify that on this 23rd day of May, 2025, I caused a true and correct copy of this document and its attachments to be placed in the United States mail, first class postage fully pre-paid, addressed to:

Hayley Horowitz
Phoebe Kasdin
Still She Rises, Inc.
608 E. 46th Street North
Tulsa, OK74126
hayleyh@stillsherises.org
phoebek@stillsherises.org

Stephanie Lawson
Erin Moore
Office of the Attorney General
Litigation Section
313 NE 21st Street
Oklahoma City, OK 73105
erin.moore@oag.ok.gov
stefanie.lawson@oag.ok.gov

Mike Shouse

# NOTICE

If you have been booked on <u>new charges</u>, **YOU HAVE THE FOLLOWING RIGHTS:**

## YOU HAVE THE RIGHT TO A BOND HEARING WITHIN 48 HOURS OF ARREST

- Jail staff will tell you the date and time of your bond hearing.
- At the hearing, a judge will decide whether you must stay in jail or if you can be released. If you have been assigned a bond amount that you cannot afford, the bond hearing is an opportunity for you to argue for different release conditions.

## YOU HAVE THE RIGHT TO AN ATTORNEY AT YOUR BOND HEARING

- If you don't have an attorney, you will be offered one free of charge at the hearing.
- You have the right to speak to the attorney privately before the judge considers your case, and at any time during the hearing. If you would like to speak to the attorney, tell the judge.

## YOU HAVE THE RIGHT TO BE CONSIDERED FOR BAIL ON THE CURRENT CHARGES.

- The judge will decide if you are likely to threaten the community's safety or fail to appear for court if released.
- If the judge finds you are likely to threaten community safety or fail to appear for court, the judge can require you to pay bail and/or impose non-monetary conditions, such as requiring you to stay away from certain people or places or by requiring you to wear an electronic monitor.
- The judge can order you held without bond or impose conditions for your release that may or may not have a financial component.

## YOU HAVE THE RIGHT TO PARTICIPATE AT YOUR BOND HEARING

- You have the right to see and hear the judge and everyone who speaks to the judge about your case during your hearing. You also have the right to see during your hearing any documents, information, or other evidence shown to the judge about your case, or criminal history.
- You have the right to ask your attorney to make arguments for your release, present helpful information or evidence about your finances and your connections to the community, challenge any documents or other evidence considered by the judge, and question any witnesses who speak in court against you.

## THE COURT'S DECISION WILL BE REDUCED TO A WRITTEN ORDER AND FILED OF RECORD.

- The Court's Decision will be reduced to a written order and filed of record.

**Please direct any questions about the hearing or this notice to your attorney.**

> **JAIL STAFF IS UNABLE TO ANSWER QUESTIONS ABOUT THIS NOTICE**



EXHIBIT
**A**

# NOTICE

If you have been booked on <u>new charges</u>, **YOU HAVE THE FOLLOWING RIGHTS:**

## YOU HAVE THE RIGHT TO A BOND HEARING WITHIN 48 HOURS OF ARREST

- Jail staff will tell you the date and time of your bond hearing.
- At the hearing, a judge will decide whether you must stay in jail or if you can be released. If you have been assigned a bond amount that you cannot afford, the bond hearing is an opportunity for you to argue for different release conditions.

## YOU HAVE THE RIGHT TO AN ATTORNEY AT YOUR BOND HEARING

- If you don't have an attorney, you will be offered one free of charge at the hearing.
- You have the right to speak to the attorney privately before the judge considers your case, and at any time during the hearing. If you would like to speak to the attorney, tell the judge.

## YOU HAVE THE RIGHT TO BE CONSIDERED FOR BAIL ON THE CURRENT CHARGES.

- The judge will decide if you are likely to threaten the community's safety or fail to appear for court if released.
- If the judge finds you are likely to threaten community safety or fail to appear for court, the judge can require you to pay bail and/or impose non-monetary conditions, such as requiring you to stay away from certain people or places or by requiring you to wear an electronic monitor.
- The judge can order you held without bond or impose conditions for your release that may or may not have a financial component.
- The Court will issue a written order form following your hearing. If you would like a copy of that form, ask the judge or your attorney.

## YOU HAVE THE RIGHT TO PARTICIPATE AT YOUR BOND HEARING

- You have the right to see and hear the judge and everyone who speaks to the judge about your case during your hearing. You also have the right to see during your hearing any documents, information, or other evidence shown to the judge about your case, or criminal history. The Public Defenders have copies of the information given to the judge.
- You have the right to ask your attorney to make arguments for your release, present helpful information or evidence about your finances and your connections to the community, challenge any documents or other evidence considered by the judge, and question any witnesses who speak in court against you.

