# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD FELTZ, and ASHTON LEE DENNIS, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>TULSA COUNTY, *et al.,*<br><br>        Defendants. | Case No.: 18-cv-298-SPF-JFJ |

### DEFENDANT STATE JUDGES' RESPONSES AND SUPPLEMENT TO RESPONSES TO PLAINTIFF'S REMEDIAL DISCOVERY REQUESTS

Defendant State Judges (collectively referred to as "Defendant" or "Defendant State Judges"), by and through their attorneys of record, Stefanie E. Lawson, Erin M. Moore, Assistant Attorneys General, submit the following responses to Plaintiff's Fourth Set of Discovery Requests.

### GENERAL RESPONSES AND OBJECTIONS

1. All documents covered by the requested production (except documents responsive to those requests or portions thereof which are specifically objected to below) that are in the custody and control of Defendants and which are not subject to the attorney-client privilege or the criminal investigation privilege and which do not constitute trial preparation materials or documents prepared for purposes of settlement negotiations will be produced



to Plaintiff. Defendants object to the production of any and all documents which are subject to the attorney-client privilege and work product privilege, which were prepared in anticipation of litigation or in preparation for trial, which are confidential or proprietary or which are otherwise protected from discovery.

2. Because many of the documents may be responsive to more than one of Plaintiff's requests, no attempt will be made to identify separately the specific requests to which each document may be responsive.

3. Defendants do not concede the relevancy of the discovery requests, the relevancy or admissibility of any documents being produced in response to a particular discovery request nor that a particular document has any probative value to any particular issue in this case.

4. Defendants object to the requests that require searches of ESI as being overly broad and unduly burdensome as the requests in general are vague as they do not contain meaningful parameters that allow for searches of relevant terms to be performed before individualized review are performed. The requests also are an unreasonable extended time period.

5. Defendants do not waive any privileges in their production of documents pursuant to Plaintiff's requested production. To the extent any privileged document is inadvertently produced, Defendants reserve the privilege(s) with respect to such document, the right to object to the inspection

and copying of such document, the right to request that the document be returned to Defendants, and the right to object to the admissibility of any such document.

6. Defendants object to the requirements made in Plaintiff s discovery requests which deal with supplementation of responses on the basis that said requests contain obligations greater than those imposed by the Federal Discovery Code.

**RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** Recordings of the bond docket for sixteen days, including ten weekdays and six weekend days. In the alternative, Plaintiffs request permission to record the bond docket.

**RESPONSE: Defendants produced recordings for the period of May 9, 2025 through May 13, 2025 on May 14, 2025 (Bates 303-304; 453-454; 594-595; 880; and 1132). Defendants produced recordings for the period May 14, 2025 through May 20, 2025 on May 20, 2025 (Bates 1406; 1571-1572; 1838; 1967; 1999; 2283; and 2489). Defendants produced recordings for May 21, 2025 on May 22, 2025 (Bates 2635). Defendants will produce recordings for May 22, 2025 through May 25, 2025 no later than May 28, 2025.**

**REQUEST FOR PRODUCTION NO. 2:** All completed Bond Docket Order forms for dockets for which recordings are produced, except that Plaintiffs do not demand access to documents obtained from the NCIC database.

**RESPONSE: Defendants produced Bond Docket Orders for the period May 9, 2025 through May 13, 2025 on May 14, 2025 (Bates 1-302; 305-452; 455-593; 596-879; and 881-1131). Defendants produced Bond Docket Orders for the period May 14, 2025 through May 20, 2025 on May 20, 2025 (Bates 1133-1495; 1407-1570; 1573-1837; 1839-1975; 1977-1998; 200-2282; and 2274-2488). Defendants produced Bond Docket Order for the period of May 21, 2025 on May 22, 2025 (Bates 2490-2634). Defendants will produce Bond Docket Orders for the period May 22, 2025 through May 25, 2025 no later than May 28, 2025.**

**REQUEST FOR PRODUCTION NO. 3:** All documents that presiding judges receive in connection with bond docket appearances for the days on which recordings are produced.

