# 4:18-cv-00298-SPF-JFJ
# Exhibit 4




# Tulsa County District Court
## Bench Card: Judicial Guide to Bond Docket

## SETTING THE BOND

- All new arrestees are constitutionally entitled to an individualized bond setting/hearing within 48 hours of arrest.
- Review Arrest & Booking sheet. If you find probable cause to detain the arrestee for the allegation(s), set a bond amount. If you don't find probable cause, release arrestee.
- In setting the bond, review Defendant's record (on the back of the Arrest and Booking Report (PC Affidavit), if available
- Review the NCIC
- Is the Defendant currently on bond or recently placed on probation?
- What bond can the Defendant afford?
- Does the Defendant pose a danger to himself/herself or others?
- Other Brill factors can be considered if appropriate.

———————————————

- Set a bond you believe is reasonable to ensure the arrestee's appearance back in Court, even if that means requiring no bond and releasing them on a Personal Recognizance bond (PR) or referring them to Pre-Trial Release.

- Court Services has Pre-Trial case workers in the jail during the bond docket who interview arrestees who are possible candidates for pre-trial release. You can refer cases you think are appropriate for them to consider, but they interview all arrestees regardless. The arrestees who are released on Pre Trial bonds are often subject to rules and conditions of pre-trial that must be followed and are conditions of being out on bond.

## BRILL FACTORS

Brill v. Gulrich, 1998 OK CR 49, 965 P.2d 404 (Okla. Cr. 1998)

⇒ Seriousness of the offense – violent/drugs
⇒ Likelihood of conviction – length of punishment vs. probation
⇒ Criminal record – bail history
⇒ On probation or pending cases when arrested
⇒ Reputation – mental condition
⇒ Residence – length, with whom, who will post bond
⇒ Employment history and status – FT or PT
⇒ Responsible family, peers to vouch for Defendant
⇒ Ties to the community, lifestyle
⇒ Risk of failure to appear
⇒ History of drug use

*Brill factors are on the bench in 173 for reference

## AFTER THE DOCKET

- Make sure you've reviewed and signed all PC affidavits indicating whether you've found probable cause or not.
- Return the NCICs to Pre Trial; they should come to pick them up before you leave. If they don't come by, leave them in the black tray on the shelf in the bathroom in the Arraignment Judge's chambers.
- If you have released an arrestee on a Personal Recognizance bond (PR), the jail will bring it to you when they come by to pick up the commitments immediately following the bond docket so you might hang around for about 10 mins.
- Give all the signed Arrest & Booking sheets to the clerk. They will file them in the appropriate tray.
- Leave your copy of the bond docket on the Arraignment Judge's desk.
- Pre Trial will be conducting interviews of those arrestees you have referred to them, along with all other arrestees. They will prepare Pre Trial packets for you to review and approve/decline. These packets will not be ready on the day you are calling the docket but will be ready the following morning. (ie. Saturday cases will be ready Sunday morning. Sunday cases will be ready for the Arraignment Judge Monday morning). Part of the Sunday morning responsibility will be to review the Pre Trial packets from Saturday and anyone who is to be released on a Pre Trial bond, the packet must be signed and given to Pre Trial so the arrestee can be released.

**DEF JUDGES 0093375**



# Tulsa County District Court
## Bench Card: Judicial Guide to Bond Docket

### THINGS TO BE AWARE OF

- **Court Cost Warrants** - anyone in custody on a Failure to Pay/Failure to Appear warrant from the Court Cost docket – immediate release and recognize them to any Tuesday or Friday afternoon at 2pm in room 173 about 6- 8 weeks out.

- **Warrants of Arrest** – you will likely not have the PC affidavit on a warrant of arrest but the clerks can often look it up online. With a warrant of arrest, probable cause has already been determined by the Judge who read the original report and signed the warrant. That judge has also set a bond on the arrest warrant. For bond setting purposes, refer to "Setting the bond" and adjust the bond from the warrant if appropriate.

- **Out of State Governor's Warrants** – Many out of state warrants are booked into jail as "hold without" or "no bond". If there is a warrant from another state attached to the Arrest and Booking sheet that indicates the amount of bond set by the out of state Court, set the bond based on that amount. We do not have jurisdiction to adjust an out of state bond amount if one has been set by the out of state Court. If there is not an amount listed, set a bond based on what you believe would be appropriate for Tulsa County. If someone requests to waive extradition and requests to be transferred to the foreign state, set it on the Arraignment docket the following Monday and the Arraignment judge will handle.

- **Immigration Holds (ICE)** – Pursuant to 22 OS §171.2, for the purpose of determining bond, there is a rebuttable presumption that a person who has not been lawfully admitted to the United States is a flight risk. You must still determine if there is probable case to hold them from the arrest, and you can still set a bond, but the federal hold will prevent them from being released from custody. Oftentimes there is "no bond" unless/until the federal immigration hold is released.

- **Federal or DOC holds** – Similar to Immigration Holds, you must still determine if there is probable case to hold them from the arrest, and you can still set a bond, but the federal hold will prevent them from being released from custody. Oftentimes they are in Tulsa on a writ and are held at "no bond" unless/until the federal hold is released.

- **Felony Apps** – Felony apps are post-adjudication matters that are set by the District Judges. If someone comes in and is on the docket with a Felony app (either by itself or with another charge) the Felony App itself will be set with the District Judge the next business day. Special Judges do not have jurisdiction to adjust the bonds on Felony Apps. If an arrestee has a new charge in addition to the Felony App, review the new charge the same way you would any other matter. Refer to "setting the bond" for the new charge.

- **Misdemeanor Apps** – Have the clerk pull the misdemeanor app and see what it's based on. Frequently they're issued because a Defendant has failed to comply a rule or condition of his/her probation (most commonly-hasn't been reporting to DA supervision, no proof of residency or employment, or non-payment of fees). Sometimes the App is based on a new criminal charge or a failure to complete significant portions of his/her probation. If you feel it's appropriate to PR them on this, that's perfectly fine. If you require a bond, refer to "setting the bond."

- **Failure to Appear Warrants** – set for arraignment with the arraignment date provided by the clerk and the Arraignment Judge will handle. If you feel that a reduction on the bond is appropriate (ie setting it back to the original bond amount) feel free to adjust the bond.

- **Traffic Tickets** – A PR bond may be appropriate for any traffic matter. A Defendant may enter a plea for traffic tickets which have been filed and assigned a case number. Defendants who plea on traffic matters have two weeks to set up a payment plan with cost administration (if necessary)[see 173 on bench for traffic fines]. Traffic matters may be PR'd independent of related additional associated charges (a PR may also be appropriate for the non-traffic associated charges).

- **Specialty Court Warrants** – If a Defendant is in custody due to a specialty court warrant (Veteran's Treatment, Drug Court, etc) do not adjust these bonds. These are post-adjudication cases and a Defendant must "plead in" to take advantage of the program. They are not considered "new matters" for an arrestee and are typically issued due to a violation of a rule or condition of the program itself. You will not likely encounter someone with a specialty court warrant by itself. You'll know a specialty court warrant due to the amount (generally $250,000.00). Set the bond for any accompanying case, but the specialty warrant should stay at the given amount.

**DEF JUDGES 0093376**