4:18-cv-00298-SPF-JFJ
Exhibit 1

## Plaintiffs' Revised Proposed Terms of Injunctive Relief
## Against the Presiding Judge and Sheriff

### Written Notice of Bond Hearing Rights

1.      **The Sheriff shall continue to distribute the Notice of Bond Docket Rights that appears as Exhibit 3 to Plaintiffs' June 20, 2025 Motion for a Remedial Order, in accordance with current jail policy**. Within ten business days of this Order, the Sheriff shall amend the method of distribution of the Notice as follows:

a.  **The Sheriff shall distribute the Notice to all persons booked into the jail with one or more pre-arraignment charges.**

b.  **The Sheriff shall use his best efforts to distribute the Notice at booking as recipients enter the custody of the Tulsa County Jail., at the same time that he distributes the list of bondsmen and explains the list of charges under which the recipient has been booked and the amount of preset bond for each charge.** At the same time, the Sheriff shall provide each recipient, in writing, with the date and time of their scheduled bail hearing. The Sheriff's agent who distributes the Notice and the date and time of the hearing shall orally advise the recipient that they will have a hearing at the date and time indicated in writing, that the purpose of the hearing will be to determine whether they need to stay in jail or can be released, and that the written Notice contains more information about the hearing.

2.      Within 30 days after entry of this Order, the Presiding Judge shall distribute to the Sheriff and Plaintiffs' counsel a revised **written Notice that advises class members, in plain and simple terms, of their right to a bail hearing**, and that:

a. **The purpose of the hearing is to determine whether they will be detained or released while their case proceeds;**

b. They have the right to a lawyer at the hearing and to talk to the lawyer privately before and at any time during the hearing, and the court will appoint a free lawyer if they cannot afford one;

c. At the hearing, they have the right to present evidence and witnesses about relevant facts, including for example, whether:

    i. The bail that has been set for them is more than they can afford, and the amount that they can afford, if any;

    ii. Connections they have to the community that will encourage them to stay in the area and come back to court; and

    iii. The likelihood that they will not be a danger to anyone, including, for example, a lack of recent serious criminal history.

d. If they have family members, neighbors, or other community members who have information to show that they are not a risk to the community and will likely return to court, they may invite those witnesses to come to the jail on the morning of their bond docket to speak with their attorney and determine whether to testify.

e. If a bond is set, the judge must decide whether they can afford the amount, and must tell them what evidence the decision is based on;

f. If the judge assigns a bond that the judge does <u>not</u> find they can pay, the judge must

    i. Explain why releasing them from jail might be dangerous to the community or lead to them missing court; and

2

    ii.  Explain why releasing them with other restrictions—such as requiring them to stay away from certain places or to give up all firearms—would not be good enough ensure the community's safety and their appearance in court.

  g.  They are entitled to a free written summary, written transcript, or audio or audio/video recording of the judge's ruling and explanation, and the process by which they can request and obtain this record.

3.    One week after receiving the form Notice from the Presiding Judge under Paragraph 2 of this order, the Sheriff shall distribute it in the manner prescribed in Paragraph 1, in lieu of the Notice currently being distributed.

<u>Oral Notice of Bond Hearing Rights</u>

**4.    Within ten business days after the entry of this Order, the Presiding Judge shall distribute to the Sheriff, Plaintiffs' counsel, and all judicial officers eligible to preside over bond dockets the Advisement for Arrestees at Bond, as it is found at page 3 of Exhibit 10 to Plaintiffs' June 20, 2025 Motion for Injunctive Relief**, except that the Advisement shall be amended to include, in plain and simple terms, a notice that:

  a.  If a bond is set, the judge must decide whether the person can afford the amount, and must tell them what evidence the decision is based on;

  b.  If the judge assigns a bond that the judge does <u>not</u> find the person can pay, the judge must

    i.  Explain why releasing them from jail might be dangerous to the community or lead to them missing court; and

3

      ii.   Explain why releasing them with other restrictions—such as requiring them to stay away from certain places or to give up all firearms—would not be good enough ensure the community's safety and their appearance in court.

5.     Within two business days of distributing the revised Advisement, and at all times thereafter, **the** Sheriff and **Presiding Judge shall ensure that copies of the Advisement are affixed to any desk or bench at which a judge is anticipated to sit while adjudicating bond hearings**.

