IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD FELTZ and ASHTON LEE DENNIS, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>-vs-<br><br>VIC REGALADO, Tulsa County Sheriff, in his Official Capacity, et al.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 18-cv-0298-SPF-JFJ<br>)<br>)<br>)<br>)<br>)<br>) |

**FINAL ORDER GRANTING DECLARATORY AND INJUNCTIVE RELIEF**

In accordance with the court's rulings on the motions for summary judgment, doc. no. 397[1] and the memorandum filed on this date (doc. no. 447), the court grants declaratory and injunctive relief as set forth in this final order, which is entered as a final judgment pursuant to Rule 54, Fed.R.Civ.P.

**DECLARATORY RELIEF**

The prerequisites to declaratory relief, as specified in the Declaratory Judgment Act, 28 U.S.C. § 2201(a), are satisfied. Accordingly, the court grants declaratory relief as set forth below.

The court determines and declares:

1. Class members (*e.g.*, arrestees who are subject to criminal proceedings in the District Court of Tulsa County, Oklahoma, herein referred to for convenience as

---

[1] Reported as Feltz v. Regalado, 751 F.Supp. 1198 (N.D.Okla. 2024).

arrestees") are entitled to detention[2] hearings conducted in accordance with the determinations set forth below.

2. Consonant with arrestees' right, under the Due Process Clause of the Fourteenth Amendment, to notice and hearing, Tulsa County arrestees (whether detained on an arrest warrant or otherwise) are entitled to notification, promptly at the time of processing into the jail, of their rights with respect to the release vs. detention determination, including, in substance, the following:

   a. The right to a detention hearing.
   b. Their right to representation by counsel in connection with the court's determination of whether they will be detained pending trial.
   c. The right to consult with counsel privately before and during the hearing.
   d. The right to provide information to counsel and the court (by way of testimony of witnesses or otherwise) that may be relevant to the court's determination of whether they will be detained pending trial.
   e. The right to testify at the detention hearing.
   f. The right not to be detained pending trial for failure to meet financial conditions imposed by the court unless the court determines that pretrial detention is necessary in order to reasonably assure the safety of the community or to reasonably assure the arrestee's appearance as required.

3. At detention hearings, class members are entitled to present relevant evidence, including testimony of witnesses, bearing on the release vs. detention issues before the court. Correspondingly, the defendants are obligated to provide physical arrangements (including audio-visual systems and equipment) to facilitate the appearance of witnesses in a secure setting. The physical arrangements (including audio-visual systems and equipment) for detention

---

[2] In this order and the accompanying memorandum, the court uses the "detention hearing" terminology (rather than "bond hearing"). The two terms have been used interchangeably in this case.

hearings in the District Court of Tulsa County must (i) enable arrestees and their counsel to clearly see and hear all hearing participants, including the presiding judge, the prosecutor, defense counsel, witnesses and other persons who speak (or otherwise provide information) during the hearing with respect to any matter touching on the issue of release or detention, and (ii) enable witnesses to clearly see and hear the judge, the arrestee, the prosecutor and defense counsel. The direct responsibility for providing a secure setting for presentation of live testimony of detention hearing witnesses rests with the Sheriff if testimony is presented from the jail facility and will rest collectively with all defendants if testimony is presented from a courtroom in the courthouse.

4. For the purpose of facilitating review of detention-related decisions with respect to Tulsa County arrestees, audio recordings of detention hearings must be made (without the necessity of a request from the arrestee or his counsel) and retained (as official records, available for review purposes, whether or not transcribed) with equipment and in a format which will enable the preparation of complete and accurate transcripts of detention hearing proceedings.

5. The deprivation of a Tulsa County arrestee's freedom pending trial due to inability to satisfy court-imposed financial requirements (*e.g.*, the posting of an unaffordable bond) would violate the Fourteenth Amendment unless a detention hearing is validly (*e.g.*, knowingly and voluntarily) waived or there has been a judicial finding, by way of an individualized determination after notice and hearing, (i) that detention is necessary in order to reasonably assure the safety of the community or to reasonably assure the arrestee's appearance as required, and (ii) that alternative noncustodial release conditions will not suffice to reasonably assure the safety of the community or to reasonably assure the arrestee's appearance as required. A waiver may be found on the basis of a statement to the court by an attorney only if that attorney has an attorney-client relationship

3

with the arrestee and either (i) represents to the court that his client has authorized him to announce the waiver, or (ii) the circumstances otherwise make it plain that the attorney in fact has the client's authorization to announce the waiver.

6. The detention hearing to which a Tulsa County arrestee is entitled under the Fourteenth Amendment must:

    a. Enable the participants to see and hear each other as set forth in paragraph 3, above.
    b. Provide meaningful consideration, and an individualized determination, of the issue of release vs. detention.
    c. Provide meaningful consideration of alternative conditions which may make detention unnecessary.
    d. Provide the arrestee the opportunity to present evidence, including testimony of witnesses.

7. Tulsa County arrestees are entitled to specific findings as to financial ability to comply with a secured bond requirement. If the court finds that the arrestee is unable to comply with a secured bond requirement, with the result that the court's detention hearing ruling amounts to a de facto order of detention, the arrestee is entitled to findings as to the reasons for which other release conditions (such as location monitoring, non-contact orders, and similar protective conditions) would not suffice to reasonably assure the safety of the community or to reasonably assure the arrestee's appearance as required.

8. The burden of proof (*e.g.*, the risk of non-persuasion) is on the State to prove that detention is necessary in order to reasonably assure the safety of the community or to reasonably assure the arrestee's appearance as required, and that less restrictive alternative conditions will not suffice.

_____

For the purpose of carrying into effect, if that should be necessary, the declaratory relief granted in this order, the court retains jurisdiction to grant, after

notice and hearing, "[f]urther necessary or proper relief," as provided in 28 U.S.C. § 2202.³

## INJUNCTIVE RELIEF

The defendants and all persons within the ambit of Rule 65(d)(2), Fed.R.Civ.P., are **ENJOINED** from detaining, or ordering or facilitating the detention of, class members (including individuals arrested on warrants) due to inability to satisfy court-imposed financial requirements unless a detention hearing is validly waived or there have been express, recorded and reviewable judicial findings, after notice and hearing, (i) that detention is necessary in order to reasonably assure the safety of the community or to reasonably assure the arrestee's appearance as required, and (ii) that alternative conditions would be insufficient to reasonably assure the safety of the community or to reasonably assure the arrestee's appearance as required.

DATED this 12th day of January, 2026.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0298p051.docx

---

³ It is the court's firm expectation that before any relief is sought pursuant to 28 U.S.C. § 2202, representatives of the aggrieved parties and the allegedly offending parties will meet and confer in good faith with a view to resolving the matter without the necessity of judicial intervention.