## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD FELTZ and ASHTON DENNIS, on behalf of themselves and all others similarly situated, <br><br>    *Plaintiffs*, <br><br> v. <br><br> VIC REGALADO, Tulsa County Sheriff, in his Official Capacity, *et al*., <br><br>    *Defendants*. | Case No. 18-CV-0298-SPF-JFJ |

## PLAINTIFFS' MOTION TO AMEND THE COURT'S FINAL ORDER AND JUDGMENT

Plaintiffs Richard Feltz and Ashton Dennis, on behalf of themselves and the certified class, move, under Federal Rule of Civil Procedure 59(e) and the Court's inherent authority, to amend the Final Order and Judgment entered on January 12, 2026, Doc. No. 448. Plaintiffs move to amend the Order for two reasons. First, Plaintiffs move to include two items of declaratory relief that are not specified in the final order, but which the Court found Plaintiffs entitled to in its April 3, 2024 summary judgment order, Doc. No. 397, and its January 12, 2026 memorandum order regarding relief, Doc. No. 447. Second, Plaintiffs move to amend the injunctive relief imposed, to ensure that it does not violate 42 U.S.C. § 1983's limitations on injunctions against judicial actions and that it clearly defines the scope of defendants' obligations. Plaintiffs ask that the Court adopt the modifications to the Final Order reflected in Exhibit A, which shows the proposed changes tracked. Concurrent with filing this motion, Plaintiffs will submit to the Court by email a clean version of Exhibit A as a proposed order.

1

## I.      Legal Standard

Rule 59(e) authorizes the Court, if asked within 28 days of judgment, to "reconsider[] matters properly encompassed in [the Court's] decision on the merits." *Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997) (internal quotation marks omitted). Under Rule 59(e), the Court may reconsider aspects of its ruling that "misapprehended the facts, a party's position, or the controlling law." *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009). In addition, "the federal courts have an inherent equitable power to modify a continuing decree of injunction." *Ridley v. Phillips Petroleum Co.*, 427 F.2d 19, 23 (10th Cir. 1970).

Rulings to amend an equitable order under Rule 59(e) or the Court's inherent authority are reviewed for an abuse of discretion and will not be reversed absent "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Barber ex rel. Barber*, 562 F.3d at 1228 (internal quotation marks omitted) (Rule 59(e)); *see also Ridley*, 427 F.2d at 23 (inherent authority).

## II.     The Court Should Amend the Declaration to Include Two Overlooked Provisions

The Court's orders make clear that Plaintiffs are entitled to two items of relief that they have requested, but that may have been overlooked during the complex process of crafting the final order: declarations that detention hearings must occur within 48 hours of arrest, *see* Ex. A at 4 ¶ 6(e), and that class members are entitled to access to counsel at their hearings, *id*. at 4-5 ¶ 9.

When ruling on summary judgment, the Court held that arrestees must be "given a due process-compliant hearing within 48 hours" of arrest. Doc. No. 397 at 61; *see also id*. at 65. However, this requirement that detention hearings be held promptly—within 48 hours, absent unusual circumstances—is not reflected in the Court's final order. *Compare*, *generally*, Doc. No.

448 with Ex. A at 4 ¶ 6(e). Inclusion is important because, although the defendants maintain a local rule requiring hearings within 48 hours of arrest, they have, throughout litigation and at times since the adoption of that rule, maintained bond docket schedules that routinely preclude class members from appearing for detention hearings within 48 hours of arrest. *See* Sum. J. Order, Doc. No. 397, at 10-11. Plaintiffs therefore request that the Court amend the Final Order to declare that detention hearings must "[o]ccur promptly after arrest, within 48 hours absent unusual circumstances." Ex. A. at 4 ¶ 6(e).

In its summary judgment ruling, the Court also emphasized the need for class members to be represented by counsel at detention hearings, including "an opportunity to communicate effectively with counsel." *Id*. at 54. The Court reiterated this element of a constitutionally compliant hearing in its memorandum order accompanying its final order of relief. Doc. 447 at 8-10. The Final Order states that class members must be advised of their right to counsel, *see* Doc. No. 448 at 2 ¶ 2(b), (c), and that defense counsel must be seen and heard during the hearings, *id*. at ¶ 3, but it does not state the more fundamental requirement that class members be represented by counsel if they wish and be able to meaningfully communicate with counsel. *Compare generally* Doc. No. 448 with Ex. A at 4-5 ¶ 9.  Plaintiffs recognize—and do not seek to relitigate here—that the Court expressly declined to issue an injunction regarding access to counsel, *see* Doc. No. 447, but Plaintiffs are unsure whether the Court deliberately or inadvertently omitted a *declaration* that access to counsel is required. If the former, Plaintiffs ask for a declaration because, even after adoption of a local rule providing for representation by counsel at detention hearings, defendants have, periodically and for long stretches of time, conducted hearings without allowing class members to meet with—or even, at times, see or hear—the defense attorneys purportedly representing them. *See* Sum. J. Order at 12-13. Plaintiffs

