IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD FELTZ and ASHTON LEE DENNIS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VIC REGALADO, *et al.,*<br><br>Defendants. | Case No. 18-cv-298-SPF-JFJ |

**DEFENDANT STATE JUDGES' RESPONSE TO PLAINTIFFS'
MOTION TO AMEND THE COURT'S FINAL ORDER AND JUDGMENT**

Defendant State Judges, by and through undersigned counsel, offer the following response to Plaintiffs' Motion to Amend the Court's Final Order and Judgment filed on February 9, 2026. [Doc. 455]. Defendant State Judges urge this Court to grant the Motion in part as only the request to remove the Special Judges from the injunctive relief meets the high burden of a Rule 59(e) motion. In support of this position, Defendant State Judges show the Court the following:

**STANDARD OF REVIEW**

A court may grant a Rule 59(e) motion only on limited grounds. *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000) (holding that Rule 59(e) motions "should be granted only to correct manifest errors of law or to present newly discovered evidence"). The grounds for reconsideration are typically described as (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Rule 59(e) motions are not appropriate for the purpose of revisiting issues already considered or arguing matters not raised in prior briefs. *Servants of Paraclete*, 204 F.3d at 1012.

Thus, a party may not move under Rule 59(e) to rehash previously rejected arguments or to offer new legal theories or facts. *Achey v. Linn County Bank*, 174 F.R.D. 489, 490 (D. Kan. 1997).

Rule 59(e) motions will not be granted absent "highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). The purpose of Rule 59(e) is to provide the district court with a means of correcting errors that may have "crept into the proceedings," while the court still holds jurisdiction over the case. *See Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007). "[F]ederal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits." *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 451 (1982). This sort of reconsideration of a judgment is an extraordinary remedy and is used only sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also* 11 Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2810.1 n.13 (3d ed. 2025).

A district court's decision on a Rule 59(e) motion is reviewed for abuse of discretion. *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019).

Here, Plaintiffs rely upon *Ridley v. Phillips Petroleum Co.* for support of their requested modifications. 427 F.2d 19 (10th Cir. 1970). *See* [Doc. 455 at p. 2]. *Ridley* held "the requested change should be approached with caution and a strong showing is required [by the movant] of new conditions and circumstances making the original injunction oppressive." *Id.* at 22.

## ARGUMENT AND AUTHORITY

**PROPOSITION I: AT THIS TIME, SPECIAL JUDGES CANNOT BE ENJOINED SUCH THAT THERE IS CLEAR ERROR IN THE INJUNCTION.**

42 U.S.C. § 1983 specifically provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

2

> thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.* For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(emphasis added).

When addressing claims against judicial defendants acting in their judicial capacity, this statute clearly limits the use of injunctive relief. The plain language of the statute supports Plaintiffs' position that the Special Judges should not be the subject of an injunction at this time. Therefore, Defendant State Judges support Plaintiffs' request to remove Special Judges from the injunction.

**PROPOSITION II: PLAINTIFFS INVITED ERROR INTO THE INJUNCTION LANGUAGE WITH THEIR PROPOSED INJUNCTION.**

Generally, "the invited error doctrine . . . prevents a party from inducing action by a court and later seeking reversal on the ground that the requested action was in error." *See United States v. Lopez-Medina*, 596 F.3d 716, 733 n.10 (10th Cir. 2010). This doctrine has been applied in the context of a Rule 59(a) motion. *See Dickson Industries, Inc. v. Patent Enforcement Team, LLC*, No. CIV-02-0467-HE, 2008 WL 11337615, *1 (W.D. Okla. April 3, 2008) ("Because of the invited-error doctrine or, potentially, the doctrine of waiver, defendant cannot now complain that the court adopted an instruction that is functionally equivalent to one that it requested.").

In the Final Order Granting Declaratory and Injunctive Relief, the Court included the following language:

> The defendants and all persons within the ambit of Rule 65(d)(2), Fed.R.Civ.P., are **ENJOINED** from detaining, or ordering or facilitating the detention of, class members (including individuals arrested on warrants) due to inability to satisfy court-imposed financial requirements . . . .

3

[Doc. 448 p. 5].

On May 28, 2023, Plaintiffs filed their Motion for Summary Judgment and included as an exhibit their proposed declaratory and injunctive relief. [Doc. 368 p. 5-9]. Plaintiffs' proposed injunction contained the following language:

> The Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution prohibit issuance or enforcement of, and the Tulsa County Sheriff and Tulsa County Presiding Judge are hereby ENJOINED from **issuing or enforcing**, any secured financial condition of release upon an individual who has not received a prompt hearing on pretrial release conditions at which a judicial officer provided, at a minimum, the procedural and substantive safeguards …..

