**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

RICHARD FELTZ and ASHTON DENNIS, on behalf of themselves and all others similarly situated,

        *Plaintiffs*,

v.

VIC REGALADO, Tulsa County Sheriff, in his Official Capacity, *et al.*,

        *Defendants*.

Case No. 18-CV-0298-SPF-JFJ

## PLAINTIFFS' REPLY TO JUDICIAL DEFENDANTS' RESPONSE TO MOTION TO AMEND FINAL ORDER

Plaintiffs have requested four amendments to the Court's final order. Doc. 455 (Pls.' Mot. to Amend); *see* also Doc. 448 (Final Order). Judicial Defendants agree with one of them, which should therefore be granted. Doc. 458 (Judges' Resp.) at 2-3. Judicial Defendants oppose the other three on strictly procedural grounds, arguing that they are improperly requested. *Id*. at 3-6. Their procedural arguments are wrong. The Court has the authority to make each of the requested modifications, which it should do, as Judicial Defendants do not dispute that they would more clearly and precisely set out defendants' obligations as articulated in the Court's prior memoranda orders. *See* Doc. 397 (Sum. J. Order); Doc. 447 (Mem. on Final Order).

### I.    Excluding Special Judges from the Injunction

Judicial Defendants agree that the injunction should be modified to exclude the special judges, who were sued solely in their judicial capacity. *See* Judges' Resp., Doc. 458 at 2-3. That aspect of Plaintiffs' motion should therefore be granted.

1

## II.    Clarifying the Injunction's Scope

The Presiding Judge does not take issue with Plaintiffs' request to clarify the scope of his obligations under the injunction, arguing only that Plaintiffs are estopped from requesting clarification. Doc. 458 (Judges' Resp.) at 3-4. The argument rests on the inapt "invited error doctrine," which has no application to Plaintiffs' request for a simple clarification of the Court's ruling. As the Judicial Defendants explain, the doctrine prevents parties from obtaining costly and disruptive do-overs—by either setting aside judgments on appeal or obtaining new trials under Rule 59(a)—based on a position the party itself urged the court to adopt. Doc. 458 (Judges' Resp.) at 3 (citing *United States v. Lopez-Medina*, 569 F.3d 716, 733 n.10 (10th Cir. 2010) (applying doctrine on appeal)); *Dickson Industries, Inc. v. Patent Enforcement Team, LLC*, No. CIV-02-0467-HE, 2008 WL 11337615, *1 (W.D. Okla. April 3, 2008) (applying doctrine on Rule 59(a) motion)). Plaintiffs are not seeking new proceedings. They ask the court to clarify its injunction in a routine exercise of its continuing authority to interpret and enforce its own orders.

Even if the doctrine applied in this situation, Plaintiffs did not create the ambiguity they seek to clarify. The injunction prohibits Defendants from "facilitating" unlawful detention. Doc. 448 (Final Order) at 5. Plaintiffs ask for language clarifying that "facilitating" unlawful detention means failing to maintain systems that provide the protections articulated in the Court's declaratory judgment. Doc. 455 (Pls.' Mot. to Amend) at 4-5. Plaintiffs never requested an injunction with the phrase "facilitating . . . detention." *See* Doc. 458 (Judges' Resp.) at 4 (quoting Plaintiffs' prior request for relief, which does not contain the word).

In their June 20, 2025 request for an injunction, Plaintiffs requested that Defendants be ordered to adopt a number of specific measures to ensure against systematically facilitating unlawful detentions. *See* Doc. 421-1 (Pls.' Proposed Injunction). For example, Plaintiffs asked

2

the court to specify the required content and adoption procedures for notices, bench cards and order forms. *See generally id*. The Court rejected Plaintiffs' request for such specific injunctive terms to avoid "undue intrusion" into defendants' operations. Doc. 447 (Mem. on Final Order) at 4. Plaintiffs do not ask the Court to reconsider that decision, but only to clarify the language that the Court adopted instead. Judicial Defendants do not dispute that Plaintiffs' new proposal will clarify what it means to facilitate unlawful detention while avoiding micromanaging Defendants' operations.

### III. Correcting Two Potential Oversights in the Declaration

Plaintiffs request two amendments to the declaration, which Judicial Defendants object to on strictly procedural grounds, based on a mischaracterization of Plaintiffs' argument. Plaintiffs observed that the Court's earlier rulings articulated two aspects of a constitutional detention scheme that were not included in the Court's final declaration: hearings within 48 hours and representation by counsel. Doc. 455 (Pls.' Mot. to Amend) at 2-4. Plaintiffs requested that these items be added to the declaration if their omission was a result of oversight.

Judicial Defendants have no substantive opposition to the request, arguing only that it is not properly made in a Rule 59(e) motion. However, Judicial Defendants agree that a court may modify its judgment "to correct clear error," Doc. 458 (Judges' Resp.) at 5 (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)), and a final judgment based on a court's failure to consider all relevant matters due to "an oversight" constitutes "clear error." *Hill v. Long*, No. 22-1207, 2023 WL 5695666, at *3 (10th Cir. Sept. 5, 2023); *see also Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011)("The motion appears to be properly characterized as a Rule 59(e) motion,

because Plaintiff claimed the district court overlooked . . . the facts." (internal quotation marks omitted)).

Judicial Defendants incorrectly accuse Plaintiffs of seeking to "rehash [the] two issues" and failing to "reference the extensive discussion" of them in the Court's memoranda. Doc. 458 (Judges' Resp.) at 5. To the contrary, Plaintiffs not only cite but rely on the Court's prior adjudication of these two issues. *See* Doc. 455 (Pls.' Mot. to Amend) at 2-3 (citing Doc. 397 (Sum. J. Order) at 10-11), 447 (Mem. on Final Order) at 8-10. Plaintiffs observe that the Court's rulings on these issues in Plaintiffs' favor did not translate into specific items of declaratory relief and ask the Court to correct this if it was an error and not a deliberate decision. *Id*. at 3.[1] Judicial Defendants argue against rehashing prior rulings, which is not something Plaintiffs seek. Judicial Defendants do not dispute Plaintiffs' reading of the Court's prior rulings regarding the need for prompt hearings and access to counsel; nor do they dispute the propriety of the Court correcting an oversight if there was one.

### IV.   Conclusion

On consent of the parties, the final order should be amended to remove the Special Judges from the injunction's scope. It should also be amended to add any items of declaratory relief that were overlooked, and to clarify the scope of the enjoined defendants not to "facilitate" unlawful detentions. Modification to clarify an injunction's scope and embody the entirety of the Court's conclusions is well within the Court's authority and will reduce the potential for uncertainty. Accordingly, Plaintiffs' motion should be granted in its entirety.

---

[1] Plaintiffs' opening brief contains a typo when it states: " . . . Plaintiffs are unsure whether the Court deliberately or inadvertently omitted [the requested items of declaratory relief]. If the **former**, Plaintiffs ask for a declaration . . . ." Doc. 455 (Pls.' mot to amend) at 3 (emphasis added). Plaintiffs meant the "latter," *i.e.*, Plaintiffs seek a modification of the order if the omission was inadvertent, and do not seek to relitigate the issue if the omission was deliberate.

Dated: March 16, 2026

Respectfully Submitted,
/s/ Hayley Horowitz
Hayley Horowitz
Phoebe Kasdin
Still She Rises, Inc.
608 E. 46th Street North
Tulsa, OK 74126
hayleyh@stillsherises.org
phoebek@stillsherises.org
918-392-0867
*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on March 16, 2026 via the Northern District of Oklahoma CM-ECF system upon all counsel of record.

*/s/ Hayley Horowitz*