**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

RICHARD FELTZ and ASHTON LEE
DENNIS, on behalf of themselves and all
others similarly situated,

        Plaintiffs,

v.

VIC REGALADO, *et al.,*

        Defendants.

**Case No. 18-cv-298-SPF-JFJ**

**MEMORANDUM OF LAW IN SUPPORT OF LAMONT ROYSTON JR.'S MOTION TO
INTERVENE**

Lamont Royston, Jr. moves to intervene as a matter of right under Federal Rule of Civil
Procedure 24(a) or, in the alternative, for permissive intervention under Rule 24(b). Mr. Royston
is a member of the certified class. He requests intervention to guard against any possibility that
his interests in defending and/or pursuing an appeal from the Court's final judgment will be
impaired or impeded in light of the Motion to Withdraw that has been filed, advising the Court
that one of the current named plaintiffs is no longer in contact with class counsel and is therefore
likely unavailable to represent the interests of the class on appeal. *See* Dkt. 468.

Plaintiffs join Mr. Royston's request to allow intervention. Mr. Royston does not know
defendants' position. Undersigned counsel emailed defendants' attorneys to seek their position as
soon as the motion was prepared, but has not yet received a response. Defendants have not had a
meaningful opportunity to respond to the email, but Mr. Royston files his motion without
awaiting a response because of the transitory nature of their claims, which will be mooted if the
filing is delayed.

1

## I.      Mr. Royston Is a Member of the Certified Class

Mr. Royston is a member of the certified class. As set forth in Mr. Royston's Declaration, attached as Exhibit A, he was arrested on June 2, 2026 in connection with the alleged possession of a firearm. Upon arrest he was taken to the Tulsa County Jail. He does not recall being advised of his booking as to whether he had been assigned a monetary bond or its amount but has since learned that he is being detained on a $20,00 bond. No one at the jail asked if he could afford to pay that amount. He cannot. He therefore remains in jail as of the filing of this motion. He is not represented by an attorney in connection with the criminal matter and cannot afford to hire one.

The class certified in this case consists of:

> All people who are or will be detained prior to their initial arraignment in the Tulsa County Jail because they are unable to pay a secured financial condition of release.

*See* Dkt. 357 at 21. Mr. Royston is detained in the Tulsa County Jail prior to his initial arraignment because he is unable to pay the secured financial conditions of release that were set for him. He is therefore a member of the certified class.

## II.      Mr. Royston's Interests Are at Risk of Impairment if He Does Not Intervene

As a member of the class, Mr. Royston has an interest in seeing favorable rulings of this Court defended on appeal and/or pursuing an appeal of unfavorable rulings. Relevant rulings include the April 3, 2024, order granting in part and denying in part Plaintiffs' Motion for Summary Judgment, Dkt. 397; the January 12, 2026, order granting in part and denying in part Plaintiffs' requested relief and entering a final order providing declaratory and injunctive relief, Dkts. 447, 448; and the May 12, 2026, order granting in part and denying in part Plaintiffs' motion to amend the final order, Dkts. 463, 464. The deadline to appeal these rulings is June 11, 2026, 30 days after entry of the amended order. *See* Fed. R. App. P. 4(a).

2

On June 2, 2026, class counsel filed a motion to withdraw from representing Ashton Dennis, one of the two current named plaintiffs. The motion advises that Mr. Dennis has not been in communication with class counsel about whether to defend or pursue an appeal, and that class counsel anticipates being unable to represent Mr. Dennis as a named plaintiff in any further proceedings, including appellate proceedings. Mr. Dennis's absence raises concerns that the interests of Mr. Royston and all other class members, may be impaired. *See* Dkt. 486.

Mr. Feltz remains an active class representative, who is fully capable of representing class members' interests. However, defendants have previously challenged Mr. Feltz's fitness as a class representative. On April 2, 2020, judicial defendants moved to dismiss this action, arguing that Mr. Feltz's claims were moot in light of changes they made to their pretrial detention practices after the case was filed. Dkt. 157. The argument was meritless because defendants have not completely or permanently corrected the constitutional violations that Mr. Feltz sought to remedy. *See, generally*, Dkt. 397 (Order on Summary Judgement); *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (for mootness, defendants must prove that (1) "there is no reasonable expectation that the alleged violation will recur," and (2) they have "completely and irrevocably eradicated the effects of the alleged violation").

Nonetheless, as insurance against defendants' arguments that Mr. Feltz's claims were moot or not representative, Plaintiffs moved to add Mr. Dennis as a named plaintiff on December 20, 2020. *See* Dkt. 226. At the time, Mr. Dennis was illegally detained under defendants' new practices. *Id*. Plaintiffs' motion to add Mr. Dennis was granted on February 26, 2021. Dkt. 256. The Court subsequently rejected defendants' mootness argument, citing, in part, allegations and evidence of unremedied constitutional violations and, in part, the addition of Mr. Dennis as a named plaintiff. Dkt. 306 at 24-25

Defendants' mootness argument is wrong, but if Mr. Dennis is no longer available to represent the class's interests, it is possible that defendants will re-assert the argument on appeal and seek to have the case dismissed on procedural grounds. Mr. Royston seeks to ensure that after nearly eight years of hard-fought litigation—and, at last, entry of a remedial order to address constitutional violations that Mr. Royston and other class members continue to face—the litigation continue to be litigated on its merits.

