**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

RICHARD FELTZ and ASHTON LEE
DENNIS, on behalf of themselves and all
others similarly situated,

    Plaintiffs,

v.

VIC REGALADO, *et al.,*

    Defendants.

**Case No. 18-cv-298-SPF-JFJ**

**DEFENDANT STATE JUDGES' RESPONSE TO ROYSTON'S MOTION TO
INTERVENE AND BRIEF IN SUPPORT**

Defendants, David Guten, in his official capacity as Presiding Judge of the Fourteenth

Judicial District, and Kasey Baldwin, Tammy Bruce, Janay Clougherty, Gary L Davis, II, Julie

Doss, Melissa East, Michael Esmond, Mary Ann Godsby, Travis Horton, Kevin Keller, Greg

Lavender, Deborrah Ludi Leitch, J. Anthony Miller, Charles Morrison, Wilma Palmer, Loretta

Radford, April Seibert, Rodney Sparkman, Shannon Taylor, and Tanya Wilson, all in their official

capacities as Special Judges for the Fourteenth Judicial District (collectively "Defendant State

Judges"), respond to and oppose Lamont Royston, Jr.'s ("Royston") Motion to Intervene and

separately filed brief [Docs. 469 & 470].

**INTRODUCTION**

On June 6, 2018, the original complaint in this matter was filed. [Doc. 2]. In that complaint,

there were four named plaintiffs and a putative class. [Doc. 2]. By November 2019, only Plaintiff

Feltz remained of the named plaintiffs in this matter, and no class had been certified.

On December 20, 2020, Plaintiff Dennis filed his motion to intervene in this matter and to

amend the complaint. [Doc. 225]. The brief in support of Dennis's motion was filed separately.

[Doc. 226]. Dennis included a proposed amended complaint with his motion. [Doc. 226-1]. This

1

proposed amended complaint sought to add new allegations which post-dated the original complaint; thus, intervention by Dennis substantively morphed the contours of the dispute at bar.

On March 3, 2021, Plaintiffs Feltz and Dennis filed the Second Amended Complaint and alleged that upon being booked into the jail and advised of the amount of bail based on the charges in the probable cause affidavit, no one asked if they could afford the bail amount on the preset schedule. [Doc. 259, p. 9]. On March 13, 2023, the Court certified a class and appointed Plaintiffs Feltz and Dennis as class representatives. [Doc. 357]. On April 3, 2024, the Court entered its Order on the various motions for summary judgment ("SJ Order") and addressed the claims of Plaintiffs Feltz and Dennis from the Second Amended Complaint. [Doc. 397]. In the SJ Order, the Court did not issue declaratory or injunctive relief and only addressed liability. [Doc. 397 at p. 75].

On May 12, 2026, the Court entered its Amended Final Order Granting Declaratory and Injunctive Relief ("Amended Final Order") bringing finality to this matter and merging all preceding orders into the Amended Final Order. [Doc. 464].

On June 2, 2026, Royston filed his Motion to Intervene. [Docs. 469 & 470]. Royston is complaining about the same conduct – i.e. he was told a bond amount from the preset bond schedule that he could not afford, and no one asked him if he could afford it. [Doc. 470-1]. However, the Court adjudicated this exact complaint in the summary judgment order for both named Plaintiffs who are the appointed class representatives in this matter. [Docs. 357, p. 15-18 & Doc. 397, p. 63-64]. The Court phrased Plaintiffs' argument as "the equal protection violation occurs *when the arrestee arrives at the jail* and is allowed to leave only if he has the money needed to meet the demands of Tulsa County's preset bond schedule, *regardless* of whether he is accorded a due process-compliant bail hearing 48 hours later." [Doc. 397, p 63-64] (emphasis in original).

However, the Court noted that "plaintiffs do not claim that bond schedules are inherently unconstitutional." [Doc. 397, p. 25].

In appointing Plaintiffs Feltz and Dennis as class representatives, this Court found that neither had conflicts of interest with the class, and both plaintiffs were adequate and typical. [Doc. 357 at p. 15-18]. These findings were made over Defendant State Judges' objections to both Plaintiffs Feltz's and Dennis's typicality and adequacy. [Doc. 357 at p. 15-18]. Royston presumably seeks to be treated like an appointed class representative even though the Court has no discretion to modify the class certification order at this time. *See* Fed. R. Civ. P. 23(c)(1)(C).

