**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RICHARD FELTZ and ASHTON LEE DENNIS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VIC REGALADO, *et al.,*<br><br>Defendants. | **Case No. 18-cv-298-SPF-JFJ** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF LAMONT ROYSTON
JR.'S MOTION TO INTERVENE AND IN RESPONSE TO SHERIFF VIC
REGALADO'S BRIEF IN OPPOSITION**

Defendant Sheriff Vic Regalado opposes Lamont Royston Jr.'s Motion to Intervene, Dkt. No. 469, 470, but he does not present any argument against it. *See generally* Sheriff Opp. Br., Dkt. No. 485. At first glance, the Sheriff's brief seems to present a factual dispute over whether Mr. Royston is a class member, but on closer inspection, the Sheriff merely takes issue with Mr. Royston's description of preset, unaffordable money bond as effecting detention. When the Sheriff accuses Mr. Royston of "misrepresent[ing]" that he was "detained on a $20,000 bond," the dispute is one of characterization, not facts. Sheriff Opp. Br., Dkt. No. 485, at 2. There is no question that Mr. Royston was assigned a $20,000 preset bond on being booked into the Tulsa County Jail, that he would have been released if able to pay, that he remained jailed because he could not, and that he was detained with that bond assigned when he moved to intervene. *See* Royston Aff., Dkt. No. 470-1, ¶¶ 6-9. As keeper of the jail, the Sheriff possesses all official records pertaining to the terms of Mr. Royston's detention, but he presents no evidence to counter Mr. Royston's affidavit setting forth these facts.

The records available to Mr. Royston confirm his testimony about his preset bond. The "Daily Callout" sheet, listing everyone who appeared for the bond docket on June 3, 2026, the day after Mr. Royston's arrest, shows that Mr. Royston's assigned bail amount before his bond docket appearance was $20,000: $10,000 for allegedly possessing a firearm after a felony conviction, plus an additional $10,000 for allegedly removing or altering a firearm serial number. Ex. 1. The Tulsa County bond schedule confirms that the preset bond amounts for each of these two arrest charges is $10,000. *See* Ex. 2 at 20 ("POSS FIREARM AFCF" and "POSS FIREARM W/SERIAL # REMOVED COMM FELONY"). The transcript from Mr. Royston's bond docket hearing also confirms his $20,000 preset bond. *See* Ex. 3 at 4:1-5 ("I am setting or leaving the bond at the preset for that 10,000. I did not find probable cause for removing or altering a firearm which had another $10,000 bond. That's been taken off.").

At Mr. Royston's June 3, 2026, detention hearing, on the day after he moved to intervene, the judge found no probable cause for the serial number charge and imposed a $10,000 bond, equivalent to the preset amount for the possession charge. *See id.* The judge did not make any inquiry into Mr. Royston's ability to pay or the supposed need for his detention. *See id.* Mr. Royston was released from jail after the non-profit Bail Project posted his $10,000 bond on June 5, 2026. *See* Ex. 4. When the state finally filed its case against Mr. Royston six days after his arrest, he was not charged with any firearms offenses. *See* Ex. 5 at 2 (showing single count filed on June 8, 2026 for obstructing an officer). He was charged only with obstructing an officer, *id.*, which would have netted him a $500 bond under the preset schedule if he had been booked into jail under that offense, *see* Ex. 2 at 17 ("OBSTRUCT/INTERFERE W/POLICE OFFICER").

In any event, there is no factual question that, when Mr. Royston moved to intervene on June 2, 2026, he was detained in the Tulsa County jail and had been assigned a $20,000 bond

under the preset bond schedule. The Sheriff's dispute, then, seems to be with Mr. Royston's characterization of his situation as being detained *on that bond*, rather than the Sheriff's preferred description of Mr. Royston as being detained on probable cause with an assigned $20,000 bond that would have allowed his release if he could afford to pay, but left him jailed because he could not. In any event, the Sheriff's distaste for Mr. Royston's choice of words does not suggest any material dispute over whether Mr. Royston moved to intervene as a typical class member, and it presents no arguments against intervention. The court should issue an indicative ruling under Fed. R. Civ. P. 62.1, stating that it will grant Mr. Royston's Motion to Intervene if the court of appeals remands the case for that purpose.

Dated: July 7, 2026

<div style="margin-left:50%">

Respectfully Submitted,

  */s Hayley Horowitz*
Hayley Horowitz
STILL SHE RISES, INC.
608 E. 46th St. N.
Tulsa, OK 74126
Main: (918) 392-0867
Facsimile: (918) 471-2906
hayleyh@stillsherises.org
*Attorney for Plaintiffs*

</div>

**Certificate of Service**

I hereby certify that on the 7th day of July, 2026, I caused a copy of the foregoing document to be served on all parties by the Electronic Case Filing System for the United States District Court for the Northern District of Oklahoma.

        */s Hayley Horowitz*
        Hayley Horowitz