**Please direct any questions about the hearing or this notice to your attorney.**

JAIL STAFF IS UNABLE TO ANSWER QUESTIONS ABOUT THIS NOTICE



EXHIBIT
**B**

Last Revised 4/2/2025



SHERIFF VIC REGALADO

UNDERSHERIFF GEORGE W. BROWN

# TULSA COUNTY SHERIFF'S OFFICE
303 W. 1st ST. TULSA OK 74103

## INTEROFFICE MEMORANDUM

To:         Classifications

From:       Major Marcus T. Berry

Date:       04/15/2025

Subject:    Notice of Rights (revised)

A revised notice of rights was handed out to classifications on April 2nd, 2025, by Lt. Michelle Ramsey.

Instructions on how to hand out the revised notice of rights are as follows:

- They are to be handed out to anyone eligible to bond out of jail.
- They are to list the name of the individual who receives it along with his DLM number. They are to sign at the bottom confirming they have received a copy. An extra copy will be placed into their folder for record keeping purposes.

People not eligible for bonds fall into the following categories:

- Muskogee Creek nation holds
- ICE holds
- USMS only holds
- Or anyone who has a hold with no open charges.


EXHIBIT C



# ELECTRONICS
# AGREEMENT REQUEST

Tulsa County Sheriff's Office
David L. Moss Criminal Justice Center

Requester's Name: _____
                          *(Print)*                    *(Date)*

I am requesting the following item(s):        Justification for this request:

☐  *Cellular Phone/Smart Watch*          ☐  *Secure Contact Areas*

☐  *Laptops*                             ☐  *Non-Contact Areas*

☐  *Hot Spots*                           ☐  *Secured Classrooms*

☐  *Tablets*                             ☐  *Secured Courtroom*

☐  *Other (please specify)*              ☐  *Other (please specify)*

Requester's Signature: _____
                            *(Signature)*                *(Date)*

**By signing, you acknowledge that you have read and agree
to the visitation policy and procedures**

---

**[SHERIFF'S OFFICE USE ONLY]**

Jail Administrator: _____        ☐ Approved   ☐ Denied
  (or designee)              *(Signature)*          *(Date)*

Reason for Denial: _____

_____

Form 6316 (6-22)



EXHIBIT
**D**



# TULSA COUNTY SHERIFF'S OFFICE

### Policy [partial - § 3.6 Attorney Visits only]

| Chapter:<br>**300-Detention** | Policy Number:<br>**302.06 Inmate Visitation and Facility Tours** | Effective Date:<br>**12/09/2024** |
|---|---|---|
| Supersedes Policy No:<br>**30.3.1 Inmate Visitation**<br>**17-16 Detention Facility Tours** | Issued:<br>**10/30/2017**<br>**09/09/2011** | Page:<br>**1 of 25** |

| REVISIONS | SECTION | References: |
|---|---|---|
| 01 | 3.6/B, 3.6/D5 | |
| 02 | Added facility tours, removed 'HomeWav' and replaced with video visitation system | **ACA:** 5-ALDF-5B-01, 5-ALDF-5B-02, 5-ALDF-5B-03, 5-ALDF-5B-04,5-ALDF-6A-02. |
| 03 | ACA 5th Edition | |
| | | **OMJS:** 310:670-5-9. |
| | | **PBNDS:** 5.7 |

| Issuing Authority:<br><br>**Sheriff Vic Regalado** | Signature/Date:<br>**ON FILE** |
|---|---|

EXHIBIT
E

*This policy statement and the following procedures are intended for Tulsa County Sheriff's Office use only. The policies, procedures, and post orders are for internal administrative purposes. They are not intended to create any higher legal standard of care or liability in an evidentiary sense than is created by law. Violations of internal Sheriff's Office policies, procedures, and post orders form the basis for disciplinary action by the Sheriff's Office.*

\*     \*     \*

### 3.6    Attorney Visits

**A.    Guidelines**

Attorneys are subject to the same guidelines regarding searches, behavior, personal items, records checks, and standards of dress as are public visitors.

All inmates, regardless of housing assignment, will be allowed legal visitation privileges.  (PBNDS 5.7(V)(J)(11))

**B.    Attorney Visitation**

Attorneys and their representatives, i.e. investigators, paralegals and law students are permitted to visit inmates in reasonable numbers for business purposes. (5-ALDF-6A-02, PBNDS 5.7(V)(J)(1) & (3))

1.    Attorney visits for those with active state bar membership cards will occur in the contact visitation rooms unless a non-contact visit is requested.

**TULSA COUNTY SHERIFF'S OFFICE**

      2.    Attorney's representatives with proper identification will occur in a non-contact visitation room unless accompanied by the attorney.

**C.**   **Hours**

Visiting hours for attorneys and their representatives will be between 0800 and 1900 hours. Emergency visits may be granted after 1900 hours at the discretion of the shift supervisor.  (PBNDS 5.7(V)(J)(2))

**D.**   **Credentials**
      **(PBNDS 5.7(V)(J)(4))**

      **1.**   **Attorneys**

Each attorney will be required to present evidence of license to practice law, such as a state bar membership card and matching identification, such as a valid driver's license.

      **2.**   **Attorney Representatives**

Law clerks, paralegals, investigators, etc., must present valid photo identification, such as a driver's license, and written evidence of authority to visit from the attorney for whom the representative works.