**RESPONSE: Defendants produced the packets received by the judge presiding over the bond dockets for the period of May 9, 2025 through May 13, 2025 on May 14, 2025 (Bates 1-302; 305-452; 455-593; 596-879; and 881-1131). Defendants produced the packets for the period of May 14, 2025 through May 20, 2025 on May 20, 2025 (Bates 1133-1495; 1407-1570; 1573-1837; 1839-1975; 1977-1998; 200-2282; and 2274-2488).**

Defendants produced the packets for the period of May 21, 2025 on May 22, 2025 (Bates 2490-2634). Defendants will produce the packets for the period May 22, 2025 through May 25, 2025 no later than May 28, 2025. This does not include any NCIC information per the agreement with Plaintiffs' counsel.

**REQUEST FOR PRODUCTION NO. 4:** Docket sheets showing who was scheduled to appear on bond docket on the days for which recordings are produced.

**RESPONSE: Defendants produced the docket sheets for the period of May 9, 2025 through May 13, 2025 on May 14, 2025 (Bates 1-302; 305-452; 455-593; 596-879; and 881-1131). Defendants produced the docket sheets for the period of May 14, 2025 through May 20, 2025 on May 20, 2025 (Bates 1133-1495; 1407-1570; 1573-1837; 1839-1975; 1977-1998; 200-2282; and 2274-2488). Defendants produced the docket sheets for the period of May 21, 2025 on May 22, 2025 (Bates 2490-2634). Defendants will produce the docket sheets for the period May 22, 2025 through May 25, 2025 no later than May 28, 2025.**

**REQUEST FOR PRODUCTION NO. 5:** All bench cards, oral advisement transcripts, and any other written instructions, directives, and training materials for conducting bond docket hearings that have been provided or made available to bond docket judges since March 15, 2025.

**RESPONSE: The Bench Card, Narrative and Order form produced to Plaintiffs on 4/15/2025 via email were circulated to the Special Judges on March 14, 2025 for use. (***See March 15, 2025 Email to Judges with Attached Forms* **(Bates 2636-2640);** *see also Instructions on How to Copy Audio File from Recording to CD* **(Bates 2641-2644);** *Instructions on How to Retrieve a Microsoft Teams MP4 Recording* **(Bates 2645-2649);** *Instructions on Recording Microsoft Teams Meetings with a Room System* **(Bates 2650-2655); and** *Instructions on Zoom H2n Handy Recorder Quick Guide* **(Bates 2656)).**

**REQUEST FOR PRODUCTION NO. 6:** All documents that you may use to support their remedial briefing or at a remedial hearing, including documents it may use to support its responses to the Remedial Interrogatories.

**RESPONSE: A copy of a blank financial questionnaire collected by Court Services and produced to Plaintiffs on March 28, 2025 via email (produced again here as Bates 2657-2658), the Notice given to detainees/defendants at the Jail and produced to Plaintiffs on April 2, 2025 via email (produced again here as Bates 2659-2660), a copy of a Bond Docket Bench Card, Advisement for Arrestees at Bond Docket and Court's Findings for Purposes of Initial Bond Hearing Pursuant to 22 O.S. § 1101 sent via email to Plaintiffs on April 15, 2025 (produced again here as Bates 2661-2665) and all documents produced in**

response to requests for production nos. 1 through 5 may be used in the briefing or at hearing. The documents produced in response to Requests for Production Nos. 2 through 4 are Bates 1-2635. Additionally, documents previously produced in discovery and/or used as exhibits to other motions and responses filed in this case may be used.

**SUPPLEMENT TO RESPONSE:** All documents in response to Requests for Production Nos. 2 through 4 are now produced and are Bates 1-4716.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTEROGATORY NO. 1:** For each of the following possible remedies, describe all technological and/or logistical measures needed for implementation, and a specific computation of monetary expenditures for each measure. You do not need to describe any measures or costs that you will not present in remedial briefing or at a remedial hearing.

a. To create and store audio recordings of bond docket proceedings.

b. To create transcripts of bond docket proceedings by employed or contracted court reporters, including remote court reporters.

c. For bond docket judges to preside in-person at the David L. Moss Criminal Justice Center.

**RESPONSE: Courtrooms are equipped with either (or both) Microsoft Teams and/or a Zoom Handy Recorder. Transcripts of the audio recordings can be made by request to a court reporter at the requester's expense unless a court fund application is made and approved for a disbursement from the court fund.**

**SUPPLEMENT TO RESPONSE: Any person appearing on the bond docket may request a court reporter for their hearing. Should a court reporter not be available, statutes 20 O.S. §§ 106.4 and 106.4a provide the process available.**

**INTEROGATORY NO. 2:** State whether NCIC documents and/or any other categories of documents were withheld from production in response to Remedial Document Request 3, and if so, the dates of the associated bond dockets.