Bond Docket Bench Card

6.     **Within three weeks after entry of this order, the Presiding Judge shall distribute to the Sheriff, Plaintiffs' counsel, and all judicial officers eligible to preside over bond dockets the Bond Docket Bench Card that is found at page 2 of Exhibit 10 to Plaintiffs' June 20, 2025 Motion for a Injunctive Relief**, except that the Bench Card shall be amended to specify that:

(a) An attorney cannot waive an arrestee's appearance if the attorney has not advised the arrestee and obtained their informed consent.

(b) A person who cannot afford a bond and is not a flight or safety risk must be given a bond they can afford. If they cannot afford a bond, they must be released on personal recognizance.

(c) A finding that someone can pay "some" amount of bond or has "some resources" is not an adequate ability-to-pay finding. The finding must be based on evidence that the person can afford the specific amount imposed.

4

(d) A person cannot be given a monetary bond and referred to pretrial unless they can afford the bond, or there is no other way to keep the community safe and ensure their appearance. If a person can safely be released on conditions, those conditions must be imposed and an affordable bond set; if the person cannot afford a bond, they must be released on PR.

**7.** Within two business days of distributing the revised Bench Card, and at all times thereafter, **the** Sheriff **and Presiding Judge shall ensure that copies of the Bench Card are affixed to any desk or bench at which a judge is anticipated to sit while adjudicating bond hearings.**

### Bond Hearings Conducted from a Single Location

8. Within 30 days of this Order, the Sheriff and Presiding Judge shall ensure that bond docket proceedings are conducted, absent extenuating circumstances, with the presiding judicial officer physically located in the Tulsa County Jail Courtroom.

9. **The Sheriff shall accommodate in the jail courtroom any attorney who indicates an intent to represent a client or potential client at their bail hearing, for the purpose of effecting that representation.**

10. **The** Sheriff and **Presiding Judge shall maintain a mechanism for witnesses and members of the public to attend bond dockets by audio/video connection.** Within 30 days of this Order, the Sheriff shall also provide a mechanism for witnesses to attend bail hearings either in person in the jailhouse courtroom, or by providing access to a location within the Tulsa County Jail from which the witnesses can appear by audio/video connection. Any witnesses appearing virtually must be able to hear and see, and be heard and seen by, the judge, the arrestee, and the arrestee's attorney. The Presiding Judge and the Sheriff shall publish

prominently on the Tulsa County District Court's and the Sheriff's Office's public websites, respectively, instructions for witnesses to appear, virtually or in person, at bail hearings. The Sheriff shall ensure that up-to-date and accurate instructions remain prominently displayed on the public website of the Sheriff's Office.

11.     If unusual health, security, weather, or other circumstances generally affecting operation of the court, bar, and/or jail make in-person appearances on bond docket by judges, attorneys and witnesses temporarily impossible, the Presiding Judge and Sheriff shall facilitate the virtual appearances of arrestees and attorneys intending to represent them, with the assistance of technology that enables arrestees and their attorneys to see and be seen by, and hear and be heard by, the adjudicator and all attorneys, witnesses, and members of the public appearing at or attending the hearing. In such circumstances, the Presiding Judge and Sheriff shall, with the assistance of technology, enable each arrestee to confer in private and without financial cost with their retained or appointed counsel before and throughout the course of their bail hearing. In the event that extraordinary circumstances require arrestees and/or attorneys to appear at bail hearings virtually, the Presiding Judge and the Sheriff shall publish prominently on the Tulsa County District Court's and the Sheriff's Office's public websites, respectively, instructions for virtual attendance as early as is practicable.

12.     The Presiding Judge shall provide for the creation of audio recordings of all bail hearings conducted in accordance with this order, and their preservation as part of the court's record. The Sheriff shall provide prompt technical support and accommodation and jail access as needed for the Presiding Judge to effectuate this provision. The Presiding Judge shall provide for docket entries to be generated for each class member's bail hearing, that indicate, in addition to the date, time and outcome of the bail hearing, that an audio recording was made of the

6

proceedings, and the process by which the arrestee, their attorney, or any other member of the public can obtain the transcript or recording promptly and without charge, if applicable. The requirements in this paragraph shall be implemented within 30 days of this Order's entry.