therefore ask that the Court amend the Final Order to provide that class members "are entitled to counsel at detention hearings in connection with the court's determination of whether they will be detained pending trial, including an opportunity to communicate effectively and confidentially with counsel before and during the hearings. If class members are unable to afford counsel, they are entitled to the appointment of counsel." Ex. A. at 4-5 ¶ 9.

### III.    The Court Should Amend the Injunctive Relief to Exclude Judicial Acts and Clarify the Scope of Defendants' Obligations

The legal obligations that the Final Order's injunction describes are aligned with the Court's substantive rulings, and Plaintiffs have no objection to the injunction's substance. *See* Doc. No. 448 at 5. However, Plaintiffs are concerned by the form of the Final Order's injunction for two reasons. First, it could be read to enjoin judicial acts in violation of 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").  And second, it prohibits "facilitating" unlawful detention, without making the meaning and scope of that term entirely clear. Doc. No. 488 at 5; *see also* Fed. R. Civ. P. 65(d)(1)(B) & (C) (injunction must "state its terms specifically," and "describe in reasonable detail . . . the act or acts restrained or required).

Plaintiffs therefore request an injunction that (1) is clearly limited to the Sheriff and Presiding Judge—excluding the Special Judges who conduct detention hearings—and to non-judicial action, and (2) makes clear that defendants violate the prohibition against "facilitating" unlawful detention if they fail to maintain a system that provides for the procedures and findings required by the Declaration before class members can be detained for failure to pay monetary conditions of release, *id*. at 6. To achieve the latter, Plaintiffs propose adding to the injunction the following language:

Defendants will be deemed to facilitate detentions in violation of this Order if they fail to provide and maintain the infrastructure, policies, and procedures necessary to ensure that class members are not detained due to the inability to satisfy court-imposed financial requirements without the findings and procedures set forth in the Declaratory Judgment part of this Order.

*Id*.

Plaintiffs are mindful of the Court's care to avoid "undue intrusion" into the defendants' operation of their respective government agencies, Doc. No. 447 at 4, and, accordingly, its unwillingness to adopt, at this time, detailed instructions for conducting detention hearings. Plaintiffs are also mindful, however, than an injunction must be sufficiently specific to "prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1243 (10th Cir. 2001) (internal quotation marks omitted).

Plaintiffs' proposed amendments to the Final Order's language strike a workable balance between "an injunction that will allow the [defendants] maximum latitude in formulating [practices], while at the same time making the injunction sufficiently specific" as to the scope of defendants' responsibilities. *Keyes v. School District No. 1, Denver Colo.*, 895 F.2d 659, 669 (10th Cir. 1990). It makes clear that the Presiding Judge and Sheriff must maintain a system for detention hearings that satisfies the terms of the Declaration, without prescribing the precise administrative measures defendants must take to achieve that outcome. *See M.G. through Garcia v. Armijo*, 117 F.4th 1230, 1249 (10th Cir. 2024) (preliminary injunction "order[ing defendant] to solve a complex problem . . . without providing any concrete instructions for accomplishing the task" was proper, where court aimed to provide flexibility, and enjoined party had greatest access to "information needed to make the order specific in form"); *Reliance Ins. Co. v. Mast Const. Co.*, 159 F.3d 1311, 1316 (10th Cir. 1998) (injunction should describe "enjoined conduct . . . in

reasonable, not excessive, detail," that makes clear the scope of defendants' obligations "[w]hen read in light of the injunctive order as a whole").

## IV.    Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion to amend and clarify the Final Order and enter a new order that incorporates the changes reflected in Plaintiffs' proposed amended order, as shown in Exhibit A.


Dated: February 9, 2026


Respectfully Submitted,

/s/ Hayley Horowitz
Hayley Horowitz
Phoebe Kasdin
Still She Rises, Inc.
608 E. 46th Street North
Tulsa, OK 74126
hayleyh@stillsherises.org
phoebek@stillsherises.org
918-392-0867

*Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing document and Exhibit A was served on February 9, 2026 via the Northern District of Oklahoma CM-ECF system upon all counsel of record.

*/s/ Hayley Horowitz*