[Doc. 368 p. 6-7 (emphasis added)].

The language in these two documents, "from issuing or enforcing" and "from detaining, or ordering or facilitating," is functionally equivalent as both require the Presiding Judge to act judicially. The Presiding Judge was sued in his administrative capacity, and any injunction issued may only address administrative acts.[1] However, Plaintiffs invited this error into the injunction when they proposed functionally equivalent judicial action by the Presiding Judge in their proposed judgment attached to their motion for summary judgment. Plaintiffs cannot now complain about the injunction in this Rule 59(e) motion. Therefore, Section III of the motion, with the exception of any argument addressing removal of the Special Judges, should be denied.

**PROPOSITION III: PLAINTIFFS HAVE NOT MET THEIR HIGH BURDEN FOR THE REMAINING REQUESTS FOR AMENDMENT/MODIFICATION.**

---

[1] Defendant Presiding Judge does not waive any argument as to the overall propriety of any injunction issued in this matter in this response as that issue would be a re-hashing of already briefed and decided issues such that they would not meet the Rule 59(e) standard. Therefore, those issues may only be addressed on appeal.

Plaintiffs do not identify what type of error they believe the Court committed under Rule 59(e) when requesting relief under Section II of their Motion. This lapse creates difficulty with how to respond to their argument as the legal basis is not identified. However, neither the first nor second category allowing correction under Rule 59(e) appear applicable as no change in controlling law or new evidence is cited in the Motion. The *Ridley* standard also appears to be similar to the new evidence category. *See Servants of the Paraclete*, 204 F.3d at 1012. Therefore, the third category, "need to correct clear error or prevent manifest injustice," *see id.*, remains the only logical type of error being claimed by Plaintiffs. Plaintiffs have not met the high burden for extraordinary relief under Rule 59(e). *See Templet*, 367 F.3d at 479; *see also* 11 Fed. Prac. & Proc. Civ. § 2810.1 n.13.

The argument in Section II indirectly seeks to rehash two issues (timing of hearings and appointment of counsel) that had been previously briefed before the Memorandum and Final Order were issued. [*See* Docs. 401 at p. 5-7 and 403 at p. 17-18]. The timing of the hearings was addressed extensively in the summary judgment briefing. Also, Local Rule 2 provides for the timing, ("within 48 hours of being confined to the David L. Moss Criminal Justice Center," *see* Doc. 365-4 at p. 2), and no ruling on the constitutionality of Local Rule 2 was made. Further, Plaintiffs do not reference the extensive discussion of how the public defenders control their preparedness and presence in the jail made by the Court in the Memorandum issued in conjunction with the Final Order. *See* [Doc. 447 at p. 8-9]. The omission of these requested declarations by the

Court in the Final Order against the Presiding Judge and Special Judges[2] seems completely consistent as the timing of the hearings has been set forth in Local Rule 2 and the public defenders have been appointed by Local Rule 2. The Local Rule became effective August 22, 2019. Again, previous briefing on these issues shows this Motion attempts to merely rehash those issues. *See* [Docs. 365-4 at p. 2; 428 at p. 13-14; and 430 at p. 21-24]. Therefore, the Motion should be denied as to Section II.

## CONCLUSION

For the reasons set forth above, State Judge Defendants respectfully ask that this Court grant Plaintiffs' Motion only in part to remove the Special Judges from the injunction and deny the remaining requested relief.

Respectfully submitted,

*s/Erin M. Moore*
**ERIN M. MOORE, OBA #20787**
**DEVAN A. PEDERSON, OBA #16576**
**JACY SULLIVAN, OBA #33858**
*Assistant Attorneys General*
OKLAHOMA ATTORNEY GENERAL'S OFFICE
313 NE 21st Street
Oklahoma City, OK 73105
T: (405) 521-3921 | F: (405) 521-4518
erin.moore@oag.ok.gov
devan.pederaon@oag.ok.gov
jacy.sullivan@oag.ok.gov
*Attorneys for Defendant State Judges*

---

[2] The Presiding Judge does not waive any argument about the propriety of the declaratory relief that is presumably against him even though there are declarations addressing judicial decision making and the Presiding Judge was sued in his administrative capacity only. The Special Judges do not address the declarations already entered as the response would be re-hashing previously raised arguments which do not meet the Rule 59(e) standard. Therefore, Defendant State Judges will address any issues on appeal.

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of March, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and I further certify that on this date a true and correct copy of the foregoing was served via the ECF System to all counsel who are ECF registrants.

*s/Erin M. Moore*
Erin M. Moore