### III.    Mr. Royston's Request to Intervene Should Be Granted

Mr. Royston has a right to intervene under Rule 24(a), and the court has discretion to allow intervention under Rule 24(b). "Substitution of a new plaintiff to address the inadequacy of a class representative [is] a routine feature of class actions." *In re Brewer*, 863 F.3d 861, 876 (2017); *see also Johnson v. GEICO Cas. Co.*, 672 F. App'x 150, 157 (3d Cir. 2016) (intervention proper when substitute named plaintiffs are "part of the class and possess the same interest and suffer the same injury as the class members"). The Supreme Court has granted intervention even when the adequacy of existing parties is merely "questioned," in order "[t]o remove the matter from controversy." *Mullaney v. Anderson*, 342 U.S. 415, 416-17 (1952). And it has blessed intervention for such a purpose after final judgment has been entered. *Id.*

Mr. Royston's motion to intervene must be granted as a matter of right under Rule 24(a) because "(1) the application is timely; (2) the applicants claim an interest relating to the property or transaction which is the subject of the action; (3) the applicants' interest may as a practical matter be impaired or impeded; and (4) the applicants' interest is not adequately represented by existing parties." *Western Energy Alliance v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (internal quotation marks and alterations omitted); *see also* Fed. R. Civ. P. 24(a). In addition, intervention is appropriate as a matter of discretion under Rule 24(b) because the motion is

4

timely, and Mr. Royston's claims share common questions of law or fact with the pending action. *See* Fed. R. Civ. P. 24(b). The Tenth Circuit "has historically taken a 'liberal' approach to intervention and thus favors the granting of motions to intervene." *Zinke*, 877 F.3d at 1164.

"[I]n the context of a class action, the prospective intervenors' claims are presumed to be the same as those of the named plaintiff," and the "burden of showing that the existing party or parties may represent their interests inadequately is 'minimal' and may be met when there is a possibility that the named plaintiff's personal claim may be dismissed." *Bohne v. Closing of Tulsa L.L.C.*, No. 05-CV-197-TCK-SAJ, 2006 WL 965382, at *3 (N.D. Okla. Apr. 12, 2006) (quoting *San Juan Cnty. v. United States*, 420 F.3d 1197, 1211 (10th Cir. 2005). Because Mr. Royston is a class member in this action challenging the constitutionality of a system that has resulted in their jailing, their interest in its outcome is "direct, substantial, and legally protectable." *Coalition of Az./N.M. Cntys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840-41 (10th Cir. 1996). That defendants have challenged Mr. Feltz's claims for reasons unrelated to the merits of the class claims is sufficient for Mr. Royston to establish that their interests may not be adequately represented without their intervention. *See Bohne*, 2006 WL 965382, at *3.

The motion to intervene is also timely. It could not have been filed sooner. Until he was arrested on June 2, 2026—the date on which this motion is filed—and subjected to the pretrial detention system challenged in this case, Mr. Royston did not know of his interest in the litigation, and until he learned of Mr. Dennis's current circumstances, he did not know that his interests might not be adequately represented. Federal courts, including the Supreme Court have long "permitt[ed] post-judgment intervention for the purpose of appeal" in class actions and putative class actions." *United Airlines v. McDonald*, 432 U.S. 385, 395 (1977). In *McDonald*,

the Supreme Court held that the district court abused its discretion when denying a post-judgment Rule 24(b) intervention motion as untimely. "The critical inquiry . . . is whether in view of all the circumstances the intervenor acted promptly after the entry of final judgment." *Id*. at 395-96**.** Here, as in *McDonald,* the would-be intervenors filed "within the time period in which the named plaintiffs could have taken appeal," such that the "motion to intervene was timely filed and should [be] granted." *Id*. at 396.

Although any possible arguments against Mr. Feltz's fitness are meritless, the Court should grant Mr. Royston's motion to avoid any prospect that the case will be dismissed on procedural grounds. When a long-running complex class action lawsuit is dismissed for the named plaintiffs' inadequacy, "then another suit filed on [the same] claim by a newly qualified class representative would produce [a lawsuit] that would simply repeat the previous one," an outcome that "would yield no discernable benefit to anyone but would generate substantial loss in time for court, counsel, and parties." *Goldman v. Lukens Steel Co.*, 777 F.2d 113, 124 (3d Cir. 1985); *see also Mullaney*, 342 U.S. at 417 ("To dismiss the present petition and require the new plaintiffs to start over in the District Court would entail needless waste and runs counter to effective judicial administration.").

## IV.    Conclusion

Mr. Royston respectfully requests that the Court grant their motion to intervene and direct the Court Clerk to amend the caption to include them as named plaintiffs.

Dated: June 2, 2026

Respectfully Submitted,

    */s Hayley Horowitz*
Hayley Horowitz
STILL SHE RISES, INC.
608 E. 46th St. N.

6

Tulsa, OK 74126
Main: (918) 392-0867
Facsimile: (918) 471-2906
hayleyh@stillsherises.org
*Attorney for Plaintiffs*

**Certificate of Service**

I hereby certify that on the 2nd day of June, 2026, I caused a copy of the foregoing document to be served on all parties by the Electronic Case Filing System for the United States District Court for the Northern District of Oklahoma.

_/s Hayley Horowitz_
Hayley Horowitz