At the time of the filing of his motion, Royston had not had a bond hearing. Thus, his complaints are confined to the allegations of not being able to afford the preset bond schedule amount contained in the motion which remain the same as Plaintiff Feltz. There are no allegations regarding his hearing as it had not yet occurred when he sought intervention; thus, there is no allegation that he is in a position similar to Plaintiff Dennis. Rather, Royston's motion to intervene rests on an entirely hypothetical basis. Specifically, Royston states Plaintiff Feltz *might* in the future become an inadequate representative of the class to which he belongs such that he "seeks to ensure that . . . the litigation continue[s] to be litigated on its merits." [Doc. 470 at p. 4]. In the same breath, Royston admits Feltz "is fully capable of representing the class members' interests." [Doc. 470 at p. 3].

Finally, on June 11, 2026, Defendant State Judges and Defendant Sheriff Regalado filed timely Notices of Appeal in this matter. [Docs. 472 & 473].

In sum, Royston cannot step into the shoes of an appointed class representative through a motion to intervene at this stage for two primary reasons. First, this Court lacks jurisdiction to rule on the motion to intervene. Defendants' notice of appeal divests this Court of jurisdiction to hear

this matter and confers jurisdiction on the appellate court. Second, as a matter of procedure, Fed. R. Civ. P. 23(c)(1)(C) makes clear that any alteration or amendment to the order certifying a class must occur "before final judgment." Consequently, Royston must be found adequate by a separate order certifying the class. Otherwise, every class member could intervene and claim various errors in the judgment distinct from the class representative on appeal. Such a conclusion would render the requisites and process of Rule 23 meaningless. Further, Feltz has the fiduciary obligation to defend the class certification ruling which means Feltz also has an obligation to defend the rulings about subject matter jurisdiction. There is no evidence that Feltz does not have the responsibility to represent the class adequately on appeal or that Royston's interest is actually impeded as, by Royston's own admission, Feltz has the same counsel and goals as Royston.

## ARGUMENT AND AUTHORITY

**PROPOSITION I:   THIS COURT LACKS JURISDICTION TO RESOLVE MR. ROYSTON'S MOTION TO INTERVENE BECAUSE A NOTICE OF APPEAL HAS BEEN FILED.**

Importantly, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990) (quoting *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982) (per curiam)). This includes appeals from final judgments or decisions that fall under the collateral order exception. *Id.* (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Smith v. Phillips*, 881 F.2d 902, 904 n. 5 (10th Cir. 1989)); *Garcia v. Burlington Northern R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987). Upon the filing of a notice of appeal under Fed. R. App. P. Rules 3 and 4, the district court "is thus divested of jurisdiction" and "[a]ny subsequent action by it is null and void." *Garcia*, 818 F.2d at 721 (internal citations omitted). The district court retains jurisdiction

4

only over "collateral matters *not* involved in the appeal." *Id.* (emphasis added) (citing *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1550-51 (11th Cir. 1986), *cert. denied*, 479 U.S. 883 (1986); *Akerly v. Red Barn Sys., Inc.*, 551 F.2d 539, 543 (3d Cir. 1977)).

The Court entered its Amended Final Order Granting Declaratory and Injunctive Relief on May 12, 2026. [Doc. 464]. Here, Royston filed a motion to intervene on June 2, 2026, after the entry of final judgment in this case. [Doc. 470]. Subsequently, Defendant State Judges timely filed their notice of appeal on June 11, 2026, on the date it was due. [Doc. 472]. Defendant State Judges' filing of the notice of appeal divested the district court of jurisdiction to resolve matters of merits, including whether intervention by Royston is appropriate in this case. Thus, this Court lacks jurisdiction to hear and resolve the motion, and it must be denied.

The district court's lack of jurisdiction in this matter, despite the odd posture in which the parties find themselves, is supported by the plain words of the Federal Rules of Civil Procedure. To make a determination on the merits of Royston's request to intervene would inevitably require this Court to amend its class certification orders which Fed. R. Civ. P. 23(c)(1)(C) prohibits: "An order that grants or denies class certification may be altered or amended *before* final judgment." (emphasis added). Consequently, as final judgment has already been entered in this matter and the Defendant State Judges' have properly appealed this matter, the district court must deny Royston's motion because it lacks jurisdiction.

**PROPOSITION II:**     **ROYSTON HAS NOT SATISFIED THE CRITERIA FOR INTERVENTION.**

Even if this Court did have jurisdiction to hear this matter, Royston fails to show how he is entitled to mandatory or permissive intervention. Pertinently, Royston seeks to intervene under

both Fed. R. Civ. P. 24(a) and 24(b).[1] [Doc. 470, p. 4]. Rule 24(a) provides for mandatory intervention; Rule 24(b)(1)(B) lays out the criteria for permissive intervention. Rule 24(c) requires any motion to intervene under (a) or (b) to "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24.

**A. Royston's motion does not comply with the notice and pleading requirement of Federal Rule of Civil Procedure 24(c).**

"The purpose of [Rule 24(c)] . . . is to enable the court to determine whether the [movant] has the right to intervene, and, if not, whether permissive intervention should be granted." *Taylor v. Juma*, No. CIV-23-132-D, 2025 WL 823923, *3 (W.D. Okla. March 13, 2025) (quoting *Miami Cnty. Nat'l Bank of Paola, Kan. v. Bancroft*, 121 F.2d 921, 926 (10th Cir. 1941) (affirming the denial of intervention where no pleading was filed with the motion, as required by Rule 24(c))). Here, although Royston filed a brief in support of his motion, the motion does not include "a pleading that sets out the claim or defense for which intervention is sought." On this procedural basis alone, the Court would be within its discretion to deny the motion to intervene because it was not accompanied with the requisite proposed pleading. *Taylor*, 2025 WL 823923, *3 (citation omitted). Defendant State Judges ask that this Court deny Royston's motion.

**B. Royston has not met his burden for mandatory intervention.**

Upon the filing of a timely motion,[2] a court must permit a non-party to intervene as a matter of right if: (1) the non-party "claims an interest relating to the property or transaction that is the subject of the action," (2) the non-party "is so situated that disposing of the action may as a

---

[1] Defendant State Judges assume Royston seeks to intervene under Fed. R. Civ. P. 24(a)(2) as no federal statute is cited by Royston as the basis for his request to intervene such that Fed. R. Civ. P. 24(a)(1) does not apply here.

[2] Defendant State Judges still assert that this Court lacks jurisdiction to make any ruling on Royston's motion based on the filing of the notice of appeal on June 11, 2026. *See* Proposition I, *supra*.

practical matter impair or impede the movant's ability to protect its interest," and (3) the existing parties do not "adequately represent that interest." Fed. R. Civ. P. 24(a); *see also Western Energy Alliance v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (discussing Rule 24(a)). Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as a matter of right. *N.A.A.C.P. v. New York*, 413 U.S. 345, 369 (1973); *Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1126 (10th Cir. 2019). The movant bears the burden of establishing his or her right to intervene. *Id.*

The Tenth Circuit does not interpret Rule 24(a) as imposing "rigid, technical requirements," but instead reads it as capturing the practical circumstances that justify intervention. *San Juan Cty. v. United States*, 503 F.3d 1163, 1195 (10th Cir. 2007) (en banc). However, when the applicant and an existing party share an identical legal objective, the Tenth Circuit presumes that the party's representation is adequate. *Tri-State Generation & Transmission Ass'n, Inc. v. N.M. Pub. Regulation Comm'n*, 787 F.3d 1068, 1072-73 (10th Cir. 2015).

In this case, Royston admits Feltz is adequate; however, in the next breath, Royston hypothesizes Feltz might **become** inadequate such that Royston should be allowed to intervene for purposes of litigating the appeal on the merits. [Doc. 470, p. 3-4] ("[I]t is possible that defendants will re-assert the argument [of mootness based on Defendants' implemented changes to their pretrial detention practices] on appeal and seek to have the case dismissed on procedural grounds. Mr. Royston seeks to ensure that after nearly eight years of hard-fought litigation—and, at last, entry of a remedial order to address constitutional violations that Mr. Royston and other class members continue to face—the litigation continue to be litigated on its merits.").

Royston has not overcome the presumption that Feltz is adequate as Royston admits Feltz is an adequate class representative who shares the same legal goals. Therefore, mandatory

intervention must be denied because the entirely hypothetical basis of the request does not suffice to overcome the admitted and current adequacy of Plaintiff Feltz to represent the class members.

### C. Royston has not met the burden for permissive intervention.

Permissive intervention is "a matter within the sound discretion of the district court." *Arney v. Finney*, 967 F.2d 418, 421 (10th Cir. 1992) (quotations omitted). Rule 24(b)(1)(B) provides that upon a "timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). In addition to the considerations of Rule 24(b)(3), "a court's finding that existing parties adequately protect prospective intervenors' interests will support denial of permissive intervention." *City of Stilwell v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996).

Intervention at this time in this case will unduly delay matters as it would require the Court to vacate and alter the final judgment, then vacate and amend the class certification order. Fed. R. Civ. P. 24(c). This would effectively lead to a reset of the litigation in this matter as,  if Royston is allowed to intervene at the district court level, the parties would have to restart and re-litigate the class certification process all over again to ensure the class action requirements of Rule 23 are met.

Furthermore, the Tenth Circuit has affirmed the denial of intervention by class members who attempted to raise issues unique to the class members post-judgment by finding that intervention would unduly delay the matter. *See DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 942-46 (10th Cir. 2005) (class members sought intervention to challenge adequacy of notice to class members of settlement and fairness hearing post-judgment

but the denial of intervention was affirmed by Tenth Circuit). Additionally, Royston admits that

Feltz is an adequate representative in this matter. For these two reasons, Royston has not met his

burden for permissive intervention. The Court should deny the motion on these bases.

**D. The cases relied upon by Royston do not support intervention.**

Royston cites the following cases in support of his request for both mandatory and

permissive intervention: *In re Brewer*, 863 F.3d 861 (D.C. Cir. 2017) (intervenors sought

intervention on petition for interlocutory review of denial of class certification order where named

plaintiff voluntary dismissed his individual claims while petition was pending and sought to

abandon appeal); *Johnson v. GEICO Cas. Co.*, 672 F. App'x 150 (3d Cir. 2016) (appellate court

affirmed denial of motion to intervene as intervenors were not class members and affirmed

decertification of the class as predominance requirement was no longer satisfied); *Mullaney v.

Anderson*, 342 U.S. 415 (1952) (two union members were added as plaintiffs as they were the real

parties in interest to matter after standing of the original plaintiff union to prosecute matter was

raised before the Supreme Court); *Western Energy Alliance v. Zinke*, 877 F.3d 1157 (10th Cir.

2017)(this case did not involve a class action but a motion to intervene by a conservation group as

a defendant to defend the public's interest as the Bureau of Land Management could not adequately

represent the group's interest); *Bohne v. Closing of Tulsa L.L.C.*, No. 05-CV-197-TCK-SAJ, 2006

WL 965382 (N.D. Okla. Apr. 12, 2006) (pre-class certification motion to intervene was timely as

named plaintiff might not be adequate representative due to his signing of a release); *Coalition of

Az./N.M. Cntys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837 (10th Cir. 1996) (this

case involved no class allegations and no final judgment when the plaintiff-intervenor filed his

motion such that they facts are not similar to this matter); *United Airlines v. McDonald*, 432 U.S.

385, 395 (1977) (district court erred by not allowing post-judgment intervention of putative class

9

members to appeal denial of class certification once they learned named plaintiff would not be appealing certification decision); *Goodman v. Lukens Steel Co.*, 777 F.2d 113, 124 (3d Cir. 1985) (Third Circuit actually held "on this record no named plaintiff could adequately represent the class in this claim of racial determination in initial work assignments. On remand, the district court may consider the intervention and appointment of appropriate class representative as well as possible reinstatement of the original findings.").

None of these cases support Royston's request for intervention. The cases either (1) do not involve allegations of class certification issues; (2) involve denials of class certification at the district court; or (3) involve reversal of class certification on appeal due to the class representative not having viable claim. Plaintiffs' counsel, through their motion to intervene on behalf of Royston, attempt to improperly preempt the latter. However, intervention did not occur on appeal in the last situation, *Goodman*, such that Royston has not met the burden for intervention under the circumstances presented.

## CONCLUSION

For the reasons stated above, Defendant State Judges request the Court deny Royston's Motion to Intervene.

RESPECTFULLY SUBMITTED,

/s/Jacy Sullivan
**ERIN M. MOORE, OBA#20787**
**JACY SULLIVAN, OBA#33858**
*Assistant Attorneys General*
OKLAHOMA ATTORNEY GENERAL'S OFFICE
313 NE 21st Street
Oklahoma City, OK 73105
T: (405) 521-3921 | F: (405) 521-4518
erin.moore@oag.ok.gov
jacy.sullivan@oag.ok.gov
*Attorneys for Defendant State Judges*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel who are ECF registrants.

/s/ Jacy Sullivan