      **3.**   **Interpreters**

Interpreters accompanying an attorney for contact visitation must possess a valid court issued interpreter card.

**E.**   **Searches**

Attorneys and their representatives may be pat searched or searched using hand-held or standing scanners.

      **1.**   Any belongings that an attorney or representative takes to the visiting area may also be searched.

      **2.**   No attorney will be granted access whose items are not in a clear container, to include all items within.

**F.**   **Denial of Visits** (Rev. 01, 09/13/2018)

      **1.**   Improper acts committed by an attorney or attorney's representative may result in termination of the visit and denial of future visits.

**TULSA COUNTY SHERIFF'S OFFICE**

   2.    An investigation and/or review of the incident and a meeting with the Sheriff, Undersheriff, or Jail Administrator may be required before future visits can occur.

   3.    Inmates have the right to terminate or refuse attorney visits.

**G.    Number of Visits**

Attorneys will not be limited as to the number of inmates that can be visited in a day. Visits must be made with one inmate at a time. Attorney visits will not count toward an inmate's weekly visitation privilege.

**H.    Cellular Phones and Electronic Devices**

Conditional permission for attorneys to bring in cellular phones and electronic devices can be granted under the following stipulations:

   1.    A one-year agreement must be signed and presented by the attorney each time they wish to bring their cellular phone or electronic device (i.e. laptop/Chrome book) inside the secure area of the facility, Attachment B;

   2.    Cellular phones and electronic devices may only be used, when in the secure area of the facility, for conducting official business in relation to the inmate being met with;

   3.    Cellular phones and electronic devices will not be used to access the internet, play games, take pictures with or to video record anything or anyone within the secure area of the facility;

   4.    Cellular phones and electronic devices will not, at any time, be given to any inmate for any reason;

   5.    Wearable technology (i.e. fitness trackers, cameras, smart watches, etc.) will not be permitted inside the secure area of the facility even under this signed agreement.

**I.    Public Defender Visitation**

If an attorney from the Public Defender's Office wishes to visit "one at a time" with multiple inmates, the following procedure should be followed:

   a.    The Public Defender must fax a list of the inmates to visit to the Transportation Desk (918) 596-8945).

   b.    The Public Defender should notify the Operations Desk no less than 45 minutes prior to the desired visitation time so that the

Operations Desk officer can retrieve the list from Transportation and notify the appropriate pod officers.

c.  No more than five inmates from the list will be pulled out at one time. Inmates will sit in the chairs by the Operations Desk to wait for their turn with the Public Defender.

d.  The Public Defender will be allowed access to visit inmates in an interview room adjacent to the Operations Desk.

## 5-ALDF-7B-07

(Ref. 4-ALDF-7B-07)

New clerical/support employees who have minimal inmate contact receive at least 16 hours of training during their first year of employment. All persons in this category are given an additional 16 hours of training each subsequent year of employment.

*Comment*: None.

*Protocols*: Written policy and procedure. Job descriptions. Training curriculum. Training record forms and formats.

*Process Indicators*: Personnel records. Training records.



## 5-ALDF-7B-08

(Ref. 4-ALDF-7B-08)

All new professional and support employees, including contractors, who have regular or daily inmate contact receive training during their first year of employment. 40 hours are completed prior to being independently assigned to a particular job. An additional 40 hours of training is provided each subsequent year of employment. At a minimum, this training covers the following areas:

- Security procedures and regulations.
- Supervision of inmates.
- Signs of suicide risk.
- Suicide precautions.
- De-escalation strategies.
- Report writing.
- Inmate rules and regulations.
- Key control.
- Rights and responsibilities of inmates.
- Safety procedures.
- All emergency plan and procedures.
- Interpersonal relations.
- Social/cultural lifestyles of the inmate population.
- Cultural diversity.
- Communication skills.
- CPR/first aid.
- Counseling techniques.
- Sexual harassment/sexual misconduct awareness.
- Code of ethics.

*Comment:* None.

*Protocols:* Written policy and procedure. Job descriptions. Training curriculum. Training record forms and formats.

*Process Indicators:* Personnel records. Training records.

## 5-ALDF-7B-10

(Ref. 4-ALDF-7B-10)

Written policy, procedure, and practice provide that all new correctional officers receive 120 hours of training during their first year of employment. At a minimum, this training covers the following areas:

- Security and safety procedures.
- Emergency and fire procedures.
- Supervision of offenders.
- Suicide intervention/prevention.
- De-escalation strategies.
- Offender rights.
- Key control.
- Interpersonal relations.
- Interpersonal communication skills.
- Standards of conduct.
- Cultural awareness.
- Sexual abuse/assault intervention.
- Code of ethics.
- Crisis intervention teams.

Additional topics may be added at the discretion of the agency or facility.

*Comment*: Because the duties of correctional officers frequently involve most institutional operations, their training should be comprehensive.

*Protocols*: Written policy and procedure. Job descriptions. Training curriculum. Training record forms and formats.

*Process Indicators*: Personnel records. Training records.