**RESPONSE: NCIC reports were withheld from production; however, during bond docket hearing, if a NCIC report is used, the person(s) representing the defendant had access to the report during the hearing.**

**INTEROGATORY NO. 3:** State whether the documents produced in response to Remedial Document Request 3 and Remedial Interrogatory 4 were made available before and/or during the bond docket to (a) the public defender, (b) the related arrestees, and (c) the related arrestees' private bond docket

attorneys, if any, and, if so, the mechanism(s) used to make them available. You may respond categorically with respect to each category of document (e.g., NCIC report; pretrial services report; arrest report) and recipient (public defender, arrestees, private defense attorneys), and need not respond with respect to each specific document or in relation to each arrestee.

**RESPONSE: Pursuant to Local Criminal Rule 2, the public defender is appointed to represent all persons appearing on the bond docket unless another attorney appears and asserts representation, so each detainee/defendant has access via counsel to documents. Documents which include the financial questionnaire, probable cause affidavit/arrest report and docket sheet are provided to the public defender via email everyday at the same time these documents are provided to the judge and district attorney.**

**SUPPLEMENT TO RESPONSE: If a private attorney appears for a person on the bond docket, the private attorney depending upon where they appear (jail or courthouse) may see copies of the documents provided to the judge, district attorney and public defender by announcing their presence and requesting the documents from any of those three individuals.**

**INTEROGATORY NO. 4:** Identify all witnesses you may present in support of your remedial briefing or at a remedial hearing, including all witnesses you

may use to support each aspect of your responses to the Remedial Interrogatories, and state the subjects on which each witness may testify.

**RESPONSE: At this time, it is unknown whether an evidentiary hearing will be held and what evidence will be needed as Defendants have not seen Plaintiffs' brief regarding what Plaintiffs requested remedies are such that Defendants cannot fully answer this interrogatory until these two things are known. However, persons who may possess information pertinent to the remedies phase are: the Presiding Judge, District Judge Dawn Moody, who has knowledge about the bail order form; the Special Judges and in particular, Special Judge Shannon Taylor; the Chief Court Services Officer, Mary McDonald; the Court Liaison from the Jail; someone from the booking department at the Jail to discuss the notice handed out to the arrestees; someone from the Jail to discuss security and the courtroom in the Jail; an assistant public defender who represents people on the bond docket; someone from AOC to discuss the technology available via the Zoom recorders and MS Teams; an assistant district attorney who participates on the bond docket.**

Respectfully submitted,

*/s/ Stefanie E. Lawson*

**STEFANIE E. LAWSON, OBA#22422**
**ERIN M. MOORE, OBA#20787**
Assistant Attorneys General
OKLAHOMA ATTORNEY GENERAL'S OFFICE
Litigation Division
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 521-3921
Facsimile: (405) 521-4518
stefanie.lawson@oag.ok.gov
erin.moore@oag.ok.gov
*Attorneys for Defendant State Judges*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 20th day of June 2025, a true and correct copy of the foregoing document with document responsive documents was electronically transmitted via email to the following:

Kristina Saleh
Hayley Horowitz
Phoebe Kasdin
Still She Rises, Tulsa
kristinas@stillsherises.org
hayleyh@stillsherises.org
phoebek@stillsherises.org
*Attorneys for Plaintiff*

Alexandria Twinem
Ryan Downer
Civil Rights Corps
alexandria@civilrightscorps.org
ryan@civilrightscorps.org
alexandria@civilrightscorps.org
*Attorneys for Plaintiff*

Allison Holt Ryan
Michelle Kisloff
Gary Yeung
Vassi Iliadis
Hogan Lovells US LLP
allison.holt-ryan@hoganlovells.com
michelle.kisloff@hoganlovells.com
gary.yeung@hoganlovells.com
vassi.iliadis@hoganlovells.com
*Attorneys for Plaintiff*

Douglas Allen Wilson
DA Office Tulsa-900
Doug.wilson@tulsacounty.org
*Attorney for Defendant Regaldo and Board of County Comm of County of Tulsa*

*/s/ Stefanie E. Lawson*

_____
STEFANIE E. LAWSON
ERIN